**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Mark Macris,<br><br>                    Plaintiff,<br><br>          v.<br><br>Experian Information Solutions, Inc. and<br>Specialized Loan Servicing LLC,<br><br>                    Defendants. | Case No. 17-cv-00361-WMS<br><br>ECF Case |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and in answer to the Complaint of Plaintiff Mark Macris ("Plaintiff"), states as follows:

### PRELIMINARY STATEMENT

Response to Paragraph 1.  Experian denies the allegations in Paragraph 1 of the Complaint, except Experian admits that Plaintiff has alleged damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. L. § 380 *et seq.* ("NY FCRA").  To the extent that Paragraph 1 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Response to Paragraph 2.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies those allegations.

1

Response to Paragraph 3.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 4.  Experian denies the allegations in Paragraph 4 of the Complaint.

Response to Paragraph 5.  Experian denies the allegations in Paragraph 5 of the Complaint.

Response to Paragraph 6.  Experian denies the allegations in Paragraph 6 of the Complaint.  To the extent that Paragraph 6 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Response to Paragraph 7.  Experian denies the allegations in Paragraph 7 of the Complaint.  To the extent that Paragraph 7 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Response to Paragraph 8.  Experian denies the allegations in Paragraph 8 of the Complaint.  To the extent that Paragraph 8 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Response to Paragraph 9.  Experian denies the allegations in Paragraph 9 of the Complaint, except Experian admits that Plaintiff has alleged damages under to 15 U.S.C. § 1692. To the extent that Paragraph 9 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations

## JURISDICTION AND VENUE

Response to Paragraph 10.  Paragraph 10 contains legal conclusions which are not subject to admission or denial.  To the extent a response is required, Experian denies the allegations in Paragraph 10 of the Complaint, except Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

Response to Paragraph 11.  Paragraph 11 contains legal conclusions which are not subject to admission or denial.  To the extent a response is required, Experian denies the allegations in Paragraph 11 of the Complaint.  Experian further states that the Complaint does not allege any claims under state law.

Response to Paragraph 12.  Paragraph 12 contains legal conclusions which are not subject to admission or denial.  To the extent a response is required, Experian denies the allegations in Paragraph 10 of the Complaint, except Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

Response to Paragraph 13.  Paragraph 13 contains legal conclusions which are not subject to admission or denial.  To the extent a response is required, Experian admits that Plaintiff has alleged venue is proper in the United States District Court for the Western District of New York pursuant to 15 U.S.C. § 1681p and U.S.C. § 1391(b).

## PARTIES

Response to Paragraph 14.  Experian admits, upon information and belief, that Plaintiff is a natural person residing in Amherst, New York.

Response to Paragraph 15.  Experian admits, upon information and belief, that Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(c) and 1692a(3).

Response to Paragraph 16.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 17.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 18.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 19.  Experian denies the allegations in Paragraph 19 of the Complaint, except Experian admits that it is an Ohio corporation and that it is qualified to do business and does conduct business in the State of New York.

Response to Paragraph 20.  Experian denies the allegations in Paragraph 20 of the Complaint, except Experian admits that it is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

Response to Paragraph 21.  Paragraph 21 contains legal conclusions which are not subject to denial or admission.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 22.  Paragraph 22 contains characterizations of the Complaint to which no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies those allegations.

## FACTUAL ALLEGATIONS

Response to Paragraph 23.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 24.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 25.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 26.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 27.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 28.  Experian denies the allegations in Paragraph 28 of the Complaint, except Experian admits that it received correspondence from Plaintiff regarding Specialized Loan Servicing LLC account 100870xxxx.

Response to Paragraph 29.  Paragraph 29 contains characterizations of the Complaint to which no response from Experian should be required.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 30.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 31.  Paragraph 31 contains legal conclusions which are not subject to admission or denial.  To the extent a response is required, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 32.  Experian states that Paragraph 32 of the Complaint is vague as to what is being alleged.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

Response to Paragraph 33.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 34.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 35.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 36.  Experian denies the allegations in Paragraph 36 of the Complaint, except Experian admits that in July 2016 it sent the results of its reinvestigation to Plaintiff.  To the extent that Paragraph 36 refers to a writing, Experian refers to that writing for a true and complete portrayal of its contents.

