# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
MARK K. MACRIS,                            :
                                           :
                Plaintiff,                 :    Case No.: 1:17-cv-00361 (WMS)
                                           :
        vs.                                :
                                           :
EXPERIAN INFORMATION SOLUTIONS, INC.       :
And SPECIALIZED LOAN SERVICING, LLC.       :
                                           :
                Defendants.                :
------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SLS'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P 56

 

**McGLINCHEY STAFFORD**
Brian S. McGrath
Roshene A. Kemp
112 West 34th Street, Suite 1515
New York, New York 10120
Tel: (646) 362-4000
E-mail: bmcgrath@mcglinchey.com
E-mail: rkemp@mcglinchey.com

*Counsel for Defendant Specialized Loan Servicing, LLC*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND..................................................................2

    A. The Parties......................................................................................................................2

    B. The Subject Debt: The Note and Mortgage ...................................................................2

    C. Plaintiff's Default under the Subject Debt and Failure to Cure .....................................3

    D. The New York State Foreclosure Action involving the Subject Debt............................4

    E. Plaintiff's Credit Reporting Dispute and Request to be Removed from the Note ..........4

    F. This Action .....................................................................................................................4

ARGUMENT .................................................................................................................................6

I. DEFENDANT SLS IS ENTITLED TO SUMMARY JUDGMENT IN THIS ACTION............6

    A. Legal Standard ...............................................................................................................6

II. PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM AGAINST SLS UNDER THE FAIR CREDIT REPORTING ACT IN HIS FIRST CAUSE OF ACTION...............................7

    A. SLS Did Not Furnish Inaccurate Information to the Credit Reporting Agencies...........8

    B. SLS Rightfully Reported Plaintiff's Delinquency Because he was never Released from Liability Under the Note and Mortgage ........................................................................9

    C. Plaintiff is Not Entitled to Damages .............................................................................11

III. PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT IN HIS FOURTH CAUSE OF ACTION............................12

    A. Plaintiff's Complaint Fails to Demonstrate SLS's Violation of Section 1692d ...........13

    B. Plaintiff's Complaint Fails to Demonstrate SLS's Violation of Sections 1692e and 1692f...............................................................................................................................14

    C. Plaintiff's Complaint Fails to Demonstrate SLS's Violation of Section 1692g ...........14

CONCLUSION.............................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**                                                          **Page(s)**

Addickes v. S.H. Kress and Co.,
    398 U.S. 144, 158–59 (1970) .................................................................................. 6

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242, 248, (1986) ....................................................................................... 6

Bryant v. Maffucci,
    923 F.2d 979, 982 (2d Cir. 1991) ......................................................................... 6, 7

Caltabiano v. BSB Bank & Trust Co.,
    387 F. Supp. 2d. 135, 141 (E.D.N.Y. 2005) ........................................................ 11

Comunale v. Home Depot, USA, Inc.,
    2018 WL 4299986 *7 (W.D.N.Y, September 10, 2018) ........................................ 8

Easterling v. Collecto, Inc.,
    692 F.3d 229, 234 (2d Cir. 2012) .......................................................................... 13

Feldman v. Sanders Legal Grp.,
    914 F.Supp.2d 595, 599 (S.D.N.Y. 2012) ............................................................ 13

Johnson v. Capital Mgmt. Servs.,
    2011 WL 6012509, at *6 (W.D.N.Y. Dec. 1, 2011) ............................................. 14

Kropelnicki v. Siegel,
    290 F.3d 118, 127 (2d Cir. 2002) .......................................................................... 12

Kulak v. City of New York,
    88 F.3d 63 (2d Cir. 1996) ........................................................................................ 7

Longman v. Wachovia Bank, N.A.,
    702 F.3d 148, 150–51 (2d Cir. 2012) ..................................................................... 7

Pipiles v. Credit Bureau of Lockport, Inc.,
    886 F.2d 22, 24 (2d Cir. 1989) .............................................................................. 14

Schuh v. Druckman & Sinel, L.L.P.,
    751 F.Supp.2d 542, 548 (S.D.N.Y. 2010) ............................................................ 13

**Statutes**

15 U.S.C. § 1681(b) ............................................................................................................. 7, 8

15 U.S.C. § 1681s(2) ........................................................................................................... 7, 8

15 U.S.C. § 1692 ....................................................................................................... 12, 13, 15

