UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
MARK K. MACRIS,                                        :
                                                       :
                        Plaintiff,                     :      Case No.: 1:17-cv-00361 (WMS)
                                                       :
        vs.                                            :
                                                       :
EXPERIAN INFORMATION SOLUTIONS, INC.                   :
And SPECIALIZED LOAN SERVICING, LLC.                   :
                                                       :
                        Defendants.                    :
---------------------------------------------------------------X

## DECLARATION OF BRIAN S. MCGRATH

Brian S. McGrath, an attorney duly licensed and admitted to practice in and before the Courts of the State of New York and admitted to practice before the United States District Court for the Western District of New York, declares the following to be true pursuant to 28 U.S.C. § 1746:

1.      I am an associate with the law firm of McGlinchey Stafford, attorneys for defendant Specialized Loan Servicing, LLC ("SLS"), in the above-captioned action. I am fully familiar with and have personal knowledge of the facts and circumstances set forth herein, based upon my review of the records in this action and conversations with SLS's representatives.

2.      This declaration is submitted in support of Defendant's motion for summary judgment pursuant to Fed.R.Civ. P. 56(a).

3.      On April 28, 2017, Plaintiff commenced this action by filing with the United States District Court, Western District of New York, a Summons and Complaint. True and correct copies of the Summons and Complaint are collectively annexed hereto as **Exhibit 1**.

4.      On or about May 1, 2017, the Court entered an Order which automatically referred this action to Mediation. See Docket, dated on 05/01/2017.

5. Pursuant to the "Affidavit of Service Through the Secretary of State" ("Affidavit of Service"), SLS was served with the Complaint on May 5, 2017. A true and correct copy of the Affidavit of Service is annexed hereto as **Exhibit 2**.

6. On May 24, 2017, this firm appeared in this action as counsel for SLS and filed a Notice of Appearance. A true and correct copy of the Notice of Appearance is annexed hereto as **Exhibit 3**.

7. On May 25, 2017, SLS, through counsel, filed its Corporate Disclosure Statement pursuant to Fed.R.Civ.P 7.1 (the "Corporate Disclosure Statement"). A true and correct copy of the Corporate Disclosure Statement is annexed hereto as **Exhibit 4**.

8. On May 26, 2017, Jones Day appeared in this action on behalf of defendant Experian Information Solutions, Inc. ("Defendant Experian") by filing a Notice of Appearance. A true and correct copy of the Notice of Appearance is annexed hereto as **Exhibit 5**. In addition, Defendant Experian, through counsel filed its Corporate Disclosure Statement pursuant to Fed.R.Civ.P 7.1 (the "Corporate Disclosure Statement"). A true and correct copy of the Corporate Disclosure Statement is annexed hereto as **Exhibit 6**.

9. Annexed hereto as **Exhibit 7** is a true and correct copy of Defendant Experian's Answer to Plaintiff's Complaint that was filed on June 23, 2017. Defendant Experian's Answer was timely filed pursuant to a Stipulation. See Docket Nos. 6, 8, 11-12.

10. Annexed hereto as **Exhibit 8** is a true and correct copy of SLS's Answer to Plaintiff's Complaint that was filed on June 26, 2017. SLS' Said Answer was timely filed pursuant to a Stipulation. See Docket Nos. 13-14.

11. Pursuant to the Court's June 29, 2017 Order, entered on June 29, 2017, pursuant to Fed.R.Civ.P. 16 and Local Rule of Civ. P. 16.1, a scheduling conference was scheduled for August 9, 2017 before the Honorable Leslie G. Foschio (the "June 29, 2017 Order"). Pursuant to the June

29, 2017 Order, the parties were required to submit a proposed discovery plan prior to the scheduling conference, among other things. The parties timely submitted a proposed scheduling conference. A true and correct copy of the June 29, 2017 Order is annexed hereto as **Exhibit 9**.

12. On August 9, 2017, the scheduling conference was held. All parties appeared at the conference, with the exception of counsel for Defendant Experian who appeared telephonically, with the Court's permission. Following the scheduling conference, the Court issued a Scheduling Order. A true and correct copy of the Scheduling Order is annexed hereto as **Exhibit 10**.

13. Annexed hereto as **Exhibit 11** is a true and correct copy of Plaintiff's Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) that was served on August 8, 2017.

