**EXHIBIT 8**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK K. MACRIS,

                              Plaintiffs,

    -against-

EXPERIAN INFORMATION SOLUTIONS, INC. and
SPECIALIZED LOAN SERVICING, LLC,

                              Defendants.
------------------------------------------------------------------X

Case No. 17-cv-00361-WMS

**ANSWER**

Defendant, SPECIALIZED LOAN SERVICING, LLC ("SLS") by and through its attorneys MCGLINCHEY STAFFORD, hereby answers the Complaint and Demand for Jury Trial (the "Complaint") of plaintiff MARK K. MACRIS ("Plaintiff"), as follows. To the extent an allegation is not specifically admitted, it is denied.

## PRELIMINARY STATEMENT

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required.

2. Defendant SLS denies the allegations asserted in Paragraph 2 of the Complaint.

3. Defendant SLS denies the allegations asserted in Paragraph 3 of the Complaint.

4. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Defendant SLS denies the allegations of Paragraph 7 of the Complaint that state "Defendant SLS negligently and willfully violated various provisions of the FCRA and Plaintiff is entitled to an award of actual damages, punitive damages, and attorney's fees and costs," and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the Paragraph.

8. Defendant SLS denies the allegations of Paragraph 8 of the Complaint that state "as a direct and proximate result of Defendant SLS's actions, conduct and omissions, he suffered actual damages including, but not limited to, damage to his ability to obtain credit, pecuniary loss due to his inability to obtain credit, damage to his reputation, emotional distress, aggravation, and frustration," and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the Paragraph.

9. Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

10. Defendant SLS admits that the Court has jurisdiction over this action as alleged in Paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12. Defendant SLS admits that the Court has jurisdiction over this action as alleged in Paragraph 12 of the Complaint.

13. Defendant SLS admits that the venue is proper as alleged in Paragraph 13 of the Complaint.

## PARTIES

14. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which no response is required.

16. Defendant SLS admits the allegations in Paragraph 16 of the Complaint that SLS is a foreign limited liability company organized and existing under the laws of the state of Delaware and is authorized to do business in the state of New York.

17. Paragraph 17 of the Complaint states a legal conclusion to which no response is required.

18. Paragraph 18 of the Complaint states a legal conclusion to which no response is required.

19. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 19 of the Complaint.

20. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 20 of the Complaint.

21. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 21 of the Complaint.

22. No response is required to Paragraph 22 of the Complaint as it states the definition of a term used in the Complaint.

## FACTUAL ALLEGATIONS

23. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 23 of the Complaint.

24. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 24 of the Complaint.

25. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 25 of the Complaint.

26. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 26 of the Complaint.

27. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27 of the Complaint.

28. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 28 of the Complaint.

29. No response is required to Paragraph 29 of the Complaint as it states the definition of a term used in the Complaint.

30. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required.

32. Defendant SLS admits the allegations in Paragraph 32 of the Complaint that, according to the note, Plaintiff would be in default if he did not pay the full amount of each monthly payment on the date it was due.

33. Defendant SLS asserts that it is the servicer of Plaintiff's mortgage loan, but denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the remainder of Paragraph 33 of the Complaint.

34. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 34 of the Complaint.

35. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 35 of the Complaint.

36. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 36 of the Complaint.

37. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint as to the date that Plaintiff had a conversation with SLS but admits to the remainder of the allegations contained in the paragraph.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint that Plaintiff had a conversation with SLS representative Linda but admits to the remainder of the allegations contained in the paragraph.

### AS AND FOR THIS DEFENDANT'S RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION

### VIOLATION OF 15 U.S.C. § 1681s(2)

40. Defendant SLS incorporates by reference each of the responses asserted in paragraphs 1-39, as if set forth again in full.

41. Portions of Paragraph 41 of the Complaint state a legal conclusion to which no response is required, but Defendant SLS denies any allegations asserted in the remainder of the paragraph.

5

42. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 42 of the Complaint.

43. Defendant SLS denies the allegations asserted in Paragraph 43 of the Complaint.

## AS AND FOR THIS DEFENDANT'S RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

### VIOLATION OF NYFCRA § 380-j(e)

44. Defendant SLS incorporates by reference each of the responses asserted in paragraphs 1-43, as if set forth again in full.

45. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 45 of the Complaint.

46. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 46 of the Complaint.

47. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 47 of the Complaint.

48. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 48 of the Complaint.

49. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 49 of the Complaint.

## AS AND FOR THIS DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION

### VIOLATION OF FCRA § 1681

50. Defendant SLS incorporates by reference each of the responses asserted in paragraphs 1-49, as if set forth again in full.

51. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 51 of the Complaint.

52. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 52 of the Complaint.

53. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 53 of the Complaint.

54. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 54 of the Complaint.

55. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 55 of the Complaint.

**AS AND FOR THIS DEFENDANT'S RESPONSE
TO PLAINTIFF'S FOURTH CAUSE OF ACTION**

**VIOLATION OF THE FCRA § 1681i**

56. Defendant SLS incorporates by reference each of the responses asserted in paragraphs 1-55, as if set forth again in full.

57. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 57 of the Complaint.

58. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 58 of the Complaint.

**AS AND FOR THIS DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIFTH CAUSE OF ACTION**

**VIOLATION OF THE FDCPA 15 U.S.C. § 1692 et seq.**

59. Defendant SLS incorporates by reference each of the responses asserted in paragraphs 1-58, as if set forth again in full.

60. Paragraph 60 of the Complaint states a legal conclusion to which no response is required.

7

61. Paragraph 60(a) of the Complaint states a legal conclusion to which no response is required.

62. Paragraph 60(b) of the Complaint states a legal conclusion to which no response is required.

63. Paragraph 60(c) of the Complaint states a legal conclusion to which no response is required.

64. Defendant SLS denies knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 61 of the Complaint.

**AS AND FOR A FIRST, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

65. The Complaint fails to state any claims against Defendant SLS upon which this Court may grant relief.

**AS AND FOR A SECOND, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

66. Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of their own acts, omissions, negligence, fault and/or breach.

**AS AND FOR A THIRD, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

67. Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of the acts, omissions, negligence, fault or breach of persons and/or parties other than Defendant SLS herein that caused or contributed to cause all, or a portion, of the claimed damages or liability, barring recovery or liability against this Defendant in whole or in part.

**AS AND FOR A FOURTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

68. Plaintiff's injuries and/or damages and/or expenses, if any, were caused solely by the superseding, intervening acts and conduct of Plaintiff and/or other persons or parties, which

8

intervened between the alleged acts and conduct of Defendant SLS and the claimed damages or liability, barring recovery or liability against this Defendant in whole or in part.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:

69. Plaintiff's claims of damages or liability are barred in whole or in part by their failure to mitigate such damages.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:

70. Plaintiff's claims of damages or liability are barred in whole or in part by the limitations imposed by law as to the recovery of such damages.

### AS AND FOR AN SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:

71. Plaintiff's claims of damages or liability are the result of the fraudulent or wrongful actions or omission of persons or parties other than Defendant SLS, over whom this Defendant had no authority or control.

### AS AND FOR AN EIGHTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:

72. Some or all of Plaintiff's claims of damages or liability are barred by the statute of frauds and/or parol evidence rule.

### AS AND FOR AN NINTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:

73. All actions undertaken by Defendant SLS were lawful and were privileged or otherwise protected by law.

**AS AND FOR A TENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

74. If there was a violation of the FDCPA, none being admitted, it was unintentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

**AS AND FOR A ELEVENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

75. Defendant SLS is not a "debt collector" under the FDCPA.

**AS AND FOR A TWELFTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

76. If there was a violation of the FCRA, none being admitted, any acts done or omitted were in good faith in conformity with applicable rules, regulations, and/or interpretations thereof.

**AS AND FOR A THIRTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

77. Plaintiff's claims of damages or liability based on information SLS furnished consumer reporting agencies about Plaintiff are barred, in whole or part, by the limitation of actions set forth in 15 U.S.C. § 1681s-2(c) and (d).

**AS AND FOR A FOURTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

78. Plaintiff's claims of damages or liability related to information SLS furnished consumer reporting agencies about Plaintiff are barred in whole or part, by 15 U.S.C. § 1681s-2(b), because Plaintiff has not given any consumer reporting agency notice of a dispute in the manner required by 15 U.S.C. § 1681i.

**AS AND FOR A FIFTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

79. Plaintiff's claims are barred by the doctrine(s) of assumption of the risk, estoppel, waiver, laches, release, fraud, and unclean hands.

**AS AND FOR A SIXTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

80. Imposition of punitive damages against Defendant SLS in the amount and under the circumstances alleged in the Complaint would violate this Defendant's rights under the United States Constitution, including Defendant's due process rights.

**AS AND FOR A SEVENTEENTH, SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, DEFENDANT SLS ALLEGES:**

81. Defendant SLS reserves the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

**WHEREFORE**, Defendant SLS respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and award this Defendant its costs in this action and grant such other and further relief as this Court deems just and proper.

Dated: June 26, 2017
       Albany, New York

**MCGLINCHEY STAFFORD**

By: /s/ *Laura M. Greco*
Laura M. Greco, Esq.
*Attorneys for Specialized Loan Servicing, LLC*
194 Washington Avenue, Suite 600
Albany, New York 12210
Tel.: (518-) 874-3401
Email: LGreco@mcglinchey.com

1880372.3

11