# EXHIBIT 15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK K. MACRIS,

              Plaintiff,

v.                                             Civil Action No. 17-CV-361

EXPERIAN INFORMATION SOLUTIONS, INC. and
SPECIALIZED LOAN SERVICING, LLC,

              Defendants.

---

### PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF DEFENDANT'S DESIGNATED CORPORATE REPRESENTATIVE(S) PURSUANT TO FED.R.CIV.P 30(b)(6) BY STENOGRAPHER AND/OR VIDEOTAPE

**To:** SPECIALIZED LOAN SERVICING, LLC. 8742 LUCENT BOULEVARD, SUITE 300, HIGHLANDS RANCH, CO 80129.

**PLEASE TAKE NOTICE** that, pursuant to Fed.R.Civ.P.30(b)(6), commencing at 10:00 am on May 9, 2018 at Regus Business Center, 1745 Shea Center Drive, 4th Floor, Highlands Ranch, CO 80129 . Plaintiff, Mark K. Macris, by and through her counsel, will take the deposition of a designated **CORPORATE REPRESENTATIVE of SPECIALIZED LOAN SERVICING, LLC.**, under oath and before a qualified court reporter or notary public as required by Fed.R.Civ.P 28, stenographically and/or by videotape.

**PLEASE TAKE FURTHER NOTICE** that the designated corporate representative(s) for **SPECIALIZED LOAN SERVICING, LLC.**, must be prepared to testify regarding matters known or reasonably available to Defendant Specialized Loan Servicing, LLC., including but not limited to:

1) Specialized Loan Servicing's policies and procedures regarding debt collection and responding to complaints regarding debt collection;

2) Specialized Loan Servicing's communications with the Plaintiff related to collection of the alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

3) Audio recordings of any telephone conversations related to collection of the alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

4) Any change in policy or procedure made by Specialized Loan Servicing as a result of lawsuits in which Specialized Loan Servicing was a party for any period of time during the last three (3) years in which it was alleged that Specialized Loan Servicing violated the Federal Fair Debt Collection Practices Act or was liable under any other statute or cause of action due to alleged attempts to collect a purported debt;

5) Telephone records and collection notes evidencing or referring to calls Specialized Loan Servicing placed to anyone while attempting to collect the alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

6) Specialized Loan Servicing pleadings in this lawsuit (including all allegations therein and the factual bases for such allegations);

7) Specialized Loan Servicing's discovery responses and objections in this lawsuit (including all documents and tangible items produced);

8) Specialized Loan Servicing's collection efforts regarding the alleged debt referenced in the Plaintiff's live pleading in this case;

9) Specialized Loan Servicing's training procedures for its debt collector employees;

10) The alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

11) Specialized Loan Servicing's procedures regarding investigating the background of prospective and current debt collector employees;

12) Any complaints, charges, allegations, or lawsuits against any Specialized Loan Servicing employees who attempted to collect the alleged debt from the Plaintiff (related to their alleged activities as an alleged Specialized Loan Servicing agent and/or employee);

13) Specialized Loan Servicing's supervision of its employees who attempted to collect the alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

14) Specialized Loan Servicing's relationship with the alleged creditor of the alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

15) Specialized Loan Servicing's communications (regarding the Plaintiff, the Plaintiff's alleged debt, and this lawsuit) with the alleged creditor of the alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

16) Any agreement between Specialized Loan Servicing and the alleged creditor of the alleged debt referenced in the Plaintiff's live pleading in this lawsuit;

17) Any responses to and/or change in policy or procedure made by Specialized Loan Servicing as a result of complaints and/or allegations against Specialized Loan Servicing and/or its employees filed with or transmitted to the Better Business Bureau and/or the Colorado State Attorney General;

18) The general environment in the Specialized Loan Servicing office from which calls to the Plaintiff were made, during the time of the alleged acts giving rise to this case;

19) Specialized Loan Servicing's general business practices, purpose, and model.

20) The correspondence between Specialized Loan Servicing and Plaintiff that in any way relate to the accounts on Plaintiff's Experian Information Solution, Inc. (Experian") reports.

21) All communication logs of any kind reflecting communications between Specialized Loan Servicing and Plaintiff that in any way relate to Plaintiff's Experian Information Solution, Inc. consumer reports, at any time.

22) All communication logs of any kind reflecting communications between Specialized Loan Servicing and Plaintiff that in any way relate to Plaintiff's accounts held with you in the last five years.

