# EXHIBIT 19

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ERIE

---

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE SROF-2013-S3 REMIC TRUST I,**

Plaintiff,

vs.

**MARK K. MACRIS;**
**CATHERINE M. MACRIS;**
and **"JOHN DOE"** and **"MARY DOE,"**
(Said names being fictitious, it being the intention of
plaintiff to designate any and all occupants, tenants, persons
or corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein.)

Defendants.

Filed: _____

Index No.: _____

**SUMMONS AND NOTICE**

Mortgaged Premises:
403 Teakwood Ter
Amherst, (Town of Amherst) NY
14221

---

**TO THE ABOVE NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the Complaint in the above entitled

action and to serve a copy of your Answer on Plaintiff's attorney within twenty (20) days after

the service of this Summons, exclusive of the day of service, or within thirty (30) days after

completion of service where service is made in any other manner than by personal delivery

within the State. The United States of America, if designated as a Defendant in this action, may

answer or appear within sixty (60) days of service hereof. In case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the Complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT**

  **THE OBJECT** of the above captioned action is for the foreclosure of:

Mortgage bearing the date of February 1, 2008, executed by MARK K. MACRIS AND
CATHERINE M. MACRIS to MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR COUNTRYWIDE BANK,
FSB to secure the sum of $193,472.00, and interest, and recorded in the Office of the
Clerk of Erie County on February 19, 2008 in Book 13392 Page 1246.

That MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR COUNTRYWIDE BANK, FSB duly assigned said Note and Mortgage to BANK
OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS

SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP by Assignment dated November 8, 2011 and recorded on February 2, 2012 in the Office of the Clerk of Erie County in Book 13566 Page 1043.

That BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP duly assigned said Note and Mortgage to SECRETARY OF HOUSING AND URBAN DEVELOPMENT by Assignment dated April 3, 2014 and recorded on June 2, 2014 in the Office of the Clerk of Erie County in Book 13682 Page 7635.

That SECRETARY OF HOUSING AND URBAN DEVELOPMENT duly assigned said Note and Mortgage to U.S. BANK NATIONAL ASSOCIATION, as trustee for the SROF-2013-S3 REMIC Trust I by Assignment dated July 21, 2014 and recorded on July 31, 2014 in the Office of the Clerk of Erie County in Book 13689 Page 8020.

The relief sought in the within action is a final judgment directing the sale of the Mortgaged Premises described above to satisfy the debt secured by the Mortgage described above.

Plaintiff designates Erie County as the place of trial. The basis of venue is the County in which the Mortgaged Premises is situated.

Section:    69.08
Block:      6
Lot:        32

THIS SPACE WAS LEFT BLANK INTENTIONALLY

DATED: _December 8, 2014_
Rochester, New York

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the Mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your Mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

BY:
Erinn K. Prestidge, Esq.
DAVIDSON FINK LLP
Attorneys for Plaintiff
28 East Main Street, Suite 1700
Rochester, New York 14614
Tel: (585) 760-8218

## WE ARE ATTEMPTING TO COLLECT A DEBT.
## ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ERIE

---

**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE**
**FOR THE SROF-2013-S3 REMIC TRUST I**

                              Plaintiff,

                    vs.

**MARK K. MACRIS;**
**CATHERINE M. MACRIS;**
and **"JOHN DOE"** and **"MARY DOE,"**
(Said names being fictitious, it being the intention of
plaintiff to designate any and all occupants, tenants, persons
or corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein.)

                              Defendants.

---

Filed: _____

Index No.: _____

**VERIFIED COMPLAINT**

---

The plaintiff herein, by **Davidson Fink LLP**, its attorneys, complains of the defendants above named, and for its cause of action, alleges:

**FIRST:**   Plaintiff, with an office at c/o Specialized Loan Servicing LLC, 7842 Lucent Boulevard, Highlands Ranch, CO 80129, is authorized to do business in this State or qualifies as a "foreign bank" pursuant to the relevant statutes and, as such, has standing and capacity to bring this action in the courts of the State of New York.

**SECOND:**   Upon information and belief, that at all times hereinafter mentioned, the defendant(s) set forth in **Schedule A** reside or have a place of business at the address set forth therein and are made defendants in this action in the capacities therein alleged and for the purpose of foreclosing and extinguishing any other right, title or interest said defendants may have in the subject premises.

**THIRD:**   That the United States of America, The People of the State of New York, The State Tax Commission of the State of New York, the Industrial Commissioner of the State of New York, and all other agencies or instrumentalities of the Federal, State or local government (however designated), if made parties to this action and if appearing in **Schedule B**, are made parties solely by reason of the facts set forth in said schedule, and for no other reason.

