UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
MARK K. MACRIS,

                        Plaintiff,              Case No.: 1:17-cv-00361 (WMS)

           v.                                **AFFIDAVIT OF CYNTHIA
WALLACE IN SUPPORT OF**
EXPERIAN INFORMATION SOLUTIONS, INC.  **DEFENDANT'S MOTION FOR**
And SPECIALIZED LOAN SERVICING, LLC.   **SUMMARY JUDGMENT**

                    Defendants.
---------------------------------------------------------------X

Cynthia Wallace, of full age, being duly sworn according to law, deposes and says:

1. I am a Second Assistant Vice President of Specialized Loan Servicing, LLC ("SLS") ("Defendant"), who is the mortgage loan servicer of a Note and Mortgage (the "Mortgage Loan") that was executed by plaintiff Mark K. Macris ("Plaintiff"). The statements made herein are based on my personal knowledge or based on my review of the records of SLS.

2. As part of its regular business practices and record keeping system, SLS maintains a computer database (the "Loan Records") of acts, transactions, payments, communications, escrow account activity, disbursements, events, and analyses (the "Loan Transactions") with respect to the mortgage loans which SLS services. The matters in the Loan Records are entered by persons with knowledge at the time of the transaction, occurrence, or event referred to therein, or were made within a reasonable time thereafter and are maintained in the ordinary course of SLS's regular business activity of mortgage servicing and reflect regularly conducted business practices of mortgage servicing.

3. I have access to the Loan Records maintained with respect to the subject loan, and I have reviewed the Loan Records relating to the subject loan. Based upon those records, I am personally familiar with the servicing of the subject loan. I am authorized to make this

1

certification and affidavit.

4. SLS acquired servicing rights to the Mortgage Loan, from Bank of America, ("BOA") effective April 1, 2014. Attached hereto as **Exhibit A** is a true and correct copy of the letter dated April 9, 2014 that was sent to the Plaintiff notifying him along with Catherine M. Macris of the transfer of servicing of their Loan. Attached hereto as **Exhibit B** is a true and correct copy of a Limited Power of Attorney from U.S. Bank National Association to SLS, executed on June 6, 2018.

5. The Loan Records reflect that the Plaintiff along with Catherine M. Macris duly executed and delivered to Countrywide Bank, FSB (hereinafter "Countrywide"), a note dated February 1, 2008 where it was covenanted and agreed that they would repay Countrywide the sum of $193,472.00, with interest (hereinafter, "Note"). The original Note is indorsed in blank. A true and correct copy of the indorsed Note is annexed hereto as **Exhibit C** and incorporated herein by reference.

6. The Loan Records reflect that on that same date, to secure the payment of the sum represented by the Note, the Plaintiff along with Catherine M. Macris duly executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide, a mortgage dated February 1, 2008 (hereinafter, "Mortgage"), granting a security interest on real property located at 403 Teakwood Terrace, Amherst, New York 14221 (hereinafter, "Property"). The Mortgage was duly recorded in the Erie County Clerk's Office on February 19, 2008 under Control Number 2008034690. A true and correct copy of the recorded Mortgage is annexed hereto as **Exhibit D**.

7. The Loan Records reflect that the Mortgage was transferred from MERS as nominee for Countrywide to Bank of America, N.A., Successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by an Assignment of Mortgage dated November 8, 2011 and recorded in the Erie County Clerk's Office on February 2, 2012

2

2180133.1

under Control Number 2012025860 ("Assignment 1"). A true and correct copy of Assignment 1 is annexed hereto as **Exhibit E**.

8. The Loan Records reflect that the Mortgage was transferred from BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP to the Secretary of Housing and Urban Development by an Assignment of Mortgage dated April 3, 2014 and recorded in the Erie County Clerk's Office on June 2, 2014 under Control Number 2014105938 ("Assignment 2"). A true and correct copy of Assignment 2 is annexed hereto as **Exhibit F**.

9. The Mortgage was transferred from the Secretary of Housing and Urban Development by PRMF Acquisition, LLC, its Attorney in Fact to U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I in an Assignment of Mortgage dated July 21, 2014 and recorded in the Erie County Clerk's Office on July 31, 2014 under Control Number 2014150316 ("Assignment 3"). A true and correct copy of the Assignment 3 is annexed hereto as **Exhibit G**. Thereafter, the Mortgage was transferred from U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I to U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee in an Assignment of Mortgage dated August 14, 2015 and recorded in the Erie County Clerk's Office on August 17, 2015 in Book 13733 Page 7013 ("Assignment 4"). See **Exhibit G**.

10. The Loan Records reflect that Plaintiff and Catherine Macris failed to comply with the terms of the Mortgage Loan by defaulting on the installment payment due and payable on October 1, 2009 and monthly thereafter. A true and correct copy of the Customer Loan Inquiry screenshot, which is kept in the normal course of SLS's business is annexed hereto as **Exhibit H**. Said default was never cured by Plaintiff or Catherine M. Macris.

11. Due to Plaintiff and Catherine M. Macris's default, on March 16, 2015 an action was commenced to foreclose on the Mortgage Loan entitled, *U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I v. Mark K. Macris, Catherine M. Macris, et al.*, Index

3

2180133.1

Number 803473/2015 in the Erie County Supreme Court (the "2015 Foreclosure Action"). The caption was later amended to reflect a new Plaintiff and reflects *U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee v. Catherine Macris*. A true and correct copy of the Summons and Complaint is annexed hereto as **Exhibit I**. The Plaintiff was removed as a defendant from the caption because he was no longer in title to the subject property. Nevertheless, Plaintiff remained an obligor under the Mortgage Loan, specifically the Note and Mortgage. Plaintiff in the 2015 Foreclosure Action obtained a judgment of foreclosure and sale and thereafter, the Property was sold at an auction. A true and correct copy of the Referee's Report of Sale is annexed hereto as **Exhibit J**. Thereafter, on November 30, 2017, the Mortgage Loan was sold to PROF-2013-S3 Legal Title Trust V, by U.S. Bank National Association, as Legal Title Trustee. A release from obligation under the Mortgage Loan was never provided to Plaintiff.

12. PROF-2013-S3 Legal Title Trust V, by U.S. Bank National Association, as Legal Title Trustee is the holder and owner of the Mortgage Loan that is the subject of Plaintiff's Complaint and the debt that SLS can rightfully collect, on behalf of PROF-2013-S3 Legal Title Trust V, by U.S. Bank National Association, as Legal Title Trustee, pursuant to the Limited Power Attorney. See **Exhibit B**.

13. Plaintiff sent a written dispute to Experian concerning the delinquent reporting of the Mortgage Loan debt and requested that Experian remove the SLS trade line from this credit report. A copy of which was provided to SLS. See **Exhibit K**.

14. In addition, on or about April 28, 2016, Plaintiff sent a written dispute to SLS, alleging that he was no longer obligated under the mortgage debt based on an enclosed Order of Reference which was signed by the Honorable James H. Dillon in the 2015 Foreclosure Action for foreclosure of the Mortgage Loan debt. See **Exhibit L**.

15. Following review of Plaintiff's April 28, 2016 letter and diligent investigations by

4

SLS, on May 23, 2016, SLS sent a letter to Plaintiff advising him that it was determined that Plaintiff along with Catherine M. Macris are still obligated under the Mortgage Loan debt. Further, that SLS has accurately reported Plaintiff's account status to the credit reporting agencies and found no errors in their reporting. A true and correct copy of the May 23, 2016 letter is annexed hereto as **Exhibit M**.

16. Further, in July 2016, Plaintiff sent a written dispute to Experian concerning the Mortgage Loan debt and the dispute was transmitted to SLS. Following a thorough and detailed investigation of Plaintiff's dispute, on July 27, 2016, SLS provided a response to Experian, stating that the account information was accurate as of the date reported. A true and correct copy of the July 27, 2016 Automated Credit Dispute Verifications ("ACDV") is annexed hereto as **Exhibit N**.

Based on the foregoing and pursuant to the Loan Records, SLS rightfully sought to collect on the amounts owed under this Mortgage Loan.

I certify under penalty of perjury that the foregoing is true and correct.

OCT 2 4 2018

STATE OF COLORADO )
COUNTY OF DOUGLAS )

Subscribed and sworn before me in the County of Douglas, State of Colorado this October 24, 2018 by Cynthia Wallace.

ZACHARY SURATT
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 20184013140
MY COMMISSION EXPIRES 03/21/2022

Notary's Official Signature
Zachary Suratt

2180133.1