# EXHIBIT L

Subject: Account # ▌2479
From: mark macris <SMTP:markmacris@yahoo.com>
DateReceived: 4/28/2016 2:13:52 PM

To account service department
Specialized Loan Serving

To whom it may concern,

Please review the attached order of reference that was signed by Honorary James H .Dillon, State of New York Supreme Court.

Upon the affirmation of Kurt B Odenbach of Davidson Fink LLC and Affidavit of Cynthia Wallace, Second Assistant Vice President, I am ordered to be removed from the mortgage obligation of 403 Teakwood Terrace, Williamsville NY 14221.

Please remove any derogatory credit information that is listed in my credit reports as currently being reported.

Sincerely,

Mark K Macris

At an Ex Parte Term of the Supreme Court, held in and for the County of Erie at the Erie County Hall, Buffalo, New York on the 18th day of November 2015.

PRESENT: HON. JAMES H. DILLON
J.S.C.

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ERIE

---

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE SROF-2013-S3 REMIC TRUST I,

    Plaintiff,

-vs-

MARK K. MACRIS;
CATHERINE M. MACRIS;
and "JOHN DOE" and "MARY DOE,"
(Said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein.)

    Defendants.

---

Index No.: 803473/2015

**ORDER OF REFERENCE**

Mortgaged Premises:
403 Teakwood Ter
Amherst, (Town of Amherst)
NY 14221

---

UPON the Summons, Verified Complaint and Notice of Pendency filed in this action on March 16, 2015 hereto annexed as Exhibit A, and upon reading plaintiff's sworn affidavit and the affirmation of Kurt B. Odenbach, an attorney with the firm of Davidson Fink LLP, counsel for Plaintiff herein, dated 10/9/2015 and upon the Affidavit of Cynthia Wallace, who is Second Assistant Vice President of Plaintiff sworn to October 8, 2015, from all of which it appears that this action was brought to foreclose a certain Mortgage upon real property situated at 403 Teakwood Ter, Amherst, NY 14221, County of Erie; and it further appearing that each and all Defendants have appeared herein or have been duly served with the

Summons and Verified Complaint, which copies of said affidavits of service are annexed hereto as Exhibit B, except the Defendants 'John Doe' and 'Mary Doe' who were not served copies of the Summons and Verified Complaint and are not necessary parties to this action, and that the time to answer has expired as to each and all Defendants and that no answer has been interposed nor any motion nor appearance made by any Defendants except Catherine Schaefer and that said Defendants have now defaulted herein; and it appearing that none of the Defendants is an infant, incompetent, absentee or in the military; and that since the filing of the Notice of Pendency the Complaint has not been amended; and on all the pleadings and papers filed herein, and the proceedings had herein;

NOW, on motion of Kurt B. Odenbach, of Davidson Fink LLP, attorneys of record for Plaintiff herein, it is:

ORDERED, that the motion is granted; and it is further

ORDERED, that Mark Macris be dropped from the caption as said defendant is no longer a necessary party defendant; and it is further

ORDERED, that this action be and the same hereby is discontinued as against Defendants sued herein as 'John Doe' and 'Mary Doe', not having been served with copies of the Summons and Complaint and are not necessary party Defendants, and that the said Defendants be stricken out and eliminated from the title and caption of this action accordingly, all without prejudice to any of the proceedings heretofore had or to be had in this action; and it is further

ORDERED, that the caption be amended to reflect the recorded Assignment of Mortgage; and it is futher

ORDERED, that the caption shall read as follows:

U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank
National Association, as Legal Title Trustee

        Plaintiff,    Index No.: 803473/2015

   -vs-

CATHERINE M. MACRIS;

        Defendants.

---

; and it is further

ORDERED, that this action be and the same hereby is referred to JASON DIPASQUALE, Esq, with an office at 43 Court Street, Suite 800, Buffalo NY 14202, Phone Number: 716 854 5311 Fax Number: _____ as Referee to ascertain and compute the amount due except attorney's fees to Plaintiff in this action for principal and interest on the Note and Mortgage sued upon and set forth in the Complaint and for payments made by Plaintiff for taxes, assessments, water charges, insurance premiums and any other expenses that Plaintiff has paid or may pay in connection with the protection of its security hereunder against the Mortgaged Premises including, but not limited to, the costs of preserving or protecting the Mortgaged Premises, and fees for other services and charges affecting the premises herein described, during the pendency of this action and until the closing of title with purchaser at foreclosure sale, and that any sums so paid by Plaintiff shall be added to the sum otherwise due to Plaintiff, pursuant to Plaintiff's claim herein, and shall be deemed secured by said Note and Mortgage as therein provided and adjudged a valid lien on the

Mortgages Premises herein described, with interest thereon from the date of each such payment, and to examine and report whether the Mortgaged Premises should be sold in one or more parcels and the Referee complete his report to the Court with all convenient speed; and it is further

ORDERED that, if required, the Referee take testimony pursuant to §1321 of the Real Property Actions and Proceedings Law (RPAPL); and it is further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule (c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

ORDERED, that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, §36.2(c) ("Disqualifications from appointment") and § 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED, that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Dated:
Buffalo, New York

JAMES H. DILLON   J.S.C.

ENTER: IN ERIE COUNTY

Section: 69.08
Block: 6
Lot: 32

**GRANTED**

NOV 2 0 2015

BY LAURA HAAS
COURT CLERK