# Exhibit D

FILED: ERIE COUNTY CLERK 03/16/2015 04:55 PM
NYSCEF DOC. NO. 1

INDEX NO. 803473/2015
RECEIVED NYSCEF: 03/16/2015

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ERIE

---

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR THE SROF-2013-S3 REMIC TRUST I,

                    Plaintiff,

vs.

MARK K. MACRIS;
~~CATHERINE M. MACRIS;~~
and "JOHN DOE" and "MARY DOE,"
(Said names being fictitious, it being the intention of
plaintiff to designate any and all occupants, tenants, persons
or corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein.)

                    Defendants.

Filed: 3/16/2015

Index No.: I2015-803473

**SUMMONS AND NOTICE**

Mortgaged Premises:
403 Teakwood Ter
Amherst, (Town of Amherst) NY
14221

---

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in the above entitled action and to serve a copy of your Answer on Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT**

    **THE OBJECT** of the above captioned action is for the foreclosure of:

Mortgage bearing the date of February 1, 2008, executed by MARK K. MACRIS AND CATHERINE M. MACRIS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR COUNTRYWIDE BANK, FSB to secure the sum of $193,472.00, and interest, and recorded in the Office of the Clerk of Erie County on February 19, 2008 in Book 13392 Page 1246.

That MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB duly assigned said Note and Mortgage to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS

SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP by Assignment dated November 8, 2011 and recorded on February 2, 2012 in the Office of the Clerk of Erie County in Book 13566 Page 1043.

That BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP duly assigned said Note and Mortgage to SECRETARY OF HOUSING AND URBAN DEVELOPMENT by Assignment dated April 3, 2014 and recorded on June 2, 2014 in the Office of the Clerk of Erie County in Book 13682 Page 7635.

That SECRETARY OF HOUSING AND URBAN DEVELOPMENT duly assigned said Note and Mortgage to U.S. BANK NATIONAL ASSOCIATION, as trustee for the SROF-2013-S3 REMIC Trust I by Assignment dated July 21, 2014 and recorded on July 31, 2014 in the Office of the Clerk of Erie County in Book 13689 Page 8020.

The relief sought in the within action is a final judgment directing the sale of the Mortgaged Premises described above to satisfy the debt secured by the Mortgage described above.

Plaintiff designates Erie County as the place of trial. The basis of venue is the County in which the Mortgaged Premises is situated.

Section: 69.08
Block: 6
Lot: 32

THIS SPACE WAS LEFT BLANK INTENTIONALLY

STATE OF NEW YORK
SUPREME COURT            COUNTY OF ERIE

---

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE   Index No.: 803473/2015
FOR THE SROF-2013-S3 REMIC TRUST I,

                                                  Mortgaged Premises:
                       Plaintiff,        403 Teakwood Ter
                                                  Amherst, (Town of Amherst) NY
vs.                                                 14221

MARK K. MACRIS;
CATHERINE M. MACRIS;
and "JOHN DOE" and "MARY DOE,"
(Said names being fictitious, it being the intention of
plaintiff to designate any and all occupants, tenants, persons
or corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein.)

                                                   Defendants.

---

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

      PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

      The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646386-3033 or efile@courts.state.ny.us.

DATED: March 19, 2015

BY: _____
Erinn K. Prestidge, Esq.
DAVIDSON FINK LLP
Attorneys for Plaintiff
Foreclosure Department
28 East Main Street, Suite 1700
Rochester, New York 14614
Tel: (585) 760-8218

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ERIE

---

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR THE SROF-2013-S3 REMIC TRUST I

Plaintiff,

vs.

MARK K. MACRIS;
CATHERINE M. MACRIS;
and "JOHN DOE" and "MARY DOE,"
(Said names being fictitious, it being the intention of
plaintiff to designate any and all occupants, tenants, persons
or corporations, if any, having or claiming an interest in
or lien upon the premises being foreclosed herein.)

Defendants.

Filed: 3/16/2015

Index No.: 12015-803473

VERIFIED COMPLAINT

---

The plaintiff herein, by **Davidson Fink LLP**, its attorneys, complains of the defendants above named, and for its cause of action, alleges:

**FIRST:** Plaintiff, with an office at c/o Specialized Loan Servicing LLC, 7842 Lucent Boulevard, Highlands Ranch, CO 80129, is authorized to do business in this State or qualifies as a "foreign bank" pursuant to the relevant statutes and, as such, has standing and capacity to bring this action in the courts of the State of New York.

**SECOND:** Upon information and belief, that at all times hereinafter mentioned, the defendant(s) set forth in **Schedule A** reside or have a place of business at the address set forth therein and are made defendants in this action in the capacities therein alleged and for the purpose of foreclosing and extinguishing any other right, title or interest said defendants may have in the subject premises.

**THIRD:** That the United States of America, The People of the State of New York, The State Tax Commission of the State of New York, the Industrial Commissioner of the State of New York, and all other agencies or instrumentalities of the Federal, State or local government (however designated), if made parties to this action and if appearing in **Schedule B**, are made parties solely by reason of the facts set forth in said schedule, and for no other reason.

**FOURTH**: That heretofore, the defendant(s), MARK K. MACRIS AND CATHERINE M. MACRIS, for the purpose of securing to plaintiff or its assignor, its successors and assigns, the sum of $193,472.00, duly made a certain bond, note, loan agreement, extension agreement, consolidation agreement, or recasting agreement, as the case may be, wherein and whereby they bound themselves, their heirs, executors, administrators and assigns, and each and every one of them, jointly and severally, in the amount of said sum of money, all as more fully appears together with the terms of repayment of said sum or rights of the plaintiff in said bond, note or other instrument. A copy of said instrument, or an affidavit regarding same, is attached hereto and made a part hereof.

**FIFTH**: That as security for the payment of said indebtedness, a mortgage was executed, acknowledged and delivered to the plaintiff or its assignor, whereby the mortgagor or mortgagors therein named, bargained, granted and sold to the mortgagee named therein, its successors and assigns, the premises more particularly described therein (hereinafter called "mortgaged premises"), under certain conditions with rights, duties and privileges between or among them as more fully appears in said mortgage, a copy of which is attached hereto and made a part hereof.

**SIXTH**: That the said mortgage was duly recorded (and the mortgage tax due thereon was duly paid) in the proper County Clerk's Office at the place and time which appears thereon.

**SEVENTH**: That the defendant(s), so named, have failed and neglected to comply with the terms and provisions of said mortgage, bond/note/loan agreement, and said instrument(s) secured by said mortgage by omitting and failing to pay items of principal and interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges, all as more fully appears in **Schedule C** and accordingly the plaintiff hereby elects to call due the entire amount secured by the mortgage described in paragraph FIFTH hereof. The default has continued beyond the applicable grace period set forth in the mortgage, and by reason thereof, plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

**EIGHTH**: That Schedule C sets forth the principal balance due and the date (and rate) from which interest accrued and all other items and charges arising from said default which are now due.

NINTH:  That in order to protect its security, the Plaintiff has paid, if set forth in Schedule C, or may be compelled to pay during the pendency of this action local, taxes, assessments, water rates, insurance premiums, inspections and other charges affecting the mortgaged premises, and the plaintiff requests that any sums thus paid by it for said purposes (together with interest thereon), should be added to the sum otherwise due and be deemed secured by the said mortgage and be adjudged a valid lien on the mortgaged premises.

TENTH:  That each of the above-named defendants has, or claims to have, some interest in, or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of plaintiff's mortgage.

ELEVENTH:  That the plaintiff is now the sole, true and lawful holder of the said bond/note/loan agreement and mortgage securing the same and there are no pending proceedings at law or otherwise to collect or enforce said bond/note and mortgage. Copies of Assignment(s) of Mortgage, if any, are attached hereto and made a part hereof.

TWELFTH:  That Schedules, Exhibits and other items attached to this Complaint are expressly incorporated and made a part of the Complaint for all purposes with the same force and effect as if they were completely and fully set forth herein wherever reference has been made to each or any of them.

THIRTEENTH:  That by reason of the foregoing, there is now due and owing to the plaintiff upon said bond, note, loan agreement, assumption agreement, extension agreement or consolidation agreement the amount set forth in Schedule C.

FOURTEENTH:  That if the security for the indebtedness consists of more than one parcel, plaintiff respectfully requests that the judgment of foreclosure provide for the sale of the parcels in a particular order to the extent necessary to satisfy the indebtedness or that if the mortgage so states, the mortgaged premises may be sold in one parcel.

FIFTEENTH:  The plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made by reason of the payment or performance, after the date of the commencement of this action, of any or all of the defaults mentioned herein; and such election shall continue and remain effective until the costs and disbursements of this action, and all present and future defaults under the note and mortgage and occurring prior to the discontinuance of this action are fully paid and cured.

**SIXTEENTH**:   Pursuant to the Fair Debt Collection Practices Act, this action may be deemed to be an attempt to collect a debt on behalf of the plaintiff. Any information obtained as a result of this action will be used for that purpose.

**SEVENTEENTH:** At the time this proceeding is commenced, the plaintiff is the owner and holder of the subject mortgage and note, or has been delegated the authority to institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note.

**EIGHTEENTH:** If applicable, Plaintiff has complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, section six-l or six-m of the banking law, section thirteen hundred four of the real property actions and proceedings law, and HAMP Supplemental Directive 10-02.

**NINETEENTH**: Plaintiff has complied with all of the provisions pursuant to RPAPL §§ 1304 and 1306.

WHEREFORE, plaintiff demands judgment:

1. Adjudging and decreeing the amounts due the plaintiff for principal, interest, costs and reasonable attorney's fees, if provided for in the said bond/note/loan agreement or mortgage; and

2. That the defendant(s) and all persons claiming by, through or under them, or either or any of them, subsequent to the commencement of this action and every other person or corporation whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, may be barred and forever foreclosed of all right, claim, lien, interest or equity of redemption in and to said mortgaged premises;

3. That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts due for principal, interest, costs, reasonable attorney's fees, allowances and disbursements, together with any monies advanced and paid, may be decreed to be sold according to law;

4. That out of the monies arising from the sale thereof, the plaintiff may be paid the amounts due on said bond/note/loan agreement and mortgage and any sum which may have been paid by the plaintiff to protect the lien of plaintiff's mortgage as herein set forth, with interest upon said amounts from the dates of the respective payments and advances thereof, the costs and expenses of this action, additional allowance, if any, and reasonable attorney's fees, if provided

for in said bond, note, loan agreement or mortgage, so far as the amount of such money properly applicable thereto will pay the same;

5. The premises are being sold subject to:

(a) All common charges, if any, which are at the time a lien on the premises, together with such interest or penalties as may have lawfully accrued thereon to the date of payment;

(b) Covenants, restrictions and easements of record and zoning regulations and ordinances of the City, Town and Village in which said premises lie;

(c) Rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley or highway;

(d) Any state of facts that an accurate survey, currently dated, might disclose;

(e) Any state of facts an inspection would disclose, it being understood that the property is sold in an "as is" and "where is" condition;

(f) Any and all tenancies, possessory interests and/or leases affecting said premises which are not extinguished by this foreclosure action;

(g) The right of redemption of the United States of America, if any;

6. That if the proceeds of said sale of the mortgaged premises aforesaid be insufficient to pay the amount found due to the plaintiff with interest and costs, the officer making the sale be required to specify the amount of such deficiency in his report of sale so that plaintiff may thereafter be able to make application to this Court, pursuant to Section 1371 of the Real Property Actions and Proceedings Law, for a judgment against the defendant(s) referred to in paragraph FOURTH of this Complaint for any deficiency which may remain after applying all of such moneys so applicable thereto, **except that this shall not apply to any defendant who has been discharged in bankruptcy from the subject debt;**

7. That either or any of the parties to this action may become a purchaser upon such sale;

8. That this Court, if requested, forthwith appoint a Receiver of the rents and profits of said premises with the usual powers and duties;

9. That the plaintiff may have such other or further relief, or both, as may be just and equitable.

Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of subject premises by virtue of its position as a judgment or other lien creditor excluding the mortgage being foreclosed herein;

DATED: December 8, 2014
Rochester, New York

BY: _____
Erinn K. Prestidge, Esq.
DAVIDSON FINK LLP
Attorneys for Plaintiff
Foreclosure Department
28 East Main Street, Suite 1700
Rochester, New York 14614
Tel: (585) 760-8218

DATED: December 8, 2014
Rochester, New York

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the Mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.

Sending a payment to your Mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

BY: _____
Erinn K. Prestidge, Esq.
DAVIDSON FINK LLP
Attorneys for Plaintiff
28 East Main Street, Suite 1700
Rochester, New York 14614
Tel: (585) 760-8218

WE ARE ATTEMPTING TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## VERIFICATION
(Complaint)

I affirm under penalty of perjury: That I am the attorney for Plaintiff, having an office at 28 East Main Street, Suite 1700, Rochester, New York, 14614, in the within action; that I have read the foregoing Summons and Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters I believe them to be true. That the grounds of my belief as to all matters in the Complaint not stated to be upon knowledge are based upon the original bond/note/loan agreement, mortgage and/or financial statements, together with correspondence. I further state that the reason this verification is made by Affirmant and not an officer of Plaintiff's corporation is that Plaintiff is either a foreign corporation, or its principal place of business is not in the county where I have my office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Erinn K. Prestidge, Esq.

Sworn to before me this 8 day of December, 2014

Notary Public

NICOLE A. RIVERS
NOTARY PUBLIC, State of New York
No. 01RI6235418
Qualified in Monroe County
Commission Expires February 22, 2018

## NOTICE REQUIRED BY THE FAIR DEBT
## COLLECTION PRACTICES ACT
## (THE ACT), 15 U.S.C. SECTION 1601 AS AMENDED

1. THE AMOUNT OF THE DEBT IS STATED IN THE COMPLAINT HERETO ATTACHED.

2. THE PLAINTIFF AS NAMED IN THE ATTACHED SUMMONS AND COMPLAINT IS THE CREDITOR TO WHOM THE DEBT IS OWED.

3. THE DEBT DESCRIBED IN THE COMPLAINT ATTACHED HERETO WILL BE ASSUMED TO BE VALID BY THE CREDITOR'S LAW FIRM, UNLESS THE DEBTOR, WITHIN THIRTY (30) DAYS AFTER THE RECEIPT OF THIS NOTICE, DISPUTES THE VALIDITY OF THE DEBT OR SOME PORTION THEREOF.

4. IF THE DEBTOR NOTIFIES THE CREDITOR'S LAW FIRM WITHIN THIRTY (30) DAYS OF THE RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THE CREDITOR'S LAW FIRM WILL OBTAIN A VERIFICATION OF THE DEBT AND A COPY OF THE VERIFICATION WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

5. IF THE CREDITOR NAMED AS PLAINTIFF IN THE ATTACHED SUMMONS AND COMPLAINT IS NOT THE ORIGINAL CREDITOR, AND IF THE DEBTOR MAKES A REQUEST TO THE CREDITOR'S LAW FIRM WITHIN THE THIRTY (30) DAYS FROM THE RECEIPT OF THIS NOTICE, THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR WILL BE MAILED TO THE DEBTOR BY THE CREDITOR'S LAW FIRM.

6. REQUESTS SHOULD BE ADDRESSED TO DAVIDSON FINK LLP, 28 EAST MAIN STREET, 1700 FIRST FEDERAL PLAZA, ROCHESTER, NEW YORK 14614, (585) 760-8218.

7. THE ABOVE-REFERENCED THIRTY (30) DAYS TIME PERIOD IN WHICH THE DEBTOR MAY DISPUTE THIS DEBT SHALL IN NO WAY AMEND OR EXTEND SAID DEBTOR'S STATUTORY TIME PERIOD, AS STATED IN THE ATTACHED SUMMONS, TO INTERPOSE AN ANSWER TO THE COMPLAINT IN THIS MATTER.

## Schedule A-Defendants

MARK K. MACRIS
67 Federal Ave
Cheektowaga, NY 14225

Original mortgagor of premises being foreclosed herein and the party liable for payment of the note and mortgage herein.

CATHERINE M. MACRIS
403 Teakwood Ter
Amherst, NY 14221

Record owner and original mortgagor of premises being foreclosed herein by virtue of a deed recorded on August 14, 2012 in the Erie County Clerk's Office in Book 11227 Page 9904 and the party liable for payment of the note and mortgage herein.

"JOHN DOE" and "MARY DOE"
403 Teakwood Ter
Amherst, NY 14221

Said names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, persons or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein.

## Schedule B-Defendants

## Schedule C

| | | |
|---|---|---|
| 1. | Original Loan Amount | $193,472.00 |
| 2. | Mortgage Origination Date | February 1, 2008 |
| 3. | Principal Balance Owing | $188,706.88 |
| 4. | Default Date | October 1, 2009 |
| 5. | Monthly Payment Amount (Principal and Interest) | $1,159.96 |
| 6. | Interest Rate | 6.000%* |
| 7. | Interest from | September 1, 2009 |
| 8. | Late Charges to Date | $0.00 |

*Interest will continue to accrue at the contract bond/note/loan agreement rate, until a Judgment of Foreclosure and Sale has been entered in the proper County Clerk's Office, at which time the interest rate will be calculated at the legal rate of 9.00%.