# Exhibit F

STATE OF NEW YORK
SUPREME COURT     COUNTY OF ERIE

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR THE SROF-2013-S3 REMIC TRUST
I,

                            Plaintiff,                  Index No.: 803473/2015

              -vs-                                      **AFFIRMATION OF**
                                                                           **REGULARITY**

MARK K. MACRIS;
~~CATHERINE M. MACRIS;~~
and "JOHN DOE" and "MARY DOE,"
(Said names being fictitious, it being the intention of plaintiff
to designate any and all occupants, tenants, persons or
corporations, if any, having or claiming an interest in or lien
upon the premises being foreclosed herein.)

                            Defendants.

       Pursuant to CPLR 2106 and under penalties of perjury, Kurt B. Odenbach affirms as follows:

       1.       That I am an attorney duly admitted to practice before the courts of the State of New York and practice with the law firm Davidson Fink LLP, counsel for the Plaintiff in the above-entitled action. I am fully familiar with all facts, circumstances and proceedings herein and hereinafter set forth. I make this affirmation in support of an application for an Order Appointing a Referee to Compute.

       2.       This action has been brought to foreclose a Mortgage bearing the date of February 1, 2008, executed by MARK K. MACRIS AND CATHERINE M. MACRIS to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ACTING SOLELY AS NOMINEE FOR COUNTRYWIDE BANK, FSB to secure the sum of $193,472.00, with interest, and recorded in the Office of the Clerk of Erie County on February 19, 2008 in Book 13392 Page 1246. That MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB duly assigned said Note and Mortgage to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP by Assignment dated November 8, 2011 and recorded on February 2, 2012 in the Office of the Clerk of Erie County in Book 13566 Page 1043. That BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP duly assigned said Note and Mortgage to SECRETARY OF HOUSING AND URBAN

DEVELOPMENT by Assignment dated April 3, 2014 and recorded on June 2, 2014 in the Office of the Clerk of Erie County in Book 13682 Page 7635. That SECRETARY OF HOUSING AND URBAN DEVELOPMENT duly assigned said Note and Mortgage to U.S. BANK NATIONAL ASSOCIATION, as trustee for the SROF-2013-S3 REMIC Trust I by Assignment dated July 21, 2014 and recorded on July 31, 2014 in the Office of the Clerk of Erie County in Book 13689 Page 8020. That U.S. BANK NATIONAL ASSOCIATION, as trustee for the SROF-2013-S3 REMIC Trust I duly assigned said Note and Mortgage to U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee by Assignment dated August 14, 2015 and recorded on August 17, 2015 in the Office of the Clerk of Erie County in Control Number: 2015166556.

3. Said Mortgaged Premises is more particularly described in the Complaint; all as appears more fully on the Summons, Complaint and Notice of Pendency annexed hereto as Exhibit A and other papers filed in this action.

4. That this action was commenced by the filing of the Summons and Verified Complaint and Notice of Pendency on March 16, 2015 in the Office of the Clerk of the County of Erie and that such Notice of Pendency contained correctly and fully all of the particulars required by law to be stated; that since the filing of said Notice of Pendency, the Summons and Verified Complaint have not been amended in any manner. The Mortgage remains in default for the Mortgage installment due October 1, 2009, and for each subsequent monthly payment thereafter.

5. All Defendants were served herein as shown in the original affidavits of service heretofore filed in this action, and that the time to answer has expired as to each of the Defendants served herein. No answer has been interposed nor any motion made by Defendants to extend their time to answer, copies of which are annexed hereto as Exhibit B, except the Defendants 'John Doe' and 'Mary Doe' who were not served copies of the Summons and Verified Complaint and are not necessary parties to this action.

6. More than twenty (20) days (thirty (30) days in cases where service is made in any manner other than by personal service within the State) have elapsed since the service of the Summons and Verified Complaint, and Defendants have not answered or made any motion raising an objection to the Complaint, and their time to answer or move has expired, nor has any Notice of Appearance been received except Catherine Schaefer, a copy of which is annexed hereto as Exhibit C.

7. That all of Defendants are of full age and no Defendant is of unsound mind, incompetent, an absentee or in the military.

8. That Mark Macris be dropped from the caption as said defendant is no longer a necessary party defendant.

9. That the Defendant(s) known as 'John Doe' and 'Mary Doe' were not served with the Summons and Verified Complaint in this action, are not necessary parties and the action should be discontinued against said Defendants, without prejudice.

10. The Summons contained a boldface notice in compliance with RPAPL §1320. A copy of the Notice is incorporated into the Summons that is attached hereto as Exhibit A.

11. Each Mortgagor was served with a notice in compliance with RPAPL §1303 as amended. The notice was on its own page, delivered with the Summons and Complaint and was in bold, fourteen-point type, was printed on colored paper that is other than the color of the Summons and Complaint, and the title of the notice was in bold, twenty-point type. A copy of the notice that was delivered to the Mortgagors, together with proof of its delivery, is attached hereto as Exhibit B.

12. Each tenant, if any, was served with a notice in compliance with RPAPL §1303 as amended. The notice was on its own page in bold, fourteen-point type, was printed on colored paper that is other than the color of the Summons and Complaint, and the title of the notice was in bold, twenty-point type. A copy of the notice that was mailed to the tenants, together with proof of its delivery, it attached to Exhibit B.

13. Pursuant to paragraph 13 of the Mortgage being foreclosed herein, a Notice of Intent to Foreclose (demand letter) was sent to the Mortgagor on August 11, 2011. Per paragraph 18 of the Mortgage, the notice was sent via regular and/or certified mail. A copy of the notice and related proofs of mailing are annexed hereto as Exhibit D.

14. A 90-day pre-foreclosure notice was sent to Defendants on April 25, 2014. pursuant to RPAPL § 1304; a copy of the Notice is annexed hereto as Exhibit F. Plaintiff has complied with the 90-day pre-foreclosure notice electronic filing provision of section RPAPL §1306.

15. That all the proceedings have been regular and in accordance with the rules and practice of this court.

16. That no previous application for any of the relief herein prayed for has been made under this index number.

**WHEREFORE**, it is prayed that an order be entered:
    (a) appointing a Referee to compute;
    (b) dropping Mark Macris from the caption;
    (c) deleting 'John Doe' and 'Mary Doe' from the caption; and
    (d) granting such other and further relief as the court may deem just and proper.

Dated: 10/9/2015
Rochester, New York

Kurt B. Odenbach, Esq.