# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARK K. MACRIS,

                              Plaintiff,

v.                                                  Civil Action No. _____

EXPERIAN INFORMATION SOLUTIONS, INC
And SPECIALIZED LOAN SERVICING LLC.

                              Defendants,

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual damages, statutory damages, punitive damages, costs and attorneys fees based upon Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C.§1681 et seq. ("Fair Credit Reporting Act" or "FCRA") and the New York Fair Credit Reporting Act (General Business Law Art. 25§§ 380 et seq.)("NYFCRA").

2. Specialized Loan Servicing LLC (hereinafter SLS), violated the FCRA by furnishing inaccurate information to a consumer reporting agency.

3. Defendant SLS violated the FCRA by failing to conduct a thorough investigation and review all relevant information after receiving notice of the disputed information.

4. Defendant Experian Information Solutions, Inc., (hereinafter Experian) violated the FCRA and NYFCRA by failing to follow reasonable procedures to ensure maximum possible accuracy when preparing credit reports purportedly concerning the Plaintiff. Said Defendant also violated the FCRA and NYFCRA by issuing credit reports to various third parties, which contained erroneous information regarding Plaintiff's credit history.

5. Defendant Experian violated their obligation under the FCRA and NYFCRA to investigate properly all items that Plaintiff disputed in the Plaintiff's credit file maintained by them.

6. Defendant Experian provided the Plaintiff's credit report, containing erroneous information, to third-parties who used such reports to make creditworthiness determinations about him and, as a result, his credit score was adversely affected. Further, Plaintiff was denied loans he applied for based upon the erroneous information provided by Experian to the lenders he had applied to.


EXHIBIT A  4/25/18

7. Defendants Experian and SLS negligently and willfully violated various provisions of the FCRA and Plaintiff is entitled to an award of actual damages, punitive damages, and attorney's fees and costs.

8. The Plaintiff further alleges that as a direct and proximate result of Defendants Experian and SLS's actions, conduct and omissions, he suffered actual damages including, but not limited to, damage to his ability to obtain credit, pecuniary loss due his inability to obtain credit, damage to his reputation, emotional distress, aggravation, and frustration.

9. This action is also brought for actual and statutory damages in response to Defendant SLS's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court is conferred upon Defendants under the FCRA by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. This Court has supplemental jurisdiction over Plaintiff's state claims asserted herein pursuant to 28 U.S.C. §1367(a).

12. Jurisdiction of this Court also arises under the FDCPA by 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

13. Venue is proper in this district under 15 U.S.C. §1681p and U.S.C. §1391(b).

## PARTIES

14. Plaintiff Mark Macris is a natural person residing in the town of Amherst, County of Erie and State of New York.

15. Plaintiff is a "consumer" as defined by §1681a(c) as well as by 15 U.S.C. §1692a(3).

16. Defendant Specialized Loan Servicing LLC. ("SLS") is a foreign limited liability company organized and existing under the laws of the state of Delaware and is authorized to do business in the state of New York.

17. SLS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

18. Defendant SLS are furnishers of information to consumer reporting agencies under section 1681 of the FCRA, and is regularly engaged in furnishing such information.

2

19. Defendant Experian Information Solutions, Inc., ("Experian") is a foreign business corporation organized and existing under the laws of the State of Ohio and authorized to do business in the state of New York

20. Defendant Experian is a "consumer reporting agency," as defined in section 1681(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA to third parties.

21. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

22. All references to "Defendant(s)" herein shall mean the Defendant(s) or an employee of the Defendant(s).

## FACTUAL ALLEGATIONS

23. That in or about June 10, 2009, Plaintiff entered into a matrimonial settlement agreement with his then wife, and now ex-wife, Catherine M. Macris. Pursuant to this agreement, Ms. Macris agreed to secure Plaintiff's release of the mortgage encumbering 403 Teakwood Terrace, Amherst, NY 14221.

24. That in or about August 14, 2012, a Deed and Real Property Transfer Report was filed with the Erie County Clerk's Office removing Plaintiff from the deed and the mortgage for the property at 403 Teakwood Terrace, Amherst, NY 14221.

25. That in or about March 6, 2015, Plaintiff was named a defendant in a matter in the Supreme Court for Erie County, captioned: U.S. Bank National Association as Trustee For The SROF 2013-S3 Remic Trust I v. Mark K. Macris, Catherine M. Macris and John Doe and Mary Doe, bearing Index No. 803473/2015.

26. On or about November 20, 2015, an Order of Reference was filed with the Erie County Clerk's Office pertaining to the above action. The Order removed Plaintiff Mark K. Macris from the action as he was deemed to no longer be a necessary party.

27. On or about May 19, 2016, Plaintiff pulled his credit report from Experian. This report showed a tradeline for an SLS mortgage account 100870xxxx that was past due and had a foreclosure proceeding started.

28. That Plaintiff disputed the aforementioned accounts with Experian.

29. That the SLS mortgage account 100870xxxx will be referred to as "the subject debt" in this Complaint.

30. That the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family or household purposes.

31. That the subject debt was a "debt" as that term is defined by 15 U. S. C. §1692a(5).

32. That the Plaintiff allegedly defaulted on the subject debt.

33. That Defendant SLS was hired by the current creditor to collect the subject debt or alternatively, allegedly acquired the debt after default.

34. In or about May 2016, Plaintiff received a call from SLS requesting his financial information. Plaintiff informed SLS that he does not have any obligation to the subject debt. Plaintiff further stated that he had been removed from the deed and mortgage in August 2012 and also has a court order of November 2015 that acknowledges such.

35. That despite Plaintiff informing Defendant SLS several times that he doesn't owe any subject debt and that he is not an mortgagor for the real property located 403 Teakwood Terrace, Amherst, NY 14221, Defendant SLS continued to contact Plaintiff attempting to collect the alleged subject debt.

36. That in July 2016, Experian sent Plaintiff a reinvestigation report in which it verified the disputed SLS mortgage account 100870xxxx tradeline.

37. That in or about August 2, 2016, Plaintiff applied for a Chase Freedom Visa credit card. Plaintiff was denied in part due to the inaccurate SLS tradelines that he previously disputed with Experian and SLS.

38. On or about August 2016, Plaintiff has a conversation with SLS wherein they told him that they will be foreclosing on his property in September 2016.

39. In or about September 2016, Plaintiff had another conversation with SLS representative Linda where she informed him that they will be foreclosing on September 27, 2016 and he is responsible for the alleged subject debt.

## FIRST CAUSE OF ACTION
### Violation of 15 U.S.C § 1681s(2)

40. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

41. That after receiving notice of Plaintiff's dispute of the inaccurate furnished information to Experian, Defendant SLS negligently and/or willfully failed to conduct an investigation of the disputed information; review all the relevant information provided by the consumer

4

with notice; report the results of the investigation to the consumer reporting agency; and modify, delete, or permanently block the reporting of that item of information that is inaccurate. Defendant SLS negligently and/or willfully failed to follow such required procedures and violated 15 U.S.C § 1681s(2)(b)(1). If Defendant SLS had properly followed said requirements they would have discovered that the Plaintiff was removed from the deed in 2012 and a court order removing him again was filed 2015 with the clerk's office.

42. As a result of the failing to follow proper investigation requirements of disputed information, Defendant SLS negatively impacted Plaintiff's credit rating and adversely affected Plaintiff's ability to obtain credit.

43. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein. Defendant SLS is liable to Plaintiff for the actual damages he sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681o.

## SECOND CAUSE OF ACTION
### Violation of NYFCRA §380-j(e)

44. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

45. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced a consumer report regarding the Plaintiff, as that term is defined in New York General Business Law§380-a(c).

46. Such reports contained numerous entries which were inaccurate, erroneous and false. Experian knew, or should have known that the reports contained erroneous information.

47. Experian negligently and/or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of New York General Business Law§380-j(e).

48. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

49. Experian is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to New York General Business Law §380-m.

### THIRD CAUSE OF ACTION
### Violation of FCRA §1681e(b)

50. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

51. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C.§1681a(d)

52. Such reports contained entries which were inaccurate, erroneous and false. Defendant ~~Experian knew, or should have known that the reports contained erroneous information.~~

53. Defendant Experian negligently and/or willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information they reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C.§1681e(b)

54. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

55. Defendant Experian is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct in an amount to be determined by the trier of fact, as well as his reasonable attorneys fees and costs, and he may recover therefore pursuant to 15 U.S.C.§1681o.

### FOURTH CAUSE OF ACTION
### Violation of FCRA § 1681i

56. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

57. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for negligently and/or willfully failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. 1681i.

58. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Experian is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## FIFTH CAUSE OF ACTION
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

59. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in all the proceeding paragraphs herein.

60. The conduct of Defendant SLS as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    a. Defendant violated 15 U.S.C. §1692d, §1692e, §1692e(2), §1692e(5), §1692e(10), §1692f, and §1692f(1) by continuously contacting the Plaintiff in an a attempt to collect a debt that Plaintiff does not owe

    b. Defendant violated 15 U.S.C. §1692e8 by falsely reporting on Plaintiff's credit report that he owes the alleged subject debt, that he is on the mortgage for the premise, and that the account is past due and in foreclosure.

    c. Defendants violated 15 U.S.C. §1692g by failing to provide Plaintiff with written notice of his validation rights for the alleged subject debt.

61. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: April 28, 2017

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com

7