# Exhibit C

At an Ex Parte Term of the Supreme
Court, held in and for the County of
Erie at the Erie County Hall, Buffalo,
New York on the 27th day of
June 2016.

PRESENT: HON. JAMES H. DILLON

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ERIE

---

U.S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE,

Plaintiff,

-vs-

CATHERINE M. MACRIS;

Defendants.

Index No.: 803473/2015

**JUDGMENT OF FORECLOSURE AND SALE**

Mortgaged Premises:
403 Teakwood Ter
Amherst, (Town of Amherst)
NY 14221

---

UPON the Summons, Verified Complaint and Notice of Pendency duly filed in this action on March 16, 2015, and on all proceedings thereon; and on reading and filing the Affirmation of Regularity for Judgment of Foreclosure and Sale of Erinn K. Prestidge, Esq., dated May 19, 2016, showing that each and all of the Defendants herein having been duly served within this State with the Summons and Complaint in this action, or have voluntarily appeared therein by their respective attorneys, and proving that more than the legally required number of days had elapsed since said Defendants were so served and/or appeared as aforesaid and that none of the Defendants had served any answer to said Complaint, nor had their time to do so been extended and upon the Order dated November 18, 2015, appointing JASON DIPASQUALE, Esq. to compute the amount due to Plaintiff upon the Note and Mortgage set forth in the Complaint and to examine Plaintiff or its agent on the oath as to the allegations of the Complaint, and to examine and report whether the Mortgaged Premises should be sold in one or more parcels; and upon reading the report of JASON DIPASQUALE, Esq., Referee, dated April

15, 2016, by which report it appears that the sum of $310,224.70 was due Plaintiff thereon as of the date interest is calculated through plus a per diem interest for every day thereafter; and that the Mortgaged Premises should be sold in one parcel;

NOW, UPON MOTION OF Davidson Fink LLP., attorneys for Plaintiff, it is

ORDERED, that the motion is hereby granted; and it is further

ORDERED, ADJUDGED AND DECREED, that the said Report of Referee be, and the same is hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the Mortgaged Premises described in the Complaint and hereinafter described in Schedule A, or such part hereof as may be sufficient to discharge the Mortgage debt, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceeding Law (RPAPL), be sold in one parcel at public auction, at the foreclosure alcove, first floor, Erie County Hall, 92 Franklin Street, City of Buffalo, Erie County, New York, by and under the direction of JASON DIPASQUALE, Esq. who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of sale in accordance with RPAPL §231 and the practice of this Court in an official publication, to wit: _Buffalo Law Journal_.

AND Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case Plaintiff shall become the purchaser at the said sale it shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed to the premises sold; that in the event that a party other than Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of the title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale;

ORDERED, ADJUDGED AND DECREED that the Referee on receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are now or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED that said Referee deposit the balance of said proceeds of sale in his/her own name as Referee in his/her attorney's trust account and shall thereafter make the following payments and the checks drawn for that purpose shall be paid by

the said depository:

FIRST: The statutory fees of said Referee for conducting the sale shall be $500.00. In the event of reinstatement or a scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay.

SECOND: That the expenses of the sale, including advertising, posting and preservation expenses as shown on the bills presented, and certified by the said Referee to be correct, duplicate copies of which shall be left with said depository and annexed to the Report of Sale.

THIRD: Said Referee shall also pay to Plaintiff or Plaintiff's attorney, the sum of $2,065.00 adjudged to Plaintiff for costs and disbursements in this action, with interest from the date hereof, with interest thereon hereby awarded to Plaintiff in addition to costs, all of with legal interest thereon from the date hereof, and also the sum of $310,224.70 the said amount reported due with interest thereon from April 1, 2016, or so much thereof as the purchase money of the Mortgaged Premises will pay the same, together with $3,700.00 hereby awarded to Plaintiff as reasonable legal fees herein, together with any advances which Plaintiff has made for taxes, fire insurance, principal and interest and any other charges due to prior Mortgagees, if any, or to maintain the premises pending the consummation of this foreclosure sale, all together with interest thereon pursuant to the Mortgage.

FOURTH: If such Referee intends to apply for a further allowance for his/her fees, an application shall be made to the Court therefor upon due notice to those parties entitled thereto. That in case Plaintiff be the purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this Judgment shall be assigned to and be acquired by Plaintiff, and a valid assignment thereof filed with the Referee, the Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to Plaintiff a deed or deeds to the premises sold upon the payment to the Referee of the amounts specified in items marked "FIRST" and "SECOND" above and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by Plaintiff for Referee's

fees, advertising expenses, taxes, assessments, sewer rents and water rates, shall be allowed to Plaintiff, and applied by the Referee upon the amounts due to Plaintiff as specified above in item marked "THIRD"; that if after applying the balance of the amount bid, there shall be a surplus over and above the amounts due to Plaintiff, Plaintiff shall pay to the Referee, upon delivery to Plaintiff of a Referee's deed, the amount of such surplus; that the Referee on receiving said several amounts from Plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates with interest and penalties thereon, unless the same have already been paid, and then deposit the balance.

That said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as directed in item marked "THIRD" above and file it with his/her Report of Sale; that s/he deposit the surplus moneys, if any, with the Erie County Commissioner of Finance within five (5) days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on the order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person(s) to whom payments were made and file it with the Clerk of the County of Erie within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff recover from the Defendant(s), CATHERINE M. MACRIS, the whole deficiency, unless discharged in bankruptcy, or so much thereof as the Court may determine to be just and equitable, of the Mortgaged debt remaining unsatisfied after a sale of the Mortgaged Premises and the application of the proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPRPL §1371 of the within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further ORDERED, that by accepting this appointment the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, §36.2(c) ("Disqualifications from appointment") and §36.2(d) ("Limitations on appointments based upon compensation"); and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser or purchasers at said sale be let into possession on production of the Referee's deed; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the Defendants in this

action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said Mortgaged Premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that the liens of Plaintiff other than the Mortgage(s) that are the subject matter of this action also be foreclosed herein as though Plaintiff was named as a party Defendant, specifically reserving to Plaintiff the right to share in any surplus moneys as a result of such position as a lien creditor; and it is further

ORDERED, ADJUDGED AND DECREED that said premises is to be sold in one parcel in "as is" physical order and condition, subject to:

(a) Covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any;

(b) Building and zoning regulations and/or ordinances of the city, town and/or village in which said premises lie;

(c) Rights of the public and others in and to any part of the Mortgaged Premises that lies within the bounds of any street, alley or highway;

(d) Prior lien(s) of record, if any, except those addressed in RPAPL §1354;

(e) Any state of facts that an accurate survey, currently dated, might disclose;

(f) Any state of facts an inspection would disclose;

(g) Any and all tenancies, possessory interests and/or leases affecting the Mortgaged Premises which have not been extinguished by this foreclosure action;

(h) The right of redemption of the United States of America, if any.

A description of said Mortgaged Premises is annexed hereto and made a part hereof as Schedule A.

Dated: June 29th, 2016
Buffalo, New York

HON. JAMES H. DILLON

ENTER: IN ERIE COUNTY
Judgment Signed and Filed 7/5/2016

Section: 69.08
Block: 6
Lot: 32

**GRANTED**

JUN 29 2016

BY _____
LAURA HAAS
COURT CLERK

Christopher L. Jacobs, County Clerk

ORDERED, that the appointed Referee shall file the completed, signed Foreclosure Action Surplus Monies Form with the County Clerk's Office within 30 days after the auction; if said form has not been filed within six(6) months of the date the Judgment of Foreclosure is signed, the appointed Referee shall appear as directed by the Court.

5 of 6

## SCHEDULE A LEGAL DESCRIPTION

All that Tract or Parcel of Land, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot Number ninety-seven (97), Township twelve (12), Range seven (7) of the Holland Land Company's Survey and further distinguished as Subdivision Lot Number six hundred twenty-two (622) filed in the Office of the Erie County Clerk under Cover No. 2278.

Being the same premises as was conveyed to Mark X. Macris and Catherine M. Macris by Warranty Deed recorded 10/12/2006 in the Erie County Clerk's Office in Liber 11120 of Deeds at Page 4787.

Tax Account Number 69.08 - 6 - 32.

Premises being known as 403 Teakwood Terrace, Buffalo, NY 14221.

Record & Return
Web Title Agency
500-A Canal View Boulevard
Rochester, NY 14623

BY U S BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE
cnl Boulevard Suite 308

## REFEREE'S DEED IN FORECLOSURE

This Deed, made effective 09/27/2016, to be delivered on __10/17/16__, between Jason Dipasquale, Esq., Referee with offices at 43 Court Street, Suite 800, Buffalo, NY 14202, duly appointed in the foreclosure action hereinafter mentioned, Grantor and

U.S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE, Grantee,

WITNESSETH, that the Grantor, being the Referee appointed in an action between U S. ROF III LEGAL TITLE TRUST 2015-1, BY U.S. BANK NATIONAL ASSOCIATION, AS LEGAL TITLE TRUSTEE, Plaintiff, and Macris, Mark K. & Catherine M., et al., defendants, foreclosing a mortgage recorded in the Office of the Clerk of Erie County on February 19, 2008 in Book 13392 Page 1246. That MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE BANK, FSB duly assigned said Note and Mortgage to BANK OF AMERICA, N A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP by Assignment dated November 8, 2011 and recorded on February 2, 2012 in the Office of the Clerk of Erie County in Book 13566 Page 1043 That BANK OF AMERICA, N A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP duly assigned said Note and Mortgage to SECRETARY OF HOUSING AND URBAN DEVELOPMENT by Assignment dated April 3, 2014 and recorded on June 2, 2014 in the Office of the Clerk of Erie County in Book 13682 Page 7635. That SECRETARY OF HOUSING AND URBAN DEVELOPMENT duly assigned said Note and Mortgage to U.S. BANK NATIONAL ASSOCIATION, as trustee for the SROF-2013-S3 REMIC Trust I by Assignment dated July 21, 2014 and recorded on July 31, 2014 in the Office of the Clerk of Erie County in Book 13689 Page 8020. That U.S. BANK NATIONAL ASSOCIATION, as trustee for the SROF-2013-S3 REMIC Trust I duly assigned said Note and Mortgage to U.S. ROF III Legal Title Trust 2015-1, by U S. Bank National Association, as Legal Title Trustee by Assignment dated August 14, 2015 and recorded on August 17, 2015 in the Office of the Clerk of Erie County in Control Number 2015166556 and in pursuance of a Judgment entered at a Term of the Supreme Court under Index Number 803473/2015 on July 5, 2016, and in consideration of the sum of $(317,919.46) Three Hundred Seventeen Thousand Nine Hundred Nineteen Dollars and 46/100, paid by the Grantee, does hereby grant and convey unto the Grantee, all the right, title and interest of the defendant(s) Macris, Mark K. & Catherine M., in and to the premises described in Schedule A attached hereto and made a part hereof.

Property Address: 403 Teakwood Ter, Amherst, NY 14221

Tax Account No: 69.08-6-32

Tax Mailing Address: 403 Teakwood Ter, Amherst, NY 14221

TO HAVE AND TO HOLD the premises herein granted unto the Grantee, his/her/its successors and assigns forever.

IN WITNESS WHEREOF, the Grantor has thereunto set his/her hand the day and year first above written.

_____
Jason Dipasquale, Esq., Referee

STATE OF NEW YORK)
COUNTY OF ERIE)      ss:

On __October 17, 2016__ before me, the undersigned, personally appeared DIPASQUALE JASON, Esq., Referee, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument

_____
Notary Public

230312   JENNIFER L MARCINKOWSKI
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires Oct. 27, 2017

Deed-2
AHLH

14-018421

Book11304/Page3972

## SCHEDULE A
## LEGAL DESCRIPTION

All that Tract or Parcel of Land, situate in the Town of Amherst, County of Erie and State of New York, being part of Lot Number ninety-seven (97), Township twelve (12), Range seven (7) of the Holland Land Company's Survey and further distinguished as Subdivision Lot Number six hundred twenty-two (622) filed in the Office of the Erie County Clerk under Cover No. 2278.

Being the same premises as was conveyed to Mark K. Macris and Catharine M. Macris by Warranty Deed recorded 10/12/2006 in the Erie County Clerk's Office in Liber 11129 of Deeds at Page 4787

Tax Account Number 69.09 - 6 - 32.

Premises being known as 463 Teakwood Terrace, Buffalo, NY 14221.

# RP-5217-PDF Real Property Transfer Report

**For County Use Only**
- C1. SWIS Code: 142289
- C2. Date Deed Recorded: 11/2/16
- C3. Book: 11304 / C4. Page: 3973

**New York State Department of Taxation and Finance**
Office of Real Property Tax Services
RP-5217-PDF

## Property Information

1. **Property Location:** 403 Teakwood Terrace, Amherst, 14221
2. **Buyer Name:** US ROF III Legal Title Trust 2015-1, by US Bank National Association, as Legal Title Trustee
3. **Tax Billing Address:** US ROF III Legal Title Trust 2015-1, 8742 Lucent Blvd, Suite 300, Highlands Ranch, CO 80129
4. # of Parcels: 1
5. Deed Property Size: 60 x 135
6. **Seller Name:** Macris, Catherine & Mark; By: Jason Dipasquale as Referee
7. Property description: A. One Family Residential

## Sale Information

11. Sale Contract Date: _____
12. Date of Sale/Transfer: 09/27/2016
13. Full Sale Price: 317,919.00
14. Indicate the value of personal property included in the sale: .00

Referee's Deed

## Assessment Information

16. Year of Assessment Roll: 16
17. Total Assessed Value: 198,100
18. Property Class: 210
19. School District Name: Williamsville
20. Tax Map Identifier: 69.08-6-32

## Certification

**Buyer Signature:** 10-12-16
**Seller Signature:** 10/7/16

**Buyer Contact Information:**
Rogers, Heather
(585) 546-6448
28 E. Main Street, Ste 1700
Rochester, NY 14614

**Buyer's Attorney:**
Davidson Fink LLP
(585) 546-6448