# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

MARK K. MACRIS,

                    Plaintiff,

      v.

EXPERIAN  INFORMATION  SOLUTIONS,  INC.
And SPECIALIZED LOAN SERVICING, LLC.,

                  Defendant.

Civ. Action No. 1:17-cv-00361 (WMS)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**McGLINCHEY STAFFORD**
Brian S. McGrath
Roshene A. Kemp
112 West 34th Street, Suite 1515
New York, New York 10120
Tel: (646) 362-4000
E-mail: bmcgrath@mcglinchey.com
E-mail: rkemp@mcglinchey.com

*Counsel for Defendant Specialized
Loan Servicing, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND .......................................................... 2

    A. The Parties .............................................................................................................. 2

    B. The Subject Debt:  The Note and Mortgage ......................................................... 3

    C. Plaintiff's Default Under the Subject Debt and Failure to Cure ........................... 4

    D. The New York State Foreclosure Action Involving the Subject Debt .................. 4

    E. Plaintiff's Credit Reporting Dispute and Request to be Removed from the Note .......... 4

    F. The Action .............................................................................................................. 5

ARGUMENT ....................................................................................................................... 6

I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ........ 6

    A. Legal Standard ....................................................................................................... 6

II. SLS ACCURATELY REPORTED PLAINTIFF'S ACCOUNT AS DELINQUENT TO THE CREDIT REPORTING AGENCIES ............................................................................ 7

    A. Plaintiff Was Never Released From His Obligations Under the Subject Note .............. 7

    B. Plaintiff Cannot Sustain His Claim Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(8) ................................................................................. 11

III. PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO THE FAIR CREDIT REPORTING ACT ............................................................................................................ 14

    A. SLS Accurately Investigated Plaintiff's April 26, 2017 Dispute and Reported It As Accurately Reported to the CRA ........................................................................ 14

    B. Plaintiff Is Not Entitled To Damages .................................................................. 16

CONCLUSION ................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addickes v. S.H. Kress and Co.*,
   398 U.S. 144 (1970)................................................................7

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)................................................................7

*Bryant v. Maffucci*,
   923 F.2d 979 (2d Cir. 1991).....................................................7

*Caltabiano v. BSB Bank & Trust Co.*,
   387 F. Supp. 2d. 135 (E.D.N.Y. 2005) ......................................16

*Comunale v. Home Depot, USA, Inc.*,
   F.Supp.3d, 2018 WL 4299986 (W.D.N.Y, September 10, 2018)............15

*Johnson v. Capital Mgmt. Servs.*,
   2011 WL 6012509 (W.D.N.Y. Dec. 1, 2011)...............................12

*Kinel v. Sherman Acquisition II LP*,
   2006 WL 5157678 (S.D.N.Y. 2006)....................................13, 14

*Longman v. Wachovia Bank, N.A.*,
   702 F.3d 148 (2d Cir. 2012)....................................................15

*Rogers v. Overton, Russell, Doerr & Donovan, LLP*,
   2017 WL 570811 (N.D.N.Y. 2017) ..........................................13

*U.S. v. Whitney*,
   602 F.Supp. 722,730 (W.D.N.Y. 1985) .......................................8

*Wilhelm v. Credico, Inc.*,
   519 F.3d 416 (8th Cir. 2008) ...................................................13

**Statutes**

15 U.S.C. § 1681(b)..................................................................14

15 U.S.C. § 1681s–2(b)........................................................15, 16

15 U.S.C. § 1692e(8) .......................................................11, 12, 13

RPAPL § 1301 ...................................................................10, 11

FRCP 7.1 ................................................................................................................5

FRCP 26(a)(1) ........................................................................................................6

FRCP56(C) ........................................................................................................7, 17

Defendant Specialized Loan Servicing, LLC (hereinafter, "SLS"), by its attorneys McGlinchey Stafford, respectfully submits this memorandum of law in opposition to plaintiff Mark K. Macris's ("Plaintiff") motion for summary judgment ("Plaintiff's MSJ").

## PRELIMINARY STATEMENT

Plaintiff's action is frivolous.  Plaintiff falsely alleges that SLS violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), stemming from its alleged inaccurate reporting to the credit reporting agencies ("CRAs").  As should be clear to Plaintiff, the claims are patently baseless as Plaintiff remains liable on the subject debt, regardless of his divorce agreement between him and his former wife.  The debt stems from a note and residential mortgage which Plaintiff admits to executing and admits to subsequently defaulting on in 2009.  The default under the subject debt was never cured by Plaintiff and Plaintiff's MSJ and Complaint are devoid of evidence that demonstrates that SLS or the mortgagee released him from liability under the subject note.  Instead, Plaintiff continues to advance the frivolous argument that because he was removed as a defendant from the foreclosure action that was commenced due to his default under the subject debt, he was no longer liable under the subject debt, and therefore, any credit reporting by SLS stating otherwise was intentional, inaccurate, and entitles Plaintiff to damages.  That is not correct.  Simply put, neither the divorce from his ex-wife nor being removed as a party to a foreclosure action (which was an equitable action brought under the mortgage to force the sale of a lien security) absolved Plaintiff of his personal obligations under the note agreement which he executed and default on years ago. Therefore, any reporting to the CRAs of Plaintiff's continued obligation under the subject debt is accurate because the debt remains outstanding.

The Court should find that Plaintiff fails to state causes of action pursuant to its FDCPA

1

and FCRA claims and deny of Plaintiff's MSJ, along with dismissing Plaintiff's Complaint. Here, SLS investigated Plaintiff's written dispute of alleged inaccurate reporting and determined that it accurately reported Plaintiff's account as delinquent to the credit reporting agencies because he was never released from liability under the subject debt, namely the subject note. Accordingly Plaintiff's allegations fail as a matter of law.  Inasmuch as Plaintiff is unable to plead his causes of action, Plaintiff's claim of damages for alleged violation of the FCRA due to SLS's alleged unlawful policies in reporting his account to the CRAs is meritless.   By Plaintiff's own testimony he was unable to demonstrate any injury due to SLS's alleged inaccurate reporting, which does not equate to an award of damages.  If any recourse can be sought by Plaintiff, it should be from his ex-wife who failed to comply with a divorce decree which directed her to refinance the mortgage on the subject property, in order to remove Plaintiff from his financial allegations under the subject note.  Plaintiff's discontent with his ex-wife's failure to act does not amount to an actionable claim against SLS.

Accordingly, the Court should deny Plaintiff's motion for summary judgment in its entirety as it is patently frivolous.

### FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Parties

Plaintiff was a signatory and obligor of the Note and Mortgage which are the instruments that make up the mortgage debt that is the subject of Plaintiff's action.  (Wallace Aff., ¶ 14).[1]

SLS is the mortgage loan servicer of Plaintiff's mortgage debt and attorney in fact for

---

[1] True and correct copies of the Summons, Complaint ("Compl.") are attached collectively as **Exhibit 1** to the Declaration of Brian S. McGrath, dated October 31, 2018 (the "McGrath Declaration"), submitted with SLS's motion for summary judgment, Docket Number 2. The "Wallace Aff." refers to the Affidavit of Cynthia Wallace, sworn to October 24, 2018, submitted with SLS's motion for summary judgment dated October 31, 2018, Docket Number 22.

PROF-2013-S3 Legal Title Trust V, by U.S. Bank National Association, as Legal Title Trustee. (Wallace Aff., ¶¶ 1, 4, 12).

Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a consumer reporting agency as defined in section 1681(f) of the Fair Credit Reporting Act.  (Compl. ¶ 19).

**B.   The Subject Debt: The Note and Mortgage**

Plaintiff along with Catherine M. Macris duly executed, acknowledged, and delivered a Note dated February 1, 2008, wherein it was agreed that they would repay Countrywide Bank, FSB  (hereinafter "Countrywide") the sum of $193,472.00 (hereinafter, the "Note").  (Wallace Aff., ¶ 5; Ex. C.  The Note contains an indorsement in blank.  (See id.)  On that same date, Plaintiff along with Catherine M. Macris also duly executed, acknowledged, and delivered a Mortgage, in the amount of $193,472.00 (hereinafter, "Mortgage") against real property located at 403 Teakwood Terrace, Amherst, New York 14221 (hereinafter, "Property") in favor of Countrywide, as security for the Note.  (Wallace Aff., ¶ 6, Ex. D).  The Mortgage was duly recorded in the Erie County Clerk's Office on February 19, 2008.  (See id.).

The Mortgage was transferred from MERS as nominee for Countrywide to Bank of America, N.A., Successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by an Assignment of Mortgage dated November 8, 2011 and recorded in the Erie County Clerk's Office on February 2, 2012.  (Wallace Aff., ¶ 7, Ex. E). The Mortgage was transferred from BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP to the Secretary of Housing and Urban Development by an Assignment of Mortgage dated April 3, 2014 and recorded in the Erie County Clerk's Office on June 2, 2014. (Wallace Aff., ¶ 8, Ex. F).   The Mortgage was transferred from the Secretary of Housing and Urban Development by PRMF Acquisition, LLC, its Attorney in Fact to U.S. Bank National

Association, as Trustee for SROF-2013-S3 REMIC Trust I in an Assignment of Mortgage dated July 21, 2014 and recorded in the Erie County Clerk's Office on July 31, 2014.  (Wallace Aff., ¶ 9, Ex. G).   Thereafter, the Mortgage was transferred from U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I to U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee in an Assignment of Mortgage dated August 14, 2015 and recorded in the Erie County Clerk's Office on August 17, 2015. (Id.)

### C.  **Plaintiff's Default Under the Subject Debt and Failure to Cure**

Plaintiff along with Catherine Macris defaulted in making the monthly mortgage payment due on October 1, 2009 and monthly thereafter.  (Wallace Aff., ¶ 10, Ex. H).

### D.  **The New York State Foreclosure Action Involving the Subject Debt**

Due to Plaintiff and Catherine M. Macris's default under their obligations pursuant to the Note and Mortgage, on March 16, 2015, a foreclosure action was commenced for foreclosure of the Property.  (McGrath Declaration, ¶ 27, Ex. 19).   Plaintiff was removed from the caption because of his divorce and relinquishing his deed rights to the property, but was never removed from liability under the subject Note. (*Id*.).  A judgment was obtained and the Property was sold. (*Id*.).   Thereafter, on November 30, 2017, the subject debt was sold to PROF-2013-S3 Legal Title V, U.S. Bank National Association, as Legal Title Trustee.  (Wallace Aff., ¶ 12).   Plaintiff was never relieved of his obligations under the Note by either the divorce decree or the foreclosure action.  (Wallace Aff., ¶ 11).

### E.  **Plaintiff's Credit Reporting Dispute and Request to be Removed from the Note**

On April 28, 2016, Plaintiff sent a letter to SLS, disputing that he was obligated under the Note and as a result requested to be removed from the Note.  (Wallace Affidavit ¶ 14, Ex. L). Following an investigation, SLS sent a letter to Plaintiff, dated May 23, 2016, *stating that*

*Plaintiff remains obligated under the Note and that SLS correctly reported his account status to the credit reporting agencies.* (Wallace Affidavit ¶ 15, Ex. M) (Emphasis added).

Further, in July 2016, Plaintiff sent a written dispute to Experian, alleging that the subject debt was being reported inaccurately on his credit report. (Wallace Affidavit ¶ 16). Said dispute was transmitted to SLS. (Id.). Following investigations by SLS, on July 27, 2016, SLS provided its response to Experian stating that the account was being accurately reported. (Id., Ex. N).

## F. __This Action__

On April 28, 2017, Plaintiff commenced this action by filing with the United States District Court, Western District of New York, a Summons and Complaint ("This Action"). (McGrath Declaration ¶ 3, Ex. 1). This Action was referred to mediation by the Court. (McGrath Declaration ¶ 4). On May 24, 2017, this firm appeared as counsel for SLS and filed a Notice of Appearance and also filed a Corporate Disclosure Statement pursuant to Fed.R.Civ.P 7.1. (McGrath Declaration ¶¶ 6-7, Exs. 3-4).

On May 26, 2017, Jones Day appeared as counsel for Defendant Experian by filing a Notice of Appearance along with a Corporate Disclosure Statement pursuant to Fed.R.Civ.P 7.1. (McGrath Declaration ¶ 8, Exs. 5-6). Thereafter pursuant to an extension, on June 23, 2017, Defendant Experian, through counsel, filed an Answer to Plaintiff's Complaint. (McGrath Declaration ¶ 9, Ex. 7). On June 26, 2017, pursuant to an extension, SLS, through counsel, filed an Answer to Plaintiff's Complaint. (McGrath Declaration ¶ 10, Ex. 8).

Pursuant to the Court's June 29, 2017 Order, on August 9, 2017, a scheduling conference was held where all parties appeared at the conference, with the exception of counsel for Defendant Experian who appeared telephonically with the Court's permission. (McGrath Declaration ¶¶ 11-12, Ex. 9). At the scheduling conference, the Court issued a Scheduling

Order.  (*Id*., Ex. 10).   Pursuant to the Scheduling Order, the parties served their respective Initial Disclosures pursuant to Fed.R.Civ.P.  26(a)(1).  (McGrath Declaration ¶¶ 13-15, Exs. 11-13).

A mediation was held on October 16, 2017 pursuant to the parties stipulation to select mediator Michael A. Brady, Esq. to serve as mediator for This Action.  (McGrath Declaration ¶ 16, Ex. 14).   Plaintiff and SLS were unable to settle This Action at the mediation.  (*Id*. ¶ 17).

On November 10, 2017, SLS served its discovery demands on Plaintiff and pursuant to a an extension from SLS, Plaintiff served its discovery responses. (McGrath Declaration ¶ 18, Ex. 14).  Plaintiff and SLS each served Notices of Deposition.  (McGrath Declaration ¶¶ 19-20, Exs. 15-16).   On April 25, 2018, Plaintiff's deposition was taken.  (McGrath Declaration ¶ 21, Ex. 17).   On August 14, 2018, SLS's deposition was taken through its employee.   (McGrath Declaration ¶ 23, Ex. 18).

On August 20, 2018, a final pre-trial conference was held.  (McGrath Declaration ¶ 24). A First Amended Scheduling Order was issued, which set the deadline for discovery and the filing of dispositive motions. (*Id*.).   In compliance with the First Amended Scheduling Order, SLS produced audio recordings and documents to Plaintiff's counsel and no objections to the production was made by Plaintiff.  (McGrath Declaration ¶ 25).

On August 21, 2018, a Stipulation of Dismissal, dismissing Defendant Experian from the action was filed.  (McGrath Declaration ¶ 26).

## ARGUMENT

## I.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A.  Legal Standard

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(C).  A fact is "material" if it "might affect the outcome of the suit under the governing law." _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 248, (1986).  An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." _Id_.

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." _Addickes v. S.H. Kress and Co._, 398 U.S. 144, 158–59 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." _Bryant v. Maffucci_, 923 F.2d 979, 982 (2d Cir. 1991). Once the movant has established a _prima facie_ case demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts.  _See Bryant v. Maffucci_, 923 F.2d 979, 982 (2d Cir. 1991).  Here, Plaintiff has failed to meet its burden which warrants dismissal of Plaintiff's motion for summary judgment.

## II.   SLS ACCURATELY REPORTED PLAINTIFF'S ACCOUNT AS DELINQUENT TO THE CREDIT REPORTING AGENCIES

### A. Plaintiff Was Never Released From His Obligations Under the Subject Note

Plaintiff's MSJ alleges that SLS inaccurately reported Plaintiff's account to the CRAs. Specifically, that on May 19, 2018 and July 27, 2018, SLS inaccurately reported to Experian Information Solutions, Inc. ("Experian"), that foreclosure proceedings commenced against him and that he owed past due amounts.  _See_ Memorandum of Law In Support of Plaintiff's Motion for Summary Judgment (hereinafter, "Plaintiff's Mem.") at 4.  Plaintiff is wrong.  Plaintiff supports his illogical argument by alleging that because Plaintiff was removed as a defendant in the 2015 Foreclosure Action, Plaintiff is no longer financially obligated under the subject debt

because the mortgagee can only proceed with a deficiency against the foreclosure action's judgment debtor.  (*See* Plaintiff's Mem. at 5).  This is wrong.  Plaintiff misconstrues New York law concerning election of remedies and asserts that because the mortgagee opted to pursue a foreclosure action on the subject property as opposed to bringing an action to enforce the note, the mortgagee forfeited the right to recovery with respect to the note.  (*See* Plaintiff's Mem. at 5). Based on Plaintiff's misapprehension of the law and illogical arguments, Plaintiff alleges that SLS inaccurately reported his account to the CRAs.  Plaintiff is wrong in all respects.

The correct reading of New York law concerning election of remedies is that "…the holder of a bond and mortgage has a choice of two remedies: He may proceed at law to bring an action on the debt as evidenced by the note (or bond) or he may proceed at equity by bringing an action to foreclose the mortgage." <u>*U.S. v. Whitney*</u>, 602 F.Supp. 722,730 (W.D.N.Y. 1985). Further, "[t]he note represents the primary personal obligation of the mortgagor while the mortgage is merely the security for that obligation. *Id*.  Pursuant to Real Property Actions and Proceedings Law, a mortgagee of real property may not seek to enforce rights upon default by pursuing a legal remedy and an equitable remedy *at the same time*.  *Id*. (Emphasis added).  The rule is that a mortgagor who has made an absolute conveyance of all his interest in the mortgaged premises is not a necessary party to foreclosure, unless a deficiency judgment is sought on his bond. <u>*Federal Nat. Mortg. Ass.n v. Connelly*</u>, 84 A.D.2d 805, 805 (2d Dept. 1981) Accordingly, if a mortgagor is removed as a defendant in a foreclosure action which is a remedy in equity, the mortgagee is only estopped from seeking a deficiency judgment against the mortgagor in that foreclosure action.  *See Id*.  However, it does not follow that the mortgagor is removed from obligation under the note because he was removed as a defendant in the foreclosure action.  *See Id.*  It is well settled that unless a mortgagor is expressly released from

obligation by the mortgagee he remains obligated under the subject debt and the Note. <u>See</u> Bergman 12.04(2) ("[a]bsent an assumption by the grantee and a release by the mortgagee to the mortgagor, the mortgagor remains liable for the debt when the property is conveyed").  As such, an action to enforce the Note is an available remedy to the mortgagee concerning this subject debt.  *See Id.*

Here, the Plaintiff, along with Catherine Macris executed and delivered a Note and Mortgage to Countrywide Bank, FSB, dated February 1, 2008, where it was covenanted and agreed that they would repay the sum of $193,472.00, with interest.  (*See* Wallace Aff. ¶¶ 5-6, Ex. C-D).  SLS's loan records reflect that the Plaintiff defaulted under his obligations pursuant to the subject Note and Mortgage on October 1, 2009.  (*See* Wallace Aff. ¶ 10, Ex. H).  The default was never cured by Plaintiff or Catherine Macris.  (*See Id.*).  As a result of their continued default, the mortgagee through counsel commenced a foreclosure action on March 16, 2015.  (*See* Wallace Aff. ¶ 11, Ex. I).  Plaintiff conveyed his interest in the subject property to Catherine Macris by virtue of a warranty deed that was filed with the Erie County Clerk's Office on August 4, 2012.  (*See* the Affidavit of Mark K. Macris (hereinafter, the "Macris Aff."), Ex. C).  Accordingly, the mortgagee removed Plaintiff from the caption as a defendant.  (*See* Wallace Aff. ¶ 11).  However, the Plaintiff was never released from his personal obligation under the subject Note.  (*See Id.*).  The mortgagee in the 2015 Foreclosure Action, an equitable action, obtained a judgment of foreclosure and sale in 2016 and the subject property was later sold.  (*See Id.*).  Again, contrary to Plaintiff's misinterpretation of the law, the Plaintiff was never removed from obligation under the subject Note, but simply removed from an equitable action to force the sale of a property wherein he no longer held a deed interest.  *See* Bergman 12.04(2).  Indeed, by letter dated May 23, 2016, SLS unequivocally stated that Plaintiff remains obligated under the

Note and that SLS correctly reported his account status to the credit reporting agencies. (Wallace Affidavit ¶ 15, Ex. M).   The letter did not state that SLS would release him from obligations under the subject Note, which was in response to the letter that was sent to SLS with Order of Reference in the 2015 Foreclosure Action where he was removed as a party to the equitable action to force the sale of the Property, request removal from the account.  (Wallace Affidavit ¶ 14, Ex. L).   Further, Plaintiff has failed to provide any documents or deposition testimony that demonstrates that SLS or the mortgagee release him from obligation under the Note.  (*See* Plaintiff's Complaint, *generally*; *see also*, Macris deposition, *generally*).  Therefore, Plaintiff was put on notice that he was still obligated under the subject Note and the debt remained uncured.   Accordingly, it is clear that any reporting to the CRAs was accurate and Plaintiff's claims are patently frivolous and should be dismissed.

Equally unavailing is Plaintiff's argument concerning the mortgagee's recovery of monies through a deficiency judgment against the Plaintiff in the equitable action.   (*See* Plaintiff's Mem. at 5).   That is simply not the case here.  The mortgagee has not initiated an action for deficiency judgment in the equitable action against Plaintiff because Plaintiff was removed from the 2015 Foreclosure Action as a defendant and is therefore not a judgment debtor in that equitable action.   *(See* Wallace Aff. ¶ 11). That fact is not in dispute.  Accordingly, Plaintiff's argument is moot.  In a failed effort to create some semblance of a logical argument, Plaintiff fails to address the remainder of RPAPL § 1301 which permits the mortgagee to pursue an action for recovery on the subject Note.  (*See* Plaintiff's Mem. at 4-6).  New York statute permits an action on the subject Note, which remains enforceable against Plaintiff and Catherine Macris.  (*See* N.Y. RPAPL § 1301; *see also* Wallace Aff. ¶ 11, 14, Ex. L).  Pursuant to New York statute, because neither SLS nor the mortgagee released the Plaintiff from obligation under

the subject Note, an action may be commenced to enforce the Note.  *See* N.Y. RPAPL § 1301.

**B. Plaintiff Cannot Sustain His Claim Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(8)**

Plaintiff also incorrectly argues that because Plaintiff was removed as a defendant in the 2015 Foreclosure Action, on July 5, 2016, SLS inaccurately reported to the CRAs that foreclosure proceedings were initiated against Plaintiff and that he owed monies.  (*See* Plaintiff's Mem. at 6).  Plaintiff is wrong.  It is clear that SLS accurately reported Plaintiff's account as delinquent as he was never released from any liability under the subject Note and fails to submit documents to support this frivolous argument that he is no longer financially obligated under the subject debt.  *See supra*. II A.  Accordingly, Plaintiff cannot sustain his claim pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692e(8).

Pursuant to 15 U.S.C. § 1692e(8), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of this section by "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."  *See* 15 U.S.C. § 1692e(8).

Here, contrary to Plaintiff's illogical arguments, even though the mortgagee in the 2015 Foreclosure Action removed Plaintiff as a party in that equitable action because he conveyed his deed interest to his ex-wife in a divorce proceeding, it does not follow that such act by the mortgagee absolved Plaintiff of financial responsibility under the subject Note.  That is clearly a misapprehension of New York law and an illogical conclusion of what occurred.  If that were the case, Plaintiff's papers would undoubtedly provide evidence that he was released from his financial obligations under the subject Note.  Plaintiff's papers simply do not provide any evidence to support Plaintiff's frivolous argument.  (*See* Complaint, *generally*).  It also does not

follow that because he was removed as a defendant in the 2015 Foreclosure Action that foreclosure proceeding would somehow disappear or was not currently pending concerning the subject Note to which he remains obligated.  As such, any reporting to the CRAs that foreclosure proceedings did begin and that Plaintiff continued to owe amounts is accurate as he was never relieved of his obligations on the subject Note.  SLS did not falsely represent the character or status of Plaintiff's debt.  (*See supra*.).  Indeed, he remains an obligor on the Note.  (*See* Wallace Aff. ¶ 14, Ex. L).  Therefore, Plaintiff's arguments are patently frivolous and nothing more than an attempt to forego his financial obligations under the subject Note which he executed along with Catherine Macris.  *See* Wallace Aff. ¶¶ 5-6, Exs. C-D; *see also Johnson v. Capital Mgmt. Servs.*, 2011 WL 6012509, at *6 (W.D.N.Y. Dec. 1, 2011) ("[I]t appears that Plaintiff merely seeks to air his dissatisfaction with CMS' efforts at collecting an allegedly invalid debt, which is not actionable in this proceeding").

Equally unavailing is Plaintiff's argument that SLS violated the Fair Debt Collection Practices Act by failing to note that the Plaintiff disputed the trade line that SLS was reporting as accurate to Experian.  (*See* Plaintiff's Mem. at 7-9).  Specifically, Plaintiff argues that because SLS failed to disclose on the July 27, 2016 ACDV report that the subject debt was disputed, SLS violated 15 U.S.C. § 1692e(8).

As an initial matter, Plaintiff's claim pursuant to 15 U.S.C. § 1692e(8) is time-barred. There is a one year statute of limitations period to bring a claim from the date the violation occurs pursuant to 15 U.S.C. § 1692e(8).  *See* 15 U.S.C. § 1692e(8).  Indeed Plaintiff sent a written dispute to Experian and SLS in July 2016.  However, Plaintiff's evidence submitted with Plaintiff's MSJ along with SLS's witness testimony pursuant to SLS's records confirms that Plaintiff began disputing that he was no longer obligated under the subject debt on August 24,

2015 by telephone calls to SLS's representatives, as SLS began reporting Plaintiff's account to the credit agencies in 2014.  (*See* Affirmation of Seth Andrews, Exhibit E, p. 59, L13 – L21; p. 86, L23 – p. 87, L1;  s*ee also* of Gretchen Berger submitted with Plaintiff's MSJ, Exhibit A, pp. 1-15).  Accordingly, Plaintiff's statute of limitations on this claim ran within one year of August 24, 2015 which is on August 24, 2016.  As such, SLS's alleged violation pursuant 15 U.S.C. § 1692e(8) that is asserted in Plaintiff's April 28, 2017 Complaint, is time-barred.  *See Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (one year statute of limitations from date of violation to bring claim pursuant to 15 U.S.C. § 1692e(8)).

If the Court does not find that Plaintiff's claim pursuant to the FDCPA is time-barred, which it should, Plaintiff still fails to state a cause of action.  It is clear that SLS reported Plaintiff's account, beginning in 2014 to the credit agencies before he sent the July 27, 2016 written dispute to Experian and therefore had no duty to update the status of the debt that it reported.  Courts have held that section 1692e(8) applies "once a debt has been disputed and prevents debt collectors from communicating the debtor consumer's credit information to others without disclosing the dispute. ... It does not impose an affirmative duty on debt collectors to update the status of each debt it has reported."  *Rogers v. Overton, Russell, Doerr & Donovan, LLP*, 2017 WL 570811 (N.D.N.Y. 2017) (citations omitted).  Plaintiff's FDCPA claim pursuant to section 1692e(8) should also be dismissed because Plaintiff fails to allege that SLS reported about debt to any entity after plaintiff disputed the debt to the debt collectors.  *See Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678 (S.D.N.Y. 2006) (citations omitted).

Plaintiff's reliance on *Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678 (S.D.N.Y. 2006), *report and recommendation adopted*, 2007 WL 2049566 (S.D.N.Y. 2007) is unavailing because the facts of that case are distinguishable since there, the defendant furnished false and

misleading information to debt purchaser and not a debt collector.  (*See id.; see also* Plaintiff's Mem. at 8-9).  Here, SLS did not furnish any false or misleading information concerning Plaintiff's account status.  (*See supra*).  Indeed SLS has correctly reported that Plaintiff defaulted on his Note and has remained in default on that Note.

III.   **PLAINTIFF FAILS TO STATE A CLAIM PURSUANT TO THE FAIR CREDIT REPORTING ACT**

### A. SLS Accurately Investigated Plaintiff's April 26, 2017 Dispute and Reported It As Accurately Reported to the CRA

Plaintiff further argues that SLS violated the Fair Credit Reporting Act in that SLS responded to Plaintiff's numerous disputes, which Plaintiff identified as beginning on July 8, 2015, using blanket polices that failed to comply with the FCRA.  (*See* Plaintiff's Mem. at 11-12).  Plaintiff further argues that SLS failed to report back to the CRAs that Plaintiff's account was in dispute, in violation of the FCRA and that it is SLS's policy that while responding to an ACDV, they never report back to a CRA that the debt is disputed.  (*See* Plaintiff's Mem. at 12-13).  In support of this claim, Plaintiff submits a single page from a deposition of an SLS witness in an unrelated matter and cites to a Third Circuit case, which are unavailing.  (*See* Plaintiff's Mem. at 11-13).  Interestingly enough, Loretta Poch, SLS's corporate witness that was deposed by Plaintiff's counsel in this action did not proffer such testimony.  (*See* McGrath Declaration, Exhibit ¶ 23, Ex. 18).   The Court should find that Plaintiff's Exhibit J to the Affirmation of Seth J. Andrews as irrelevant and inadmissible.

The Fair Credit Reporting Act regulates consumer credit reporting agencies to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumer credit information. 15 U.S.C. § 1681(b).  "As part of this regulatory scheme, the FCRA imposes several duties on those who furnish information to consumer reporting agencies."  *Longman v. Wachovia Bank, N.A.,*

702 F.3d 148, 150–51 (2d Cir. 2012) (citations omitted) ("The FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies").  Importantly, these obligations involve the duty to provide accurate information and to correct inaccurate information.  See 15 U.S.C. § 1681s(2).

15 U.S.C. § 1681s–2(b) provides a private right of action with respect to duties imposed on a furnisher of information to credit reporting agencies, once the furnisher of information has received notice of a consumer's dispute.  See 15 U.S.C. § 1681s–2(b).  The first such duty is that the furnisher of information to "conduct an investigation with respect to the disputed information.  See 15 U.S.C. § 1681s–2(b)(1)(A).  Under certain circumstances, an individual may bring a civil cause of action against any entity who "willfully fails to comply with any requirement imposed under" the FCRA and may recover actual or statutory damages, punitive damages, costs, and attorneys' fees.  See Longman v. Wachovia Bank, N.A., 702 F.3d 148 at 151. (2d Cir. 2012.  Importantly, "[a] claim is stated pursuant to that section ... only if plaintiff shows that: (1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in "willful or negligent noncompliance with the statute." Comunale v. Home Depot, USA, Inc., --F.Supp.3d--, 2018 WL 4299986 *7 (W.D.N.Y, September 10, 2018).  Plaintiff cannot sustain a claim pursuant to 15 U.S.C. § 1681s–2(b) and accordingly, damages should not be awarded.

SLS did not violate 15 U.S.C. § 1681s–2(b).  In July 2016, Plaintiff sent a written dispute to Experian, alleging that the subject debt was being reported inaccurately on his credit report. (See Wallace Affidavit ¶ 16).  Said dispute was transmitted to SLS.  Id.  Pursuant to the requirements of 15 U.S.C. § 1681s–2(b)(1)(A), SLS conducted investigations and on July 27, 2016, SLS provided its response to Experian stating that the account was being accurately

reported.  *Id.*, Exhibit N.  The facts of this case demonstrate that SLS acted in compliance with the statute.  (*See* Wallace Aff. ¶ 16).  Plaintiff's contention that it is SLS's policy to never report back to the CRA that a debt is disputed is conjecture, given the evidence that Plaintiff relies on to support this argument – a single page deposition from an unrelated action.  Additionally, the argument is meritless.  It is clear that Plaintiff has failed to submit any evidence that SLS engaged in any willful or negligent noncompliance with the statute following receipt of Plaintiff's written dispute to Experian.  What is clear is that SLS never released him from liability under the subject Note.  (*See* Wallace Aff. ¶ 11 generally; *see also* Bergman 12.04(2) ("Absent an assumption by the grantee and a release by the mortgagee to the mortgagor, the mortgagor remains liable for the debt when the property is conveyed")).  Accordingly, as reflected on the ACDV, SLS's reporting was accurate. (*See* Wallace Aff. ¶ 16. **Exhibit N**).

### B. Plaintiff Is Not Entitled To Damages

Given the frivolous nature of Plaintiff's FCRA claim, damages are not warranted.  To maintain a claim under the FCRA, Plaintiff bears the burden of demonstrating "actual damages sustained" as a result of the Defendant's activities." *Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d. 135, 141 (E.D.N.Y. 2005) (held the testimony of plaintiff's mortgage broker who stated that the interest rate was higher because of interest rate market fluctuation and not plaintiffs credit report was insufficient to support plaintiff's claim) (citations omitted).  Furthermore, even if "the court finds that the Bank violated § 1681s-2(b), summary judgment is still appropriate if no reasonable factfinder could find that Plaintiff is entitled to damages under the FCRA." Id. (citations omitted).  Plaintiff has failed to meet this burden and only sets forth bald conclusory allegations of alleged violations by SLS.  (*See* Mem. at 13-14).

Plaintiff was asked in his deposition to detail his actual damages, he was unable.  (*See*

McGrath Declaration, Ex. 17, p. 134, L-14 – p. 143, L-8). Specifically, in Plaintiff's deposition testimony, he claims to have suffered anxiety, loss of sleep, and lived in fear. (*See Id*.). Plaintiff also testified that he never received treatment for anxiety, was never diagnosed clinically with anxiety, was never prescribed any medication for anxiety, was never diagnosed with insomnia or received treatment or medication for insomnia. (*See* McGrath Declaration, Ex. 17, p. 143, L-5 – L-25). In addition Plaintiff testified that he was never diagnosed with high blood pressure or any mental health issues. (*See Id*.). It is therefore not surprising that Plaintiff cannot and has not provided any documentary evidence to support any damage claim. As such, even if there were actual violations that Plaintiff could sustain – which he cannot – damages are not warranted and the Court should deny Plaintiff's MSJ in its entirety.

## <u>CONCLUSION</u>

By reason of the foregoing, Defendant respectfully requests that the Court issue an order

(i) denying Plaintiff's motion for summary judgment pursuant to L.Rule Civ. P. 56 and

Fed.R.Civ.P 56; and (ii) dismissing Plaintiff's Complaint filed on April 28, 2017.

Dated: New York, New York
      December 5, 2018

                                          **MCGLINCHEY STAFFORD**

                            By: <u>*s/ Brian S. McGrath*</u>
                                    Brian S. McGrath, Esq.
                                    Roshene A. Kemp, Esq.
                                    112 West 34th Street, Suite 1515
                                    New York, New York 10120
                                    (646) 362-4000
                                    E-mail: bmcgrath@mcglinchey.com
                                    E-mail: rkemp@mcglinchey.com

                                    *Counsel for Defendant Specialized*
                                    *Loan Servicing, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Brian S. McGrath, certify under penalty of perjury that I am over 18 years of age, am not a party to the above-captioned action, and that on December 5, 2018, I served a true and correct copy of the Memorandum of Law In Opposition to Plaintiff's Motion for Summary Judgment on counsel of record in this action by electronic service through the Court's CM/ECF system and electronic mail.

Dated: December 5, 2018

**MCGLINCHEY STAFFORD**

By: <u>/s/ Brian S. McGrath</u>
     Brian S. McGrath