6

Response to Paragraph 37.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 38.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and, on that basis, denies those allegations.

Response to Paragraph 39.  Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and, on that basis, denies those allegations.

## FIRST CAUSE OF ACTION

Response to Paragraph 40.  Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 39 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

Response to Paragraph 41.  Experian denies the allegations in Paragraph 41 of the Complaint.  To the extent that Paragraph 41 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Response to Paragraph 42.  Experian denies the allegations in Paragraph 42 of the Complaint.  To the extent that Paragraph 42 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Response to Paragraph 43.  Experian denies the allegations in Paragraph 43 of the Complaint.  To the extent that Paragraph 43 refers to entities other than Experian, Experian lacks

knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## SECOND CAUSE OF ACTION

Response to Paragraph 44.  Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 43 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

Response to Paragraph 45.  Experian denies the allegations in Paragraph 45 of the Complaint, except Experian admits that it shared a "consumer report" regarding Plaintiff, as defined in New York General Business Law § 380-a(c) and as permitted by applicable law.

Response to Paragraph 46.  Experian denies the allegations in Paragraph 46 of the Complaint.

Response to Paragraph 47.  Experian denies the allegations in Paragraph 47 of the Complaint.

Response to Paragraph 48.  Experian denies the allegations in Paragraph 48 of the Complaint.

Response to Paragraph 49.  Experian denies the allegations in Paragraph 49 of the Complaint.

## THIRD CAUSE OF ACTION

Response to Paragraph 50.  Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 49 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

Response to Paragraph 51.  Experian denies the allegations in Paragraph 51 of the Complaint, except Experian admits that it shared "consumer reports" regarding Plaintiff, as defined in 15 U.S.C. § 1681a(d) and as permitted by applicable law.

Response to Paragraph 52.  Experian denies the allegations in Paragraph 52 of the Complaint.

Response to Paragraph 53.  Experian denies the allegations in Paragraph 53 of the Complaint.

Response to Paragraph 54.  Experian denies the allegations in Paragraph 54 of the Complaint.

Response to Paragraph 55.  Experian denies the allegations in Paragraph 55 of the Complaint.

## FOURTH CAUSE OF ACTION

Response to Paragraph 56.  Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 55 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

Response to Paragraph 57.  Experian denies the allegations in Paragraph 57 of the Complaint.

Response to Paragraph 58.  Experian denies the allegations in Paragraph 58 of the Complaint.

## FIFTH CAUSE OF ACTION

Response to Paragraph 59.  Experian incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1 to 58 of the Complaint.  To the extent not already answered, Experian denies all allegations therein.

Response to Paragraph 60.  Experian denies the allegations in Paragraph 60 of the Complaint.  To the extent that Paragraph 60 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

Response to Paragraph 61.  Experian denies the allegations in Paragraph 61 of the Complaint.  To the extent that Paragraph 61 refers to entities other than Experian, Experian lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies those allegations.

## JURY DEMAND

In response to the Jury Demand on page 7 of the Complaint, Experian admits that Plaintiff has demanded a jury trial in this action.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE

All of Plaintiff's claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his alleged damages, the existence of which Experian continues to deny.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein are barred by laches.

### SEVENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the statute of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Any alleged damages sustained by Plaintiff were not caused by Experian, but by an independent intervening cause.

### TWELFTH AFFIRMATIVE DEFENSE

Any claims for exemplary or punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     For costs of suit and attorneys' fees herein incurred; and

(3)     For such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        June 23, 2017

Respectfully submitted,

/s/ *Diana L. Calla*
Diana L. Calla
R. Harrison Golden
JONES DAY
250 Vesey Street
New York, New York 10281-1047
Telephone:  (212) 326-3960
Email:     dcalla@jonesday.com
           hgolden@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc*

## <u>CERTIFICATE OF SERVICE</u>

I, Diana L. Calla, hereby certify that on June 23, 2017, I caused the foregoing

EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE

DEFENSES, to be filed with the Clerk of Court and served upon all counsel of record via the

CM/ECF system.


_/s/ Diana L. Calla_____

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

.