Fed.R.Civ.P 56 ................................................................................................................ 1, 6, 15

Fed.R.Civ.P 7.1 ......................................................................................................................... 5

Fed.R.Civ.P. 26(a)(1) ............................................................................................................... 5

Defendant Specialized Loan Servicing, LLC (hereinafter, "SLS"), by its attorneys McGlinchey Stafford, respectfully submits this memorandum of law in support of its motion for summary judgment pursuant to Fed.R.Civ.P. 56(a) and for the reasons set forth below, respectfully requests that this Court issue an order granting summary judgment in favor of SLS and dismissing the Complaint dated April 28, 2017 of plaintiff Mark K. Macris ("Plaintiff"), with prejudice.

## PRELIMINARY STATEMENT

This action relates to SLS's proper attempt to collect on a valid debt that Plaintiff remains liable for. Despite Plaintiff's unsupported assertions in the Complaint, SLS has never released Plaintiff from obligation under the subject debt. After extensive discovery, Plaintiff has failed to submit any evidence to prove otherwise. As such, this action is patently frivolous.

The credit reporting in dispute relates to debt stemming from a note and residential mortgage which Plaintiff admits to executing and admits to defaulting on in 2009. The subject debt was never cured by Plaintiff. The gravamen of Plaintiff's Complaint is that SLS released him from liability under the subject debt. Discovery has shown that this is false as there are no documents demonstrating that SLS was a party to any agreement releasing Plaintiff from obligation to the subject debt. Instead, SLS has consistently and repeatedly informed Plaintiff that he remains personally liable on the debt. As such, there is no issue of fact as to whether SLS accurately reported the subject debt to the credit reporting agencies and Plaintiff's Complaint thus fails to state a claim pursuant to the Fair Credit Reporting Act. Plaintiff's Complaint also fails to provide evidence or documents concerning abusive debt collection practices by SLS to sustain a Fair Debt Collection Practices Act claim.

Also lacking in this action are any sustainable allegations of injury as a result of SLS's

alleged conduct pursuant to the aforementioned Acts, to warrant an award of damages, costs or attorneys' fees.  Instead, the Complaint consists of conclusory allegations of injury that fail to meet the burden of proof required by the Acts.  It is clear that Plaintiff's Complaint is frivolous and merely stems from Plaintiff's dissatisfaction with a failed marriage that resulted in his personal default on a mortgage loan and negative, proper, credit reporting.  As such, there is no genuine issue of material fact and summary judgment is SLS's favor is warranted.

FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties

Plaintiff was a signatory and obligor of the Note and Mortgage which are the instruments that make up the mortgage debt that is the subject of Plaintiff's action. (Wallace Aff., ¶ 14).[1]

SLS is the mortgage loan servicer of Plaintiff's mortgage debt and attorney in fact for PROF-2013-S3 Legal Title Trust V, by U.S. Bank National Association, as Legal Title Trustee. (Wallace Aff., ¶¶ 1, 4, 12).

Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a consumer reporting agency as defined in section 1681(f) of the Fair Credit Reporting Act. (Compl. ¶ 19).

### B. The Subject Debt: The Note and Mortgage

Plaintiff along with Catherine M. Macris duly executed, acknowledged, and delivered a Note dated February 1, 2008, wherein it was agreed that they would repay Countrywide Bank, FSB (hereinafter "Countrywide") the sum of $193,472.00 (hereinafter, the "Note"). (Wallace Aff., ¶ 5; Ex. C.  The Note contains an indorsement in blank.  (See id.)  On that same date, Plaintiff along with Catherine M. Macris also duly executed, acknowledged, and delivered a

---

[1] True and correct copies of the Summons, Complaint ("Compl.") are attached collectively as **Exhibit 1** to the Declaration of Brian S. McGrath, dated October 31, 2018 (the "McGrath Declaration"), submitted herewith. The "Wallace Aff." refers to the Affidavit of Cynthia Wallace, sworn to October 24, 2018, submitted herewith.

Mortgage, in the amount of $193,472.00 (hereinafter, "Mortgage") against real property located at 403 Teakwood Terrace, Amherst, New York 14221 (hereinafter, "Property") in favor of Countrywide, as security for the Note. (Wallace Aff., ¶ 6, Ex. D). The Mortgage was duly recorded in the Erie County Clerk's Office on February 19, 2008. (See id.).

The Mortgage was transferred from MERS as nominee for Countrywide to Bank of America, N.A., Successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by an Assignment of Mortgage dated November 8, 2011 and recorded in the Erie County Clerk's Office on February 2, 2012. (Wallace Aff., ¶ 7, Ex. E). The Mortgage was transferred from BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP to the Secretary of Housing and Urban Development by an Assignment of Mortgage dated April 3, 2014 and recorded in the Erie County Clerk's Office on June 2, 2014. (Wallace Aff., ¶ 8, Ex. F). The Mortgage was transferred from the Secretary of Housing and Urban Development by PRMF Acquisition, LLC, its Attorney in Fact to U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I in an Assignment of Mortgage dated July 21, 2014 and recorded in the Erie County Clerk's Office on July 31, 2014. (Wallace Aff., ¶ 9, Ex. G). Thereafter, the Mortgage was transferred from U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I to U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee in an Assignment of Mortgage dated August 14, 2015 and recorded in the Erie County Clerk's Office on August 17, 2015. (Id.)

C. **Plaintiff's Default under the Subject Debt and Failure to Cure**

Plaintiff along with Catherine Macris defaulted in making the monthly mortgage payment due on October 1, 2009 and monthly thereafter. (Wallace Aff., ¶ 10, Ex. H).

D. **The New York State Foreclosure Action involving the Subject Debt**

Due to Plaintiff and Catherine M. Macris's default under their obligations pursuant to the Note and Mortgage, on March 16, 2015, a foreclosure action was commenced for foreclosure of the Property. (McGrath Declaration, ¶ 27, Ex. 19). Plaintiff was removed from the caption, but was never removed from liability under the subject debt. (*Id*.). A judgment was obtained and the Property was sold. (*Id*.). Thereafter, on November 30, 2017, the subject debt was sold to PROF-2013-S3 Legal Title V, U.S. Bank National Association, as Legal Title Trustee. (Wallace Aff., ¶ 12).

E. **Plaintiff's Credit Reporting Dispute and Request to be Removed from the Note**

On April 28, 2016, Plaintiff sent a letter to SLS, disputing that he was obligated under the Note and as a result requested to be removed from the Note. (Wallace Affidavit ¶ 14, Ex. L). Following an investigation, SLS sent a letter to Plaintiff, dated May 23, 2016, stating that Plaintiff remains obligated under the Note and that SLS correctly reported his account status to the credit reporting agencies. (Wallace Affidavit ¶ 15, Ex. M).

Further, in July 2016, Plaintiff sent a written dispute to Experian, alleging that the subject debt was being reported inaccurately on his credit report. (Wallace Affidavit ¶ 16). Said dispute was transmitted to SLS. (Id.). Following investigations by SLS, on July 27, 2016, SLS provided its response to Experian stating that the account was being accurately reported. (Id., Ex. N).

F. **This Action**

On April 28, 2017, Plaintiff commenced this action by filing with the United States District Court, Western District of New York, a Summons and Complaint ("This Action"). (McGrath Declaration ¶ 3, Ex. 1). This Action was referred to mediation by the Court. (McGrath Declaration ¶ 4). On May 24, 2017, this firm appeared as counsel for SLS and filed a

Notice of Appearance and also filed a Corporate Disclosure Statement pursuant to Fed.R.Civ.P 7.1. (McGrath Declaration ¶¶ 6-7, Exs. 3-4).

On May 26, 2017, Jones Day appeared as counsel for Defendant Experian by filing a Notice of Appearance along with a Corporate Disclosure Statement pursuant to Fed.R.Civ.P 7.1. (McGrath Declaration ¶ 8, Exs. 5-6). Thereafter pursuant to an extension, on June 23, 2017, Defendant Experian, through counsel, filed an Answer to Plaintiff's Complaint. (McGrath Declaration ¶ 9, Ex. 7). On June 26, 2017, pursuant to an extension, SLS, through counsel, filed an Answer to Plaintiff's Complaint. (McGrath Declaration ¶ 10, Ex. 8).

Pursuant to the Court's June 29, 2017 Order, on August 9, 2017, a scheduling conference was held where all parties appeared at the conference, with the exception of counsel for Defendant Experian who appeared telephonically with the Court's permission. (McGrath Declaration ¶¶ 11-12, Ex. 9). At the scheduling conference, the Court issued a Scheduling Order. (*Id.*, Ex. 10). Pursuant to the Scheduling Order, the parties served their respective Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1). (McGrath Declaration ¶¶ 13-15, Exs. 11-13).

A mediation was held on October 16, 2017 pursuant to the parties stipulation to select mediator Michael A. Brady, Esq. to serve as mediator for This Action. (McGrath Declaration ¶ 16, Ex. 14). Plaintiff and SLS were unable to settle This Action at the mediation. (*Id.* ¶ 17).

On November 10, 2017, SLS served its discovery demands on Plaintiff and pursuant to a an extension from SLS, Plaintiff served its discovery responses. (McGrath Declaration ¶ 18, Ex. 14). Plaintiff and SLS each served Notices of Deposition. (McGrath Declaration ¶¶ 19-20, Exs. 15-16). On April 25, 2018, Plaintiff's deposition was taken. (McGrath Declaration ¶ 21, Ex. 17). On August 14, 2018, SLS's deposition was taken through its employee. (McGrath Declaration ¶ 23, Ex. 18).

On August 20, 2018, a final pre-trial conference was held. (McGrath Declaration ¶ 24). A First Amended Scheduling Order was issued, which set the deadline for discovery and the filing of dispositive motions. (*Id*.). In compliance with the First Amended Scheduling Order, SLS produced audio recordings and documents to Plaintiff's counsel and no objections to the production was made by Plaintiff. (McGrath Declaration ¶ 25).

On August 21, 2018, a Stipulation of Dismissal, dismissing Defendant Experian from the action was filed. (McGrath Declaration ¶ 26).

## ARGUMENT[2]

### I. DEFENDANT SLS IS ENTITLED TO SUMMARY JUDGMENT IN THIS ACTION

#### A. Legal Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(C). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, (1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158–59 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

---

[2] Plaintiff's Second, Third and Fourth Affirmative Defenses were alleged against Defendant Experian only. Defendant Experian has settled the claims with Plaintiff. (McGrath Declaration ¶ 26).

Anderson, 477 U.S. at 249.

Once the movant has established a *prima facie* case demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts. See Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). Furthermore, "conclusory allegations by the party resisting the motion will not defeat summary judgment." See Kulak v. City of New York, 88 F.3d 63 (2d Cir. 1996). Here, there is no genuine issue of material fact because SLS can demonstrate that it has not violated the statutes alleged or engaged in the conduct alleged in Plaintiff's Complaint.

## II. PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM AGAINST SLS UNDER THE FAIR CREDIT REPORTING ACT IN HIS FIRST CAUSE OF ACTION

Plaintiff cannot sustain its claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(2). The Fair Credit Reporting Act regulates consumer credit reporting agencies to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information. 15 U.S.C. § 1681(b). "As part of this regulatory scheme, the FCRA imposes several duties on those who furnish information to consumer reporting agencies." Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150–51 (2d Cir. 2012) (citations omitted) ("The FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies"). Importantly, these obligations involve the duty to provide accurate information and to correct inaccurate information. See 15 U.S.C. § 1681s(2).

15 U.S.C. § 1681s–2(b) provides a private right of action with respect to duties imposed on a furnisher of information to credit reporting agencies, once the furnisher of information has received notice of a consumer's dispute. See 15 U.S.C. § 1681s–2(b). The first such duty is that

the furnisher of information to "conduct an investigation with respect to the disputed information. See 15 U.S.C. § 1681s–2(b)(1)(A). Under certain circumstances, an individual may bring a civil cause of action against any entity who "willfully fails to comply with any requirement imposed under" the FCRA and may recover actual or statutory damages, punitive damages, costs, and attorneys' fees. See Longman v. Wachovia Bank, N.A., 702 F.3d 148 at 151. (2d Cir. 2012). Importantly, "[a] claim is stated pursuant to that section ... only if plaintiff shows that: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in "willful or negligent noncompliance with the statute." Comunale v. Home Depot, USA, Inc., --F.Supp.3d--, 2018 WL 4299986 *7 (W.D.N.Y, September 10, 2018). Plaintiff cannot satisfy the elements of a claim.

### A. SLS Did Not Furnish Inaccurate Information to the Credit Reporting Agencies

Plaintiff's First Cause of Action in his Complaint alleges that SLS violated the FCRA by furnishing inaccurate information to a consumer reporting agency and by failing to conduct a thorough investigation and review of all relevant information after receiving notice of the disputed information. (Compl. ¶¶ 2-3; 41-42). Further, Plaintiff's Complaint alleges that as a result of SLS's failing to follow proper investigation requirements of disputed information, Plaintiff's credit rating and ability to obtain credit were adversely affected. (Id. ¶ 43). As a result, Plaintiff requests actual damages and well as reasonable attorneys' fees pursuant. (Id. ¶ 44). Plaintiff has failed to meet his burden of proof pursuant to 15 § U.S.C. 1681s(b)(1) that would entitle him to the requested relief.

As an initial matter, the default on the subject debt was never cured by the Plaintiff and Plaintiff remains personally liable on that debt. The subject debt stems from a Note and Mortgage that were executed by Plaintiff on February 1, 2008. (Wallace Affidavit ¶¶ 5-6, Exs.

C-D). Plaintiff failed to uphold his obligations under the Note and Mortgage by failing to make a single payment since October 1, 2009. (Wallace Affidavit ¶ 10, Ex. H). Said default was never cured by the Plaintiff. Plaintiff's default caused his loan to become delinquent and therefore, his account was reported as such to the credit reporting agencies. (Wallace Affidavit ¶¶ 10, 15, 16, Exs. M, N).

**B. SLS Rightfully Reported Plaintiff's Delinquency Because He Was Never Released From Liability Under The Note And Mortgage**

"Absent an assumption by the grantee and a release by the mortgagee to the mortgagor, the mortgagor remains liable for the debt when the property is conveyed." See Bergman 12.04(2). The facts of this case make it clear that Plaintiff is liable under the subject debt and as such, any delinquency was accurately reported to the credit reporting Agencies.

On April 28, 2016, Plaintiff sent a written dispute along with supporting documents to SLS, alleging that his account was being incorrectly reported to the credit reporting agencies. (Wallace Affidavit ¶ 14, Ex. L). Plaintiff solely relies on the Divorce Decree[3] and Order of Reference, wherein he was removed from the caption in the New York State Foreclosure Action to assert his illogical argument that he is absolved from liability under the subject debt and that all of Plaintiff's account information was inaccurately reported to the credit reporting agencies. (Id.). Following investigations, SLS sent a written response to Plaintiff, advising that the Order of Reference could not serve to release him from liability under the Note. (Wallace Affidavit ¶ 15, Ex. M). In addition, in July 2016, Plaintiff sent a written dispute to Experian, alleging that the subject debt was being reported inaccurately on his credit report. (Wallace Affidavit ¶ 16).

---

[3] In regards to the Property, the Divorce Decree, states in part that "the wife agrees that within six [months] from the full execution of this agreement, she shall secure the husband's and/or discharge from the mortgage obligation presently encumbering the former marital premises. Upon said refinance, the husband shall immediately convey his interest in the former marital premises to the wife and he shall execute a quit claim deed and other required transfer documents. If the wife fails to secure the husband's release or discharge from said mortgage obligation within this time period, she will cooperate in the sale of said property at the best available price and upon the best available terms." (Wallace Aff., Ex. L).

9

Said dispute was transmitted to SLS. (Id.). Following investigations by SLS, on July 27, 2016, SLS provided its response to Experian stating that the account was being accurately reported. (Id., Ex. N). It is clear that Plaintiff has failed to submit any evidence that SLS engaged in any willful or negligent noncompliance with the statute following receipt of Plaintiff's written dispute to Defendant Experian. What is clear is that SLS never released him from liability under the subject debt, specifically the Note and Mortgage. (See Compl., generally; Bergman 12.04(2)) ("Absent an assumption by the grantee and a release by the mortgagee to the mortgagor, the mortgagor remains liable for the debt when the property is conveyed").

Plaintiff's testimony demonstrates that he understood that neither SLS nor the loan originator released him from liability under the Note and Mortgage and as such, the allegations in his Complaint lack merit and should be dismissed. Specifically, Plaintiff testified:

> Q. Earlier we already covered under Exhibit B and C that you were obligated on the note and mortgage separately as well, correct?
> A. Correct.
>
> Q. So in your agreement with the lender, you had agreed to be obligated on the note and mortgage – the note that was secured by the mortgage on the property at 403 Teakwood Terrace?
> A. In 2008, yes.
>
> Q. Okay. Do you have any documents in 2009 when this divorce was entered between you and your ex-wife where the mortgage lender agreed to release you from the mortgage?
> A. No.
>
> Q. Do you have any written agreement from the mortgage lender releasing you from Exhibit B, note?
> A. I don't know. This is back in 2008.
>
> Q. Since 2008 until current, sitting here today, do you have any documents in your possession from the mortgage lender releasing you from your note obligations under Exhibit B?
> A. Yes, I have a document from the court.
>
> Q. Okay. Let me re-ask the questions and get the answer I'm looking for here. Do you

> have any agreements from the mortgage lender releasing you from Exhibit B?
> A.  Yes.
>
> Q.  What is the document?
> A.  I'm going to repeat myself.  That would be the court document.
>
> Q.  So we will go to the court documents.  So you're referring to a document from a Court?
> A.  Correct.
>
> Q.  Okay. You're not – you don't have any document from the bank itself releasing you –
> A.  Not from the actual bank.
> ……
> Q.  You have no documents directly from the lender or its loan servicer?
> A.  No.

(McGrath Declaration, Ex. 17, (Macris Tr. 50-51)).  Second, at the deposition, after being presented with a warranty deed with a lien covenant, Plaintiff testified "I don't see anywhere on this where I am relieved from the mortgage on this document.)  (Id., (Macris Tr. 53; 57-58)).  Third, Plaintiff further testified that there was no basis for the assertion in paragraph 34 of Complaint that he was removed from the mortgage and denied that he had a written agreement from SLS of any bank releasing him from the mortgage. (Id., (Macris Tr. 59)).  Fourth, Plaintiff also testified that he could not identify any section of the Order of Reference in the New York State Foreclosure Action that he was removed from the Mortgage.  (Id., (Macris Tr. 100-101)).  Lastly, Plaintiff was unable confirm that the Trust's attorney in the foreclosure action was able to convince SLS to remove him from the Note and Mortgage in addition to removing him as a defendant in the New York State Foreclosure Action.  (Id., (Macris Tr. 106.-108)).

### C. Plaintiff Is Not Entitled To Damages

To maintain a claim under the FCRA, Plaintiff bears the burden of demonstrating "actual damages sustained" as a result of the Defendant's activities." Caltabiano v. BSB Bank & Trust Co., 387 F. Supp. 2d. 135, 141 (E.D.N.Y. 2005) (held the testimony of plaintiff's mortgage

11

broker who stated that the interest rate was higher because of interest rate market fluctuation and not plaintiffs credit report was insufficient to support plaintiff's claim) (citations omitted). Furthermore, even if "the court finds that the Bank violated § 1681s-2(b), summary judgment is still appropriate if no reasonable factfinder could find that Plaintiff is entitled to damages under the FCRA." Id. (citations omitted).

Plaintiff is unable to sustain his claim for damages for any alleged violations by SLS pursuant to the Fair Credit Reporting Act. Plaintiff only sets forth bald conclusory allegations and bald testimony stating that he voiced his grievances about his interactions with SLS to his family members. Id., (Macris Tr. 132-133)). He also was unable to demonstrate that SLS's alleged inaccurate reporting of his account affected his ability to obtain credit, as alleged in his Complaint. (Id., (Macris Tr. 132-133)). Even though Plaintiff testified he suffered from fear and anxiety as a result of SLS's reporting of his account to the credit reporting agencies, Plaintiff could not confirm that he was ever diagnosed or treated for fear or anxiety. (Macris Tr. 140-141)). Because Plaintiff is unable to state a claim in his First Cause of action, dismissal is warranted and any request for damages denied. It is clear that Plaintiff is obligated under the Note and Mortgage and SLS accurately reported his account as delinquent to the credit reporting agencies.

### III. PLAINTIFF HAS FAILED TO ESTABLISH A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT IN HIS FOURTH CAUSE OF ACTION

Plaintiff cannot sustain its claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq.. "The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices." (Kropelnicki v. Siegel, 290 F.3d 118, 127 (2d Cir. 2002)). The FDCPA is a strict liability statute and a debt collector violates the Act by failing to provide the information it

12

requires. (Easterling v. Collecto, Inc., 692 F.3d 229, 234 (2d Cir. 2012) (citations omitted). A debt collector need not show intentional conduct by the debt collector to be entitled to damages. (Id.). To state a claim arising under the FDCPA: "(1) the plaintiff must be a consumer who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a "debt collector," and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." Schuh v. Druckman & Sinel, L.L.P., 751 F.Supp.2d 542, 548 (S.D.N.Y. 2010); see also Feldman v. Sanders Legal Grp., 914 F.Supp.2d 595, 599 (S.D.N.Y. 2012) ("[A] defendant can only be held liable for violating the FDCPA if he is a "debt collector"' within the meaning of the Act.").

### A. Plaintiff's Complaint Fails To Demonstrate SLS's Violation of Section 1692d

Plaintiff has failed to sustain a claim pursuant to Section 1692d of the Fair Debt Collections Practices Act. The FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including using "obscene or profane language." (15 U.S.C. § 1692d). Plaintiff's Complaint fails to allege any conduct that would rise to harassment, oppression or abuse as outline in the Act. (Id.). Instead, paragraphs 34-35 of Plaintiff's Complaint states one specific date that SLS contacted Plaintiff concerning the subject debt and then goes on to state that SLS continued to contact him even after he informed them that he had been removed from the deed and mortgage and has a court order which acknowledges such. (Compl. §§ 34-35). That was not true. (See supra., II, B). This conduct does not arise to any harassing or offensive conduct that the FDCPA is designed to protect. Further, SLS has demonstrated that it can rightfully collect on the subject debt because the Plaintiff was not released from liability under the debt. (Id.). Any implications otherwise by Plaintiff is merely false. (Id.).

13

**B. Plaintiff's Complaint Fails To Demonstrate SLS's Violation of Sections 1692e and 1692f**

"Section 1692e of the Fair Debt Collections Practices Act is violated when a debt collector uses "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 24 (2d Cir. 1989). Plaintiff has failed to state a claim under this section of the Act. Plaintiff's Complaint only alleges that SLS violates Sections 1692e; 1692(e)(2), 1692(e)(5), 1692(e)(8), 1692(e)(10), and 1692(f) "by continuously contacting Plaintiff in an attempt to collect a debt that Plaintiff does not owe." Such allegations are frivolous in nature because Plaintiff as failed to set any evidence of conduct of SLS that could found to be false, deceptive, or misleading as required by the Act. See supra. It is undisputed by Plaintiff's own testimony that he understood that by executing the subject Note and Mortgage that he was obligated to make payments pursuant to those instruments. (McGrath Declaration, Ex. 17 (Macris Tr., 20-22)). He did not submit evidence that the subject debt was paid in full and as such attempts that were made by SLS to collect on the subject unpaid debt were proper and in compliance with the Act. See Johnson v. Capital Mgmt. Servs., 2011 WL 6012509, at *6 (W.D.N.Y. Dec. 1, 2011) ("[I]t appears that Plaintiff merely seeks to air his dissatisfaction with CMS' efforts at collecting an allegedly invalid debt, which is not actionable in this proceeding"). It cannot be found that Plaintiff was unaware that he was obligated to this debt nor that SLS engaged in conduct that was deceptive or false in connection with collection of the valid subject debt that was never cured by Plaintiff.

**C. Plaintiff's Complaint Fails To Demonstrate SLS's Violation of Section 1692g**

FDCPA subsection 1692g(a)(1), provides: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the

14

consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt." 15 U.S.C. § 1692g(a)(1). Plaintiff's complaint fails to state a cause as he makes no argument specific to this claim. Further, he does not allege that there was an initial communication which would even trigger the five day clock in which SLS was required to send another communication. As such, this claim fails as a matter of law and should be dismissed.

## CONCLUSION

By reason of the foregoing, Defendant respectfully requests that the Court issue an order (i) granting Defendant SLS's motion for summary judgment pursuant to L.Rule Civ. P. 56 and Fed.R.Civ.P 56; and (ii) dismissing Plaintiff's Complaint filed on April 28, 2017.

Dated: New York, New York
      October 31, 2018

                                            **MCGLINCHEY STAFFORD**

                                        By: *s/ Brian S. McGrath*
                                              Brian S. McGrath, Esq.
                                              Roshene A. Kemp, Esq.
                                              112 West 34th Street, Suite 1515
                                              New York, New York 10120
                                              (646) 362-4000
                                              E-mail: bmcgrath@mcglinchey.com
                                              E-mail: rkemp@mcglinchey.com

                                              *Counsel for Defendant Specialized Loan Servicing, LLC*