14. Annexed hereto as **Exhibit 12** is a true and correct copy of Defendant Experian's Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) that was served on August 28, 2017.

15. Annexed hereto as **Exhibit 13** is a true and correct copy of SLS's Initial Disclosures pursuant to Fed.R.Civ.P. 26(a)(1) that was served on September 27, 2017.

16. The parties entered into a "Stipulation Selecting Mediator," selecting Michael A. Brady, Esq. to serve as Mediator for this action. A true and correct copy of the filed Stipulation Selecting Mediator is annexed hereto as **Exhibit 14**.

17. Pursuant to the Scheduling Order, a mediation was scheduled for October 16, 2017. The parties submitted their respective settlement statement prior to the conference. At the conference, it was determined that a settlement could not be reached between SLS and Plaintiff. On October 16, 2017, the Mediator filed a Mediation Certification. See Docket No. 25

18. On November 10, 2017, SLS served its discovery demands on Plaintiff's counsel. Pursuant to a Stipulation, on January 22, 2018, Plaintiff served its response.

19. On April 18, 2018, Plaintiff served its "Notice of Taking Deposition of Defendant's Designated Corporate Representative(s) pursuant to Fed.R.Civ.P. 30(b)(6) by Stenographer and or Videotape" along with demand for documents ("Plaintiff's Notice of Deposition"). A true and correct copy of Plaintiff's Notice of Deposition is annexed hereto as **Exhibit 15**. SLS served its objections to Plaintiff's Notice of Deposition and thereafter provided supplemental responses and documents upon Plaintiff's request.

20. On April 18, 2018, SLS served its Notice of Deposition on Plaintiff. A true and correct copy of the Notice of Deposition is annexed hereto as **Exhibit 16**.

21. On April 25, 2018, Plaintiff's deposition was taken. Annexed hereto as **Exhibit 17** is a true and correct copy of the deposition transcript.

22. On July 25, 2018, the Court granted the parties request to adjourn the final pre-trial conference until August 20, 2018. See Document No. 30.

23. On August 14, 2018, SLS's Fed.R.Civ.P. 30(b)(6) deposition was taken through its employee Loretta Poch. A true and correct copy of the deposition transcript is annexed hereto as **Exhibit 18**. Plaintiff and SLS stipulated that SLS would produce all audio recordings between Plaintiff and SLS to Plaintiff's counsel.

24. On August 20, 2018, the final pre-trial conference was held telephonically with counsels for Plaintiff and SLS with the Honorable Leslie G. Foschio. See Docket No. 32. A "First Amended Scheduling Order" was issued which set deadlines for completion of discovery and filing of dispositive motions. See Docket Number 33.

25. In compliance with the First Amended Scheduling Order, on September 24, 2018, SLS produced the audio recordings between SLS and Plaintiff and SLS and Catherine M. Macris along with documents detailing Plaintiff's account. Plaintiff has not objected to SLS's production.

26. On August 21, 2018, a Stipulation of Dismissal was filed, dismissing Defendant Experian from the action. See Docket No. 34.

**The New York State Foreclosure Action**

27. On March 26, 2015, an action was commenced to foreclose on the Mortgage Loan entitled, *U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I v. Mark K. Macris, Catherine M. Macris, et al.*, Index Number 803473/2015 in the Erie County Supreme Court (the "2015 Foreclosure Action"). True and correct copies of the Summons and Complaint are annexed hereto as **Exhibit 19**. The Plaintiff was removed from the caption but was not removed from liability under the mortgage debt. (See the Cynthia Wallace Affidavit, hereinafter the "Wallace Affidavit" ¶ 11). Accordingly, the caption was later amended and to change the Plaintiff's name and read as *U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee v. Catherine Macris*. The Plaintiff in the 2015 Foreclosure Action obtained a judgment of foreclosure and sale and the property was sold. (Wallace Affidavit ¶ 11-12).

Dated: October 31, 2018
       New York, NY

                                        MCGLINCHEY STAFFORD

                                        By: *s/ Brian S. McGrath*
                                            Brian S. McGrath
                                            Roshene A. Kemp
                                            112 West 34th Street, Suite 1515
                                            New York, New York
                                            Ph. (646) 362-4000
                                            Fax: (646) 439-8059
                                            *Counsel for Defendant Specialized Loan Servicing, LLC*