23) All investigation reports made by Specialized Loan Servicing in response to any disputes Plaintiff made to Specialized Loan Servicing regarding Plaintiff's consumer reports, at any time.

24) All ACDV forms sent by Experian Information Solution, Inc. to Specialized Loan Servicing regarding any disputes from Plaintiff concerning Plaintiff's consumer reports.

25) All communication between Specialized Loan Servicing and Plaintiff and Specialized Loan Servicing and Experian concerning Plaintiff's Experian consumer reports.

26) All ACDV forms returned by Specialized Loan Servicing to Experian regarding any disputes from Plaintiff concerning any accounts appearing on Plaintiff's Experian consumer reports.

27) Your investigations into the alleged inaccuracies on Plaintiff's Experian consumer reports.

28) Any and all written policies or guidelines which set forth Specialized Loan Servicing's criteria for use by Specialized Loan Servicing's agents and employees in deciding how to deal with the reporting on a consumer report of alleged identity theft accounts.

29) Any and all written policies or guidelines which set forth Specialized Loan Servicing's criteria for use by Specialized Loan Servicing's agents and employees

        in deciding how to deal with the disputes by consumers regarding derogatory accounts reporting on a consumer report.

30) Any responses Specialized Loan Servicing made to any correspondence Plaintiff, or anyone acting on her behalf, sent to Specialized Loan Servicing regarding Plaintiff's Experian Information Solution, Inc. consumer reports.

31) Any investigations Specialized Loan Servicing made of Plaintiff's disputes to Experian regarding the accuracy of the accounts listed on Plaintiff's Experian consumer reports.

32) All documents reviewed by Specialized Loan Servicing at any time concerning Plaintiff's Experian consumer reports.

33) All documents Plaintiff provided to Specialized Loan Servicing regarding Plaintiff's Experian consumer reports.

Specialized Loan Servicing must - a reasonable time before the deposition - (1) designate one or more English-speaking individuals to testify on its behalf and (2) set forth, for each individual designated, the matters on which the individual will testify. Further, each individual designated must testify as to matters known or reasonable available to Specialized Loan Servicing.

Please take further notice that the deponent(s) are required to produce at the above date, time and location for inspection and copying the originals and all non- identical copies of the documents and tangible things set forth in the attached document demand.

## Categories of Documents to be Produced

1 Copies of all correspondence of any kind between YOU and PLAINTIFF that in any way relate to Plaintiff's Experian consumer reports, at any time.

2 Copies of all communication logs of any kind reflecting communications between YOU and PLAINTIFF that in any way relate to Plaintiff's Experian consumer reports, at any time.

3 Copies of all investigation reports made by YOU in response to any disputes PLAINTIFF made to YOU regarding Plaintiff's Experian consumer reports, at any time.

4   Copies of all ACDV forms sent by Experian to YOU regarding any disputes from PLAINTIFF concerning Plaintiff's Experian consumer reports.

5   Copies of all ACDV forms returned by YOU to Experian regarding any disputes from PLAINTIFF concerning Plaintiff's Experian's consumer reports.

6   Copies of all verifications sent by YOU to Experian concerning Plaintiff's Experian consumer reports, verifying that the information furnished by YOU was accurate.

7   All documents evidencing any investigations performed by YOU regarding any of the accounts listed on Plaintiff's Experian consumer reports that were disputed by PLAINTIFF at any time.

8   All DOCUMENTS evidencing the accuracy of all accounts listed on Plaintiff's Experian consumer reports.

9   Any and all written policies or guidelines which set forth YOUR criteria for use by YOUR agents and employees in deciding how to deal with inaccuracies on consumer reports.

10   All documents evidencing any responses YOU made to any correspondence PLAINTIFF, or anyone acting on Plaintiff's behalf, sent to YOU regarding Plaintiff's Experian consumer reports.

11   Any and all documents evidencing that PLAINTIFF was involved in fraudulent activity with respect to any accounts listed on his Experian consumer reports.

12   All documents PLAINTIFF provided to YOU regarding Plaintiff's Experian consumer reports.

The deposition will continue from day-to-day until completed. A court reporter shall record the deposition stenographically. In addition, the Plaintiff may cause the deposition to be recorded by sound or sound-and-visual (video).

Dated: April 18, 2018

Seth J. Andrews, Esq.
*Attorney for the Plaintiff*
6000 N. Bailey Avenue – Suite 1A
Amherst, New York 14226
(716) 564-3288
Email:sandrews@kennethhiller.com