**FOURTH**:   That heretofore, the defendant(s), MARK K. MACRIS AND CATHERINE M. MACRIS, for the purpose of securing to plaintiff or its assignor, its successors and assigns, the sum of $193,472.00, duly made a certain bond, note, loan agreement, extension agreement, consolidation agreement, or recasting agreement, as the case may be, wherein and whereby they bound themselves, their heirs, executors, administrators and assigns, and each and every one of them, jointly and severally, in the amount of said sum of money, all as more fully appears together with the terms of repayment of said sum or rights of the plaintiff in said bond, note or other instrument. A copy of said instrument, or an affidavit regarding same, is attached hereto and made a part hereof.

**FIFTH**:   That as security for the payment of said indebtedness, a mortgage was executed, acknowledged and delivered to the plaintiff or its assignor, whereby the mortgagor or mortgagors therein named, bargained, granted and sold to the mortgagee named therein, its successors and assigns, the premises more particularly described therein (hereinafter called "mortgaged premises"), under certain conditions with rights, duties and privileges between or among them as more fully appears in said mortgage, a copy of which is attached hereto and made a part hereof.

**SIXTH**:   That the said mortgage was duly recorded (and the mortgage tax due thereon was duly paid) in the proper County Clerk's Office at the place and time which appears thereon.

**SEVENTH**:   That the defendant(s), so named, have failed and neglected to comply with the terms and provisions of said mortgage, bond/note/loan agreement, and said instrument(s) secured by said mortgage by omitting and failing to pay items of principal and interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges, all as more fully appears in **Schedule C** and accordingly the plaintiff hereby elects to call due the entire amount secured by the mortgage described in paragraph FIFTH hereof.  The default has continued beyond the applicable grace period set forth in the mortgage, and by reason thereof, plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

**EIGHTH**:   That **Schedule C** sets forth the principal balance due and the date (and rate) from which interest accrued and all other items and charges arising from said default which are now due.

**NINTH**:   That in order to protect its security, the Plaintiff has paid, if set forth in **Schedule C,** or may be compelled to pay during the pendency of this action local, taxes, assessments, water rates, insurance premiums, inspections and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for said purposes (together with interest thereon), should be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgaged premises.

**TENTH**:   That each of the above-named defendants has, or claims to have, some interest in, or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage.

**ELEVENTH**:   That the plaintiff is now the sole, true and lawful holder of the said bond/note/loan agreement and mortgage securing the same and there are no pending proceedings at law or otherwise to collect or enforce said bond/note and mortgage.  Copies of Assignment(s) of Mortgage, if any, are attached hereto and made a part hereof.

**TWELFTH**:   That Schedules, Exhibits and other items attached to this Complaint are expressly incorporated and made a part of the Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein wherever reference has been made to each or any of them.

**THIRTEENTH**:   That by reason of the foregoing, there is now due and owing to the plaintiff upon said bond, note, loan agreement, assumption agreement, extension agreement or consolidation agreement the amount set forth in **Schedule C.**

**FOURTEENTH**:   That if the security for the indebtedness consists of more than one parcel, plaintiff respectfully requests that the judgment of foreclosure provide for the sale of the parcels in a particular order to the extent necessary to satisfy the indebtedness or that if the mortgage so states, the mortgaged premises may be sold in one parcel.

**FIFTEENTH**:   The plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment or performance, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the note and mortgage and occurring prior to the discontinuance of this action are fully paid and cured.

**SIXTEENTH**:  Pursuant to the Fair Debt Collection Practices Act, this action may be deemed to be an attempt to collect a debt on behalf of the plaintiff.  Any information obtained as a result of this action will be used for that purpose.

**SEVENTEENTH:**  At the time this proceeding is commenced, the plaintiff is the owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note.

**EIGHTEENTH:**  If applicable, Plaintiff has complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, section six-l or six-m of the banking law, section thirteen hundred four of the real property actions and proceedings law, and HAMP Supplemental Directive 10-02.

**NINETEENTH**:  Plaintiff has complied with all of the provisions pursuant to RPAPL §§ 1304 and 1306.

**WHEREFORE**, plaintiff demands judgment:

1.     Adjudging and decreeing the amounts due the plaintiff for principal, interest, costs and reasonable attorney's fees, if provided for in the said bond/note/loan agreement or mortgage; and

2.     That the defendant(s) and all persons claiming by, through or under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien, interest or equity of redemption in and to said mortgaged premises;

3.     That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law;

4.     That out of the monies arising from the sale thereof, the plaintiff may be paid the amounts due on said bond/note/loan agreement and mortgage and any sum which may have been paid by the plaintiff to protect the lien of plaintiff's mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if provided

for in said bond, note, loan agreement or mortgage, so far as the amount of such money properly applicable thereto will pay the same;

5.   The premises are being sold subject to:

(a)  All common charges, if any, which are at the time a lien on the premises, together with such interest or penalties as may have lawfully accrued thereon to the date of payment;

(b)  Covenants, restrictions and easements of record and zoning regulations and ordinances of the City, Town and Village in which said premises lie;

(c)  Rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley or highway;

(d)  Any state of facts that an accurate survey, currently dated, might disclose;

(e)  Any state of facts an inspection would disclose, it being understood that the property is sold in an "as is" and "where is" condition;

(f)  Any and all tenancies, possessory interests and/or leases affecting said premises which are not extinguished by this foreclosure action;

(g)  The right of redemption of the United States of America, if any;

6.   That if the proceeds of said sale of the mortgaged premises aforesaid be insufficient to pay the amount found due to the plaintiff with interest and costs, the officer making the sale be required to specify the amount of such deficiency in his report of sale so that plaintiff may thereafter be able to make application to this Court, pursuant to Section 1371 of the Real Property Actions and Proceedings Law, for a judgment against the defendant(s) referred to in paragraph FOURTH of this Complaint for any deficiency which may remain after applying all of such moneys so applicable thereto, **except that this shall not apply to any defendant who has been discharged in bankruptcy from the subject debt;**

7.   That either or any of the parties to this action may become a purchaser upon such sale;

8.   That this Court, if requested, forthwith appoint a Receiver of the rents and profits of said premises with the usual powers and duties;

9.   That the plaintiff may have such other or further relief, or both, as may be just and equitable.

Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of subject premises by virtue of its position as a judgment or other lien creditor excluding the mortgage being foreclosed herein;

DATED: December 8, 2014
Rochester, New York

BY: _____
Erinn K. Prestidge, Esq.
DAVIDSON FINK LLP
Attorneys for Plaintiff
Foreclosure Department
28 East Main Street, Suite 1700
Rochester, New York 14614
Tel: (585) 760-8218

## VERIFICATION
(Complaint)

I affirm under penalty of perjury: That I am the attorney for Plaintiff, having an office at 28 East Main Street, Suite 1700, Rochester, New York, 14614, in the within action; that I have read the foregoing Summons and Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true. That the grounds of my belief as to all matters in the Complaint not stated to be upon knowledge are based upon the original bond/note/loan agreement, mortgage and/or financial statements, together with correspondence. I further state that the reason this verification is made by Affirmant and not an officer of Plaintiff's corporation is that Plaintiff is either a foreign corporation, or its principal place of business is not in the county where I have my office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Erinn K. Prestidge, Esq.

Sworn to before me this 8
day of December, 2014

Notary Public

NICOLE A. RIVERS
NOTARY PUBLIC, State of New York
No. 01Ri6235416
Qualified in Monroe County
Commission Expires February 22, 2015

**NOTICE REQUIRED BY THE FAIR DEBT
COLLECTION PRACTICES ACT
(THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED**

1.   THE AMOUNT OF THE DEBT IS STATED IN THE COMPLAINT HERETO ATTACHED.

2.   THE PLAINTIFF AS NAMED IN THE ATTACHED SUMMONS AND COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3.   THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4.   IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5.   IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED SUMMONS AND COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6.   REQUESTS SHOULD BE ADDRESSED TO DAVIDSON FINK LLP, 28 EAST MAIN STREET, 1700 FIRST FEDERAL PLAZA, ROCHESTER, NEW YORK 14614, (585) 760-8218.

7.   THE ABOVE-REFERENCED THIRTY (30) DAYS TIME PERIOD IN WHICH THE DEBTOR MAY DISPUTE THIS DEBT SHALL IN NO WAY AMEND OR EXTEND SAID DEBTOR'S STATUTORY TIME PERIOD, AS STATED IN THE ATTACHED SUMMONS, TO INTERPOSE AN ANSWER TO THE COMPLAINT IN THIS MATTER.

### Schedule A-Defendants

MARK K. MACRIS
67 Federal Ave
Cheektowaga, NY  14225

Original mortgagor of premises being foreclosed herein and the party liable for payment of the note and mortgage herein.

CATHERINE M. MACRIS
403 Teakwood Ter
Amherst, NY  14221

Record owner and original mortgagor of premises being foreclosed herein by virtue of a deed recorded on August 14, 2012 in the Erie County Clerk's Office in Book 11227 Page 9904 and the party liable for payment of the note and mortgage herein.

"JOHN DOE" and "MARY DOE"
403 Teakwood Ter
Amherst, NY  14221

Said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein.

## Schedule B-Defendants

## Schedule C

1.      Original Loan Amount ............................................................$193,472.00

2.      Mortgage Origination Date ............................................. February 1, 2008

3.      Principal Balance Owing .......................................................$188,706.88

4.      Default Date ...................................................................October 1, 2009

5.      Monthly Payment Amount (Principal and Interest) ....................................$1,159.96

6.      Interest Rate.............................................................................. 6.000%*

7.      Interest from ............................................................... September 1, 2009

8.      Late Charges to Date ...............................................................$0.00

*Interest will continue to accrue at the contract bond/note/loan agreement rate, until a Judgment of Foreclosure and Sale has been entered in the proper County Clerk's Office, at which time the interest rate will be calculated at the legal rate of 9.00%.

Prepared by: MANUEL LAFONT

## Multistate                              # NOTE

LOAN #: ▮▮▮▮▮▮▮▮                                       FHA Case No. ▮▮▮▮▮▮▮▮

FEBRUARY 01, 2008
[Date]

403 TEAKWOOD TERRACE, AMHERST, NY 14221
[Property Address]

**1.   PARTIES**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means COUNTRYWIDE BANK, FSB
and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY; INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of
ONE HUNDRED NINETY THREE THOUSAND FOUR HUNDRED SEVENTY TWO and 00/100

Dollars (U.S. $193,472.00        ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of SIX                                percent (    6.000 %) per year until the full amount of principal has been paid.

**3.   PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a Mortgage, Deed of Trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.   MANNER OF PAYMENT**
    (A)   Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on APRIL 01, 2008        . Any principal and interest remaining on the first day of MARCH, 2038        , will be due on that date, which is called the "Maturity Date."
    (B)   Place
Payment shall be made at
P.O. Box 660694, Dallas, TX 75266-0694
or at such place as Lender may designate in writing by notice to Borrower.
    (C)   Amount
Each monthly payment of principal and interest will be in the amount of U.S. $1,159.96        . This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
    (D)   Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge      ☐ Growing Equity Allonge      ☐ Other [specify]

**5.   BORROWER'S RIGHT TO PREPAY**
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.   BORROWER'S FAILURE TO PAY**
    (A)   Late Charge for Overdue Payments
If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR                                percent (    4.000 %) of the overdue amount of each payment  .

    (B)   Default
If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of

F Fixed Rate Note
2001R-XX (04/07)(d/i)                              Page 1 of 2                              FHA Multistate Fixed Rate Note – 10/95





CRPRDNRB546b          12/12/2011 12:55:45 PM   PAGE   43/108   888-294-5658

CASE #:

LOAN #:

payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

(C)   Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.   WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY _Michele Sjolander_
MICHELE SJOLANDER
SENIOR VICE PRESIDENT

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
MARK K. MACRIS                          -Borrower

PAY TO THE ORDER OF
BANK OF AMERICA, N.A.
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB

_____ (Seal)
CATHERINE M. MACRIS                     -Borrower

BY _Laurie Meder_
LAURIE MEDER
SENIOR VICE PRESIDENT

_____ (Seal)
                                        -Borrower

_____ (Seal)
                                        -Borrower

F Fixed Rate Note
2001R-XX (04/07)                    Page 2 of 2                    FHA Multistate Fixed Rate Note - 10/95



**Bank of America**

**Home Loans**
BAC Home Loans Servicing, LP
100 Beecham Drive Suite 104
Pittsburgh, PA 15205

610 ████████ N   001  002

Notice Date: April 16, 2010

MARK K MACRIS
CATHERINE M MACRIS
403 TEAKWOOD TERRACE
AMHERST, NY 14221

Account No: ████████

FHA Case No: ████████

Property Address:
403 TEAKWOOD TERRACE
AMHERST, NY 14221

## AMENDED AND RESTATED NOTE
### State of New York

Origination Date: February 1, 2008

**1. PARTIES**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.
"Lender" means BAC Home Loans Servicing, LP and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of two hundred seven thousand six hundred ninety five and 77/100 (Dollars U.S.) $207,695.77 plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of five and 50/100, (5.500%) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**
(A) Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on June 1, 2010. Any principal and interest remaining on the May 1, 2040 will be due on that date, which is called the "Maturity Date."

(B) Place
Payment shall be made to Payment Processing  PO Box 660070  Dallas, TX 75266, or at such place as Lender may designate in writing by notice to Borrower.

(C) Amount
Each monthly payment of principal and interest will be in the amount of U.S. $1,179.27. This amount will be part of a larger monthly payment required by the Security Instrument that shall be applied to principal, interest and other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge      ☐ Growing Equity Allonge      ☐ Other [specify]

8142 04.16.1D_17.pdf 321 Fri 04/16/10 16:36:39 CDS_Press 7

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payments unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of 4.00% of the overdue amount of each payment. of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.

This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the Principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address. Any notice that must be given to Lender under this Note will be given by first- class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

## 10. GROUNDS FOR ACCELERATION OF DEBT

### (A) Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under this Note if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security

Instrument prior to or on the due date of the next monthly payment, or (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

**(B) Sale Without Credit.** Lender shall, if permitted by applicable law (including section 341 (d) of the Garn- St Germain Depository Institutions Act of 1982, 12 U.S.C. 1702j-3(d) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been in accordance with the requirements of the Secretary.

**(C) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payment, Lender does not waive its right with respect to subsequent events.

**(D) Regulations of HUD.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclosure if not paid. This Note and the Security Instrument do not authorize acceleration of foreclosure if not permitted by regulations of the Secretary.

**(E) Mortgage Not insured.** Borrower agrees that should the Security Instrument and this Note secured thereby not be eligible under the National Housing Act within 60 days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 10, require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date thereof, declining to insure the Security Instrument and this Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by lender when the unavailability of insurance is solely due to Lender's failure to remit mortgage insurance premium to the Secretary.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

MARK K MACRIS _____ Dated _____

_Catherine M Macris_ Dated _4/30/2010_
CATHERINE M MACRIS

**PAY TO THE ORDER OF**
**BANK OF AMERICA, N.A.**

WITHOUT RECOURSE
BAC HOME LOANS SERVICING, LP

BY _Michele Sjolander_
MICHELE SJOLANDER
SVP, OPERATIONS AND LOAN DELIVERY

**PAY TO THE ORDER OF**

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY _Michele Sjolander_
MICHELE SJOLANDER
SENIOR VICE PRESIDENT

8142 04.16.10_17.pdf 323 Fri 04/16/10 16:36:39 CDS_Press 7

COVER SHEET REV 02-14-06



**ERIE COUNTY CLERKS OFFICE**
County Clerk's Recording Page

Return To:

COUNTRYWIDE HOME LOANS INC
PO BOX 10423

VAN NUYS CA 91410

Party 1:
**MACRIS MARK K**

Party 2:
**COUNTRYWIDE BANK FSB**

Book: 13392          Page: 1246
Page Count: 8
Doc Type: **MTG 1-2 BANK**
Rec Date: **02/19/2008**
Rec Time: **03:37:55 PM**
Control #: **2008034590**
User ID: lance
Trans Num: 467898
DEED SEQ:
MTG SEQ: **MTCY2007032488**
UCC:
SCAR:
INDEX:

**Recording Fees:**

| | |
|---|---|
| RECORDING | $41.00 |
| COE COUNTY | 1.00 |
| BASIC | $967.50 |
| ADDL | $458.75 |
| NFTA MT | $483.75 |
| COE STATE GENERAL | $14.25 |
| COE STATE RM | $4.75 |

| Consideration Amount: | $193,472.00 |
|---|---|
| BASIC | $967.50 |
| SONYMA | $0.00 |
| ADDL | $458.75 |
| NFTA MT | $483.75 |
| TRANSFER | $0.00 |
| NFTA TT | $0.00 |

Total:          $1,971.00

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

WARNING - THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT,
REQUIRED BY SECTIONS 319&316-a (5) OF THE REAL PROPERTY LAW
OF THE STATE OF NEW YORK. DO NOT DETACH. THIS IS NOT A BILL.

Kathleen C. Hochul
County Clerk

Book13392/Page1246

THE PREMISES ARE IMPROVED OR ARE TO BE IMPROVED BY A ONE OR TWO
FAMILY RESIDENCE OR DWELLING ONLY.

Return To:
COUNTRYWIDE BANK, FSB
MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
KIM WALDRON

---

[Space Above This Line For Recording Data]

████████3703            RT-08-02684              ███████2008
[Case #]                [Escrow/Closing #]        [Doc ID #]

**State of New York**

# MORTGAGE

FHA Case No.
████████3703

MIN ████████742-8

THIS MORTGAGE ("Security Instrument") is given on   FEBRUARY 01, 2008   . The Mortgagor is
MARK K MACRIS, AND CATHERINE M MACRIS

whose address is
403 TEAKWOOD TERRACE, AMHERST, NY 14221
("Borrower"). This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS"),
(solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is
organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026,
Flint, MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS
IS THE MORTGAGEE OF RECORD.
COUNTRYWIDE BANK, FSB
("Lender") is organized and existing under the laws of THE UNITED STATES          , and has an address of
1199 North Fairfax St. Ste.500, Alexandria, VA 22314
Borrower owes Lender the principal sum of
ONE HUNDRED NINETY THREE THOUSAND FOUR HUNDRED SEVENTY TWO and 00/100

Dollars (U.S. $ 193,472.00      ). This debt is evidenced by Borrower's note dated the same date as this
Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and
payable on   MARCH 01, 2038      . This Security Instrument secures to Lender: (a) the repayment of the
debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the
payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security
Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the
Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender
and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property

Section: 109.08  Block: 6  Lot: 32   Unit: _____

FHA New York Mortgage with MERS - 4/96
VMP®  -4N(NY) (0506)   CHL (08/05)(d)   VMP Mortgage Solutions, Inc. (800)521-7291
Page 1 of 8
Amended 2/01





*23891*                              004N*

AM #
81
m21-7

CASE #: ████████3703                          DOC ID #: ████████2008
located in ERIE                               County, New York:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of

403 TEAKWOOD TERRACE, AMHERST
[Street, City]

New York   14221   ("Property Address");
[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. Application of Payments. All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

███ -4N(NY) (0606)     CHL (08/05)          Page 2 of 6

CASE #:                   3703                              DOC ID #:                   2008

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an

CASE #: ████████3703                                          DOC ID #: ████████2009

agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

   **8. Fees.** Lender may collect fees and charges authorized by the Secretary.

   **9. Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

    (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

    (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

    (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

    (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

   (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

   (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

   (e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

   **10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

   **11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

   **12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

   **13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

CASE #: ███████3703                                   DOC ID #: ████████2008

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may bring a lawsuit to take away all of the Borrower's remaining rights in the Property and have the Property sold. At this sale, Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by law and will have the right to add all reasonable attorneys' fees to the amount owed Lender, which fees shall become part of the Sums Secured.

Lender may require immediate payment in full under paragraph 9.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.*) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

**19. Lender's Obligation to Discharge this Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. Borrower will not be required to pay Lender for the discharge, but Borrower will pay all costs of recording the discharge in the proper official records.

**20. Agreements about New York Lien Law.** Borrower will receive all amounts lent by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, Borrower will: (A) hold all amounts which Borrower received and which Borrower has a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or work before Borrower uses them for any other purpose. The fact that Borrower is holding those amounts as a "trust fund" means that for any building or other improvement located on the Property Borrower has a special responsibility under the law to use the amount in the manner described in this paragraph 20.

█ -4N(NY) (0508)     CHL (09/05)          Page 8 of 8

CASE #: ▆▆▆▆3703                          DOC ID #: ▆▆▆▆2008

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.
[Check applicable box(es)].

☐ Condominium Rider               ☐ Growing Equity Rider         ☐ Other [specify]
☐ Planned Unit Development Rider  ☐ Graduated Payment Rider

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____(Seal)
MARK K. MACRIS                        -Borrower

_____(Seal)
CATHERINE M. MACRIS                   -Borrower

_____(Seal)
                                      -Borrower

_____(Seal)
                                      -Borrower

STATE OF NEW YORK County of Erie                )ss.

On the ___1___ day of _Feby_ in the year _2008_ before me, the undersigned, a notary public in and for said state, personally appeared _Mark K. Macris & Catherine M. Macris_

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within Instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the Instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the Instrument.

My Commission Expires:                    _____
                                          Notary Public

                            ROBERT R. GOODE
                       Notary Public, State of New York
                           Qualified in Erie County
                   My Commission Expires Aug. 12, 20__

Tax Map Information:

-4N(NY) (0305)    CHL (09/05)        Page 8 of 8

Book13392/Page1252

Prepared by: KIM WALDRON

## COUNTRYWIDE BANK, FSB

DATE:        02/01/2008
CASE #:                    3703
DOC ID #:    ████████    2008
BORROWER:  MARK K. MACRIS
PROPERTY ADDRESS: 403 TEAKWOOD TERRACE
                  AMHERST, NY 14221

Branch #: 0000710
6440 SOUTHPOINT PARKWAY  #300
JACKSONVILLE, FL 32216
Phone: (866) 205-9595
Br Fax No.: (000) 000-0000

## LEGAL DESCRIPTION EXHIBIT A

### COMMITMENT

### LEGAL DESCRIPTION

File Number: RT-08-02684

All that Tract or Parcel of Land, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot Number ninety-seven (97), Township twelve (12), Range seven (7) of the Holland Land Company's Survey and further distinguished as Subdivision Lot Number six hundred twenty-two (622) filed in the Office of the Erie County Clerk under Cover No. 2278.

Being the same premises as was conveyed to Mark K. Macris and Catherine M. Macris by Warranty Deed recorded 10/12/2006 in the Erie County Clerk's Office in Liber 11120 of Deeds at Page 4787.

Tax Account Number 69.08 - 6 - 32.

Premises being known as 403 Teakwood Terrace, Buffalo, NY 14221.

FHA/VA/CONV
Legal Description Exhibit A
2C404-XX (04/03)(d)





ERIE COUNTY CLERK'S OFFICE



County Clerk's Recording Page

Return to:
    CORELOGIC
    450 E BOUNDARY ST
    CHAPIN, SC 29036-9911

Party 1:
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS INC NOM

Party 2:
BANK OF AMERICA NA TR

**Recording Fees:**

| | |
|---|---|
| Fee 1 | $30.00 |
| Fee 2 | $1.00 |
| COE STATE $14.25 GEN | $14.25 |
| COE STATE $4.75 RM | $4.75 |
| MARKOFF FEE | $0.50 |

Book Type: **M** Book: **13566** Page: **1043**
Page Count:   2
Doc Type:    ASSIGN-MTG
Rec Date:    02/01/2012
Rec Tim:     11:14:40 AM
Control #:    2012025860
UserID:      Eileen
Receipt#:    12016532
Document Sequence Number

**Consideration Amount:**

| | |
|---|---|
| BASIC | $0.00 |
| SONYMA | $0.00 |
| ADDL | $0.00 |
| NFTA MT | $0.00 |
| TRANSFER | $0.00 |
| NFTA TT | $0.00 |

Total: $50.50

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

WARNING – THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT REQUIRED
BY SECTION 319&316-a (5) OF THE REAL PROPERTY LAW OF THE STATE OF NEW
YORK. DO NOT DETACH. THIS IS NOT A BILL.

      Christopher L. Jacobs
    COUNTY CLERK

Recording Requested By:
Bank of America
Prepared By: Cecilia Rodriguez
888-603-9011
When recorded mail to:
CoreLogic
450 E. Boundary St.
Attn: Release Dept.
Chapin, SC 29036

DocID# ████████████████████ ████016
Property Address:
403 Teakwood Ter
Amherst, NY 14221-3935
Property Location:
Township of AMHERST
NYOM-AM 15261514      11/8/2011

MIN #: ████████████████ ████742-8        This space for Recorder's use        MERS Phone #: 888-679-6377

## ASSIGNMENT OF MORTGAGE

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
COUNTRYWIDE BANK, FSB, the undersigned holder of the Mortgage described below (herein "Assignor")
whose address is 3300 S.W. 34TH AVENUE, SUITE 101 OCALA, FL 34474 does hereby grant, sell, assign,
transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS
SERVICING, LP FKA COUNTRYWIDE HOME  LOANS SERVICING, LP whose address is 400
NATIONAL WAY, SIMI VALLEY, CA 93065 all beneficial interest under that certain security instrument
described below together with the note(s) and obligations therein described and the money due and to become due
thereon with interest and all rights accrued or to accrue under said security instrument.

Original Lender:          MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
                          NOMINEE FOR COUNTRYWIDE BANK, FSB
Made By:                  MARK K MACRIS, AND CATHERINE M MACRIS
Date of Mortgage:         2/1/2008
Original Loan Amount:     $193,472.00
Section: 69.08      Lot: 32      Block: 6

Recorded in Erie County, NY on: 2/19/2008, book 13392, page 1246 and instrument number 2008034590

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an
assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:
      NOV 08 2011

Lender's Address Is:
4161 Piedmont Parkway
Greensboro, NC 27410

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE
BANK, FSB

By: _____
      Kathy Orlard Assistant Secretary

State of California
County of Ventura

On  NOV 08 2011   before me, Wendy L. Lau _____, Notary Public, personally
appeared  Kathy Orlard _____ who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public:
My Commission Expires: _____        (Seal)

WENDY L. LAU
COMM. # 1794900
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires May 2, 2012

4-1-1
2 5860

ERIE COUNTY CLERK'S OFFICE



County Clerk's Recording Page

Return to:

**Party 1:**
BANK OF AMERICA NA

**Party 2:**
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT

Book Type: M  Book: 13682  Page: 7635
Page Count:    3
Doc Type:      ASSIGN-MTG
Rec Date:      06/02/2014
Rec Time:      10:49:11 AM
Control #:     2014105938
UserID:        ERECORD
Trans #:       14083999
Document Sequence Number

**Recording Fees:**

| | |
|---|---|
| RECORDING | $35.00 |
| COE CO $1 RET | $1.00 |
| COE STATE $14.25 GEN | $14.25 |
| COE STATE $4.75 RM | $4.75 |
| MARKOFF FEE | $0.50 |

**Consideration Amount:    0.00**

| | |
|---|---|
| BASIC MT | $0.00 |
| SONYMA MT | $0.00 |
| ADDL MT/NFTA | $0.00 |
| SP MT/M-RAIL | $0.00 |
| NY STATE TT | $0.00 |
| ROAD FUND TT | $0.00 |

**Total: $55.50**

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

WARNING -- THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT REQUIRED
BY SECTION 319&316-a (5) OF THE REAL PROPERTY LAW OF THE STATE OF NEW
YORK. DO NOT DETACH. THIS IS NOT A BILL.

Christopher L. Jacobs
County Clerk

Recording Requested By:
Bank of America, N.A.

Prepared By: Ralph Flores
800-444-4302

When recorded mail to:
Avenue 365 Lender Services, LLC
Ref: NB Assignments
401 Plymouth Road, Suite 500
Plymouth Meeting, PA 19462

DocID#                    5727
Property Address:
403 Teakwood Terrace
Amherst, NY 14221-3935
Property Location:
Township of AMHERST
NY0v3-AM 20056305 C 4/1/2014 PSL0303

*This space for Recorder's use*

## ASSIGNMENT OF MORTGAGE

For Value Received, BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP, the undersigned holder of the Mortgage described below (herein "Assignor") whose address is 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063 does hereby grant, sell, assign, transfer and convey unto SECRETARY OF HOUSING AND URBAN DEVELOPMENT whose address is 451 7TH STREET, S.W., WASHINGTON, D.C. 20410 all beneficial interest under that certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument.

Beneficiary:        MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
                    NOMINEE FOR COUNTRYWIDE BANK, FSB, ITS SUCCESSORS AND
                    ASSIGNS
Made By:            MARK K MACRIS, AND CATHERINE M MACRIS
Date of Mortgage:   2/1/2008
Original Loan Amount:   $193,472.00
Section: 69.08   Lot: 32   Block: 6   Unit: N/A
Recorded in Erie County, NY on: 2/19/2008, book 13392, page 1246 and instrument number 2008034590

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:
Assigned From: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, ITS SUCCESSORS AND ASSIGNS
Assigned To: BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP
Recording Date: 2/1/2012 Book/Liber: 13566 Page: 1043 Instrument Number: 2012025860

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated:
APR 03 2014

                    BANK OF AMERICA, N.A., SUCCESSOR BY MERGER
                    TO BAC HOME LOANS SERVICING, LP, FKA
                    COUNTRYWIDE HOME LOANS SERVICING LP

                    By: _____
                        Amparo Mayorga
                        Assistant Vice President

State of California
County of Los Angeles

On ___APR 0 3 2014___ before me, _____ **Evette Ohanian** _____, Notary Public, personally
appeared _____ **Amparo Mayorga** _____, who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public: _____ **Evette Ohanian** _____   (Seal)
My Commission Expires: ___DEC 2 7 2015___

DocID# ████ 6727

ERIE COUNTY CLERK'S OFFICE



County Clerk's Recording Page

Return to:

Party 1:
SECRETARY OF HOUSING&URBAN
DEVELOPMENT (THE)

Party 2:
US BANK NATIONAL ASSOCIATION TR

**Book Type: M  Book: 13689  Page: 8020**
Page Count:     3
Doc Type:       ASSIGN-MTG
Rec Date:       07/31/2014
Rec Time:       08:41:40 AM
Control #:      2014150316
UserID:         ERECORD
Trans #:        14117599
Document Sequence Number

**Recording Fees:**

| | |
|---|---|
| RECORDING | $35.00 |
| COE CO $1 RET | $1.00 |
| COE STATE $14.25 GEN | $14.25 |
| COE STATE $4.75 RM | $4.75 |
| MARKOFF FEE | $0.50 |

**Consideration Amount:     0.00**

| | |
|---|---|
| BASIC MT | $0.00 |
| SONYMA MT | $0.00 |
| ADDL MT/NFTA | $0.00 |
| SP MT/M-RAIL | $0.00 |
| NY STATE TT | $0.00 |
| ROAD FUND TT | $0.00 |

**Total: $55.50**

STATE OF NEW YORK
ERIE COUNTY CLERK'S OFFICE

WARNING – THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT REQUIRED
BY SECTION 319&316-a (5) OF THE REAL PROPERTY LAW OF THE STATE OF NEW
YORK. DO NOT DETACH. THIS IS NOT A BILL.

Christopher L. Jacobs
County Clerk

Recording Requested By:
Bank of America, N.A.

Prepared By: Marivel Castro

When recorded mail to:
Avenue 365 Lender Services, LLC
Ref: NB Assignments
401 Plymouth Road, Suite 500
Plymouth Meeting, PA 19462

DocID#                    7547
Property Address:
403 Teakwood Terrace
Amherst, NY 14221-3935
Property Location:
Township of AMHERST
NY0v3-AM 29184302  C  4/1/2014  PSL0303A

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY PRMF ACQUISITION, LLC, ITS ATTORNEY IN FACT, the undersigned holder of the Mortgage described below (herein "Assignor") whose address is 451 7TH STREET, S.W., WASHINGTON, D.C. 20410 does hereby grant, sell, assign, transfer and convey unto U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SROF-2013-S3 REMIC TRUST I whose address is 60 LIVINGSTON AVENUE, EP-MN-WS3D, ST. PAUL, MN 55107 all beneficial interest under that certain security instrument described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said security instrument.

Beneficiary:          MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
                      NOMINEE FOR COUNTRYWIDE BANK, FSB, ITS SUCCESSORS AND
                      ASSIGNS
Made By:              MARK K MACRIS, AND CATHERINE M MACRIS
Date of Mortgage:     2/1/2008
Original Loan Amount: $193,472.00
Section: 69.08   Lot: 32   Block: 6   Unit: N/A
Recorded in Erie County, NY on: 2/19/2008, book 13392, page 1246 and instrument number 2008034590

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

This Mortgage has not been assigned unless otherwise stated below:
Assigned From: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB, ITS SUCCESSORS AND ASSIGNS
Assigned To: BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP
Recording Date: 2/1/2012 Book/Liber: 13566 Page: 1043 Instrument Number: 2012025860

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on Dated: 7/21/14

*by Avenue 365 Lender Services, LLC, its designee, by Power of Attorney recorded in Maricopa County, Arizona as Inst. #20140276293

THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY PRMF ACQUISITION, LLC, ITS ATTORNEY IN FACT

By:

Matthew Stubbe
Authorized Signatory

State of Pennsylvania

County of Montgomery

Before me, Corian Kane, duly commissioned Notary Public, on this day personally appeared Matthew Stubbe, Authorized Signatory of Avenue 365 Lender Services, LLC, designee for PRMF Acquisition LLC, attorney-in-fact for Secretary of Housing and Urban Development, personally known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this 21 day of July, 2014.

Notary Public's Signature

Printed Name:  Corian Kane

My Commission Expires: 4/8/2015