UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK K. MACRIS,                                                              Civil Action No. 1:17-cv-00361-WMS

                            Plaintiff,
  -against-

EXPERIAN INFORMATION SOLUTIONS, INC.      **COUNTERSTATEMENT OF**
And SPECIALIZED LOAN SERVICING, LLC,       **UNDISPUTED MATERIAL FACTS**

                        Defendants.
------------------------------------------------------------------X

      Pursuant to Rule 56.1(b) of the Local Rules of Civil Procedure of the United States District Court for the Western District of New York, defendant Specialized Loan Servicing, LLC ("Defendant") hereby submits this Counterstatement of Undisputed Material Facts in response to plaintiff Mark K. Macris's ("Plaintiff") Statement of Facts Pursuant to Local Rule 56.1 dated October 31, 2018:

      1.     Defendant admits that on February 1, 2008, Plaintiff along with Catherine Macris executed and delivered a Note to Countrywide Bank, FSB. On the same date, the Plaintiff along with Catherine Macris also executed and delivered a Mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Countrywide on real property located at 403 Teakwood Terrace, Amherst, New York 14221 (the "Property"). The Mortgage was recorded in the Erie County Clerk's Office on February 19, 2008 under Control Number 2008034690. *See* Affidavit of Cynthia Wallace, (hereinafter, "Affidavit"), **Exhibits C-D**, submitted with Defendant's October 31, 2018 motion for summary judgment, Docket Number 22.

      2.     Defendant admits that the note was paid through September 1, 2009 and then became past due. *See* Affidavit, **Exhibit H**.

2192785.1

3. Defendant admits that on June 9, 2010, a matrimonial settlement agreement between Plaintiff and Catherine Macris was filed with the Erie County Clerk's Office, which stated that Catherine Macris agreed to take over and assume responsibility for the obligations relative to the subject Mortgage. *See* the Affidavit of Mark K. Macris, dated October 31, 2018, **Exhibit B**, pp. 38-39, Docket Number 1.

4. Defendant agrees with this statement to the extent that it states that a warranty deed was filed with the Erie County Clerk's Office which purportedly conveyed Plaintiff's interest in the Property to Catherine Macris. However, the warranty deed did not abrogate Defendant's obligation under the Note and Mortgage. *See* Affidavit of Mark K. Macris, dated October 31, 2018, **Exhibit C**; *see also* Affidavit ¶¶ 11, 15.

5. Defendant began servicing the loan on April 1, 2014. *See* Affidavit **Exhibit A**.

6. Defendant admits that Defendant communicated with Plaintiff both verbally and in writing, including sending monthly billing statements to Plaintiff. Further, Defendant admits that the substance of the communications involved loss mitigation. *See* Affirmation of Seth J. Andrews, **Exhibit E**, Docket Number 20.

7. Defendant admits that on March 26, 2015, the mortgagee commenced an action bearing Index Number 503473/2015, entitled, *U.S. Bank National Association, as Trustee for SROF-2013-S3 REMIC Trust I v. Mar K. Macris, Catherine M. Macris, et al*, to foreclose the Mortgage on the Property (the "2015 Foreclosure Action"). *See* Affidavit **Exhibit I**.

8. Defendant agrees with Plaintiff's statement that after being served with the Complaint, Plaintiff contacted Davidson Fink, LLP, attorneys for the mortgagee and requested to be removed from the action. *See* Affidavit of Mark K. Macris ¶ 7. However, his request to be

removed from the action was based on his incorrect belief that he was no longer obligated on the Mortgage per the Divorce Decree.  *See* Affidavit ¶ 11.

9. Defendant disagrees with Plaintiff's characterization of the email.  In response to Plaintiff's request, via email on September 10, 2015, the attorney for the mortgagee stated "…I have been working with my client to try to convince them that we can drop you from the action. The issue, and I apologize for not raising it before, is that you signed the note and thus are still obligated to repay the debt."  *See* Affidavit of Mark K. Macris, dated October 31, 2018, **Exhibit E**, p. 1.

10. Defendant agrees that Plaintiff attended the June 2015 settlement conference in the 2015 Foreclosure Action.  However, Defendant is unaware which documents Plaintiff provided to the Court or what was discussed at the conference.

11. Defendant agrees that on June 23, 2015, Plaintiff emailed the attorney for the mortgagee to follow-up to his request to be removed from the 2015 Foreclosure Action.  *See* Affidavit of Mark K. Macris, dated October 31, 2018, **Exhibit E**.

12. Defendant agrees that on August 24, 2015, Plaintiff contacted SLS and requested that he be removed from the 2015 Foreclosure Action.  *See* Affirmation of Seth J. Andrews, **Exhibit E,** pg. 59, L13 - L17.  Defendant asserts that said request was under the incorrect belief that Plaintiff was no longer obligated under the subject debt based on court documents.  *See* Affidavit¶ 11.

13. Defendant disagrees with Plaintiff's characterization of the email.  On September 10, 2015, the attorney for the mortgagee emailed Plaintiff and stated that if Plaintiff could provide his divorce decree to him, he may be able to convince his client to waive the pursuit of deficiency and remove Plaintiff from the 2015 Foreclosure Action.  The attorney for the

mortgagee did not indicate that he would be able to remove Plaintiff from his obligation under the Note and Mortgage nor did he recant his statement that Plaintiff "signed the note and thus are still obligated to repay the debt." *See* Affidavit of Mark K. Macris, dated October 31, 2018, **Exhibit E**.

14. Defendant agrees that on October 9, 2015, the attorney for the mortgagee filed an Affirmation of Regularity in the 2015 Foreclosure Action wherein he requested that Plaintiff be removed from the caption as a defendant as he was no longer a necessary party. *See* Affidavit of Mark K. Macris, dated October 31, 2018, **Exhibit F**. However, the attorney for the mortgagee did not indicate that Plaintiff was no longer obligated under the subject debt nor that he was removed from the subject Note and Mortgage. *See Id.*

15. Defendant agrees that on November 20, 2015, the Honorable James H. Dillon granted an Order of Reference in the 2015 Foreclosure Action removing Plaintiff as defendant in that action. *See* Affidavit **Exhibit D**, ¶ 11. Further, that the caption was amended to *U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee*. *See id.*

16. Defendant agrees with this statement. *See* the Declaration of Brian S. McGrath submitted with Defendant's October 31, 2018 Motion for Summary Judgment (hereinafter, the "McGrath Declaration"), **Exhibit 17** p. 103, L15 - L21.

17. Defendant agrees that on July 8, 2015, Plaintiff had a telephone conversation with an SLS representative regarding the status of the 2015 Foreclosure Action wherein he informed the representative that he received an email from the mortgagee's attorney that confirmed he was being removed from the caption in the 2015 Foreclosure Action. Plaintiff inquired about the status of the account and was informed that he was still obligated under the Note and Mortgage. Further, that the loan was still Plaintiff's financial responsibility and the only way Plaintiff's

name gets removed from the account is if the house is refinanced by Catherine Macris in her own name.  *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 15; *see also* **Exhibit A** to the Affidavit of Gretchen Burger, pp. 3, 7-8.

18. Defendant agrees that on March 16, 2016, Plaintiff had a telephone conversation with an SLS representative, concerning why SLS was reporting Plaintiff's account on his credit report despite having been removed from the 2015 Foreclosure Action. The representative explained that reporting will continue until foreclosure of the Property is completed. Plaintiff inquired whether SLS had a copy of the Order of Reference and the representative confirmed receipt.  *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 16; *see also* **Exhibit A** to the Affidavit of Gretchen Burger, pp. 16, 18.

19. On March 30, 2016, Plaintiff had a telephone conversation with an SLS representative, concerning why SLS was reporting Plaintiff's account on his credit report despite having been removed from the 2015 Foreclosure Action and whether SLS received court documents from the mortgagee's attorney.  The SLS representative advised the documents are not shared with the mortgagee's attorney and that all communications should be directed to the mortgagee's attorney because the loan is in foreclosure.  *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 17; *see also* **Exhibit A** to the Affidavit of Gretchen Burger, p. 30.

20. On April 20, 2016, an SLS representative called the Plaintiff regarding the Mortgage on the Property.  Plaintiff asked the representative if he was familiar with what an order of reference is in a mortgage foreclosure action to which the representative replied in the affirmative.  Accordingly, Plaintiff inquired why he was still on the account if SLS agrees with the mortgagee's attorney that Plaintiff is not a defendant and the SLS representative advised that SLS does not agree that Plaintiff should be taken off the account.  *See* Affidavit of Mark K.

Macris, dated October 31, 2018 ¶ 18; *see also* **Exhibit A** to the Affidavit of Gretchen Burger, p. 44.

21. On April 27, 2016, SLS called Plaintiff and advised that because the original note was underwritten by both Plaintiff and Catherine Macris, Plaintiff and Catherine Macris are liable for the original mortgage until she sells the Property. Further, that based on the foregoing, credit reporting will continue until the Property is sold. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 19; *see also* **Exhibit A** to the Affidavit of Gretchen Burger, p. 50.

22. Defendant agrees that on April 28, 2016, Plaintiff sent a written dispute to SLS, alleging that he was no longer obligated under the mortgage debt based on an order of reference that was signed by the Honorable James H. Dillon in the 2015 Foreclosure Action for foreclosure of the Property. *See* Affidavit, **Exhibit L**; *see also* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 20.

23. On May 3, 2016, Plaintiff had a telephone conversation with an SLS representative, concerning why SLS was reporting Plaintiff's account on his credit report despite having been removed from the 2015 Foreclosure Action. The SLS representative made it clear in his response that Plaintiff is likely still obligated under the subject debt but would request that the legal department get involved. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 21; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, pp. 57-58.

24. On March 10, 2016, Plaintiff called SLS to inquire as to documents he previously submitted to SLS, which purportedly removed him from his obligation under the subject Note and Mortgage. An SLS representative informed Plaintiff that the review would be complete by May 17, 2017. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 22; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, p. 61.

25.     On May 17, 2016, Plaintiff called SLS to inquire as to documents he previously submitted to SLS, which purportedly removed him from his obligation under the subject Note and Mortgage. The SLS representative inquired about a short sale. Plaintiff requested confirmation that SLS received the order of reference and the SLS representative confirmed receipt but requested additional documents concerning a short sale. Plaintiff refused to provide additional documents and the SLS representative marked the file accordingly. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 23; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, pp. 72, 75.

26.     The May 19, 2016 Experian credit report correctly states that SLS reported a trade line relative to subject Mortgage indicating Plaintiff's account was delinquent. *See* Affidavit of Mark K. Macris, dated October 31, 2018, **Exhibit I**.

27.     On June 8, 2016, Plaintiff called SLS to inquire as to documents he previously submitted to SLS, which purportedly removed him from his obligation under the subject Note and Mortgage. The SLS representative inquired whether Plaintiff is involved in a short sale to which Plaintiff advised he had no interest in. Plaintiff again stated he is disputing his obligation under the Note and Mortgage. The SLS representative advised that both Plaintiff and Catherine Macris executed the Note and Mortgage, and banks do not remove person from the loan despite court orders. As such, the representative urged Plaintiff to work with SLS to sell the property, in order to remove his name from the account. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 25; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, pp. 79-79, 81.

28.     On May 23, 2016, SLS sent a letter to Plaintiff in response to Plaintiff's April 28, 2016 letter, advising that Plaintiff and Catherine Macris are still obligated under the subject debt

and that SLS accurately reported Plaintiff's account to the credit reporting agencies and found no errors in the reporting. *See* Affidavit, ¶ 15, **Exhibit M**.

29. Defendant disagrees with the characterization of its witness's testimony. Defendant's witness testified that it is a common occurrence to have two different analysts work two different parts of a given dispute from a consumer. *See* Affirmation of Seth J. Andrews, **Exhibit E**, p. 81, L7 - L14, provided with Plaintiff's October 31, 2018 Motion for Summary Judgment.

30. Defendant disagrees with the depiction in this statement. On June 9, 2016, Plaintiff had a telephone conversation with an SLS representative to inquire why he received the SLS May 23, 2016 letter which stated that Plaintiff remained obligated under the Note and Mortgage. The SLS representative informed the Plaintiff that he would follow-up with a supervisor concerning Plaintiff's inquiry and made no representations that Plaintiff was no longer obligated under the Note and Mortgage. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 27; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, p. 87.

31. Defendant agrees that on June 29, 2016, the Honorable James H. Dillon granted the mortgagee's motion for judgment of foreclosure and sale in the 2015 Foreclosure Action. *See* Affirmation of Seth J. Andrews, **Exhibit C**.

32. Defendant asserts that the documents speaks for itself. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 28.

33. Defendant agrees with this statement. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 29; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, pp. 93, 95-96.

34. Defendant agrees with this statement. *See* Affidavit, **Ex. N**.

35. Defendant disagrees with Plaintiff's assertion that SLS did not review the documents prior to providing an ACDV response. Pursuant to the Wallace Affidavit, "[f]ollowing a thorough and detailed investigation of Plaintiff's dispute, on July 27, 2016, SLS provided a response to Experian, stating that the account information was accurate as of the date reported." *See* Affidavit ¶ 16, **Ex. N**.

36. Defendant agrees with the statement. *See id.* However, it is immaterial the time it took to respond to the ACDV report, whether it be in one day or three days. The material fact is that Defendant provided a response to Experian, stating that the account information was accurate as of the date reported. *See id.*

37. Defendant disagrees with Plaintiff's assertion to the extent that it states that SLS did not have any guidelines from either its clients or in-house counsel for how long it should take to respond to a dispute. Rather, SLS's witness testified that she was not aware of any guidelines from either SLS's clients or in-house counsel for how long it should take to respond to a dispute. *See* Affirmation of Seth J. Andrews, **Exhibit E**, p. 33 L1 – L24.

38. Defendant disagrees with Plaintiff's assertion to the extent that it states that SLS never contacts their client when responding to an e-Oscar dispute. Rather, SLS's witness testified that their clients, specifically Trusts, are typically not contacted concerning e-Oscar disputes, because the Trust's do not involve themselves on the loan level on any of the loan. As such, SLS does not contact its clients for document specific or loan specific documents. *See* Affirmation of Seth J. Andrews, **Exhibit E**, p. 47, L9 - L17.

39. Defendant agrees with Plaintiff's assertion that whether Plaintiff was a judgment debtor in a foreclosure action would not impact how SLS reported the Plaintiff's account to the credit reporting agencies. *See* Affirmation of Seth J. Andrews, **Exhibit E**, p. 87, L16 – L23.

40. Defendant denies that this is a material fact and asserts that it is completely irrelevant to this case. Further, the deposition that Plaintiff relies on deals with a different matter involving another consumer's complaint to the TransUnion. *See* Affirmation of Seth J. Andrews, **Exhibit J**, p. 197, L1 – L23.

41. Defendant agrees with this statement. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 30; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, pp. 97-98.

42. Defendant agrees with this statement. *See* Affirmation of Seth J. Andrews, **Exhibit E**, p. 85, L15 – p. 86 L15.

43. The Bank of America denial letter concerning a request for credit speaks for itself. To the extent that Plaintiff is implying that Defendant's inaccurate credit reporting was the cause of the denial for credit, Defendant denies that claim. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 31.

44. The Chase Bank U.S.A. denial letter concerning a request for credit speaks for itself. To the extent that Plaintiff is implying that Defendant's inaccurate credit reporting was the cause of the denial for credit, Defendant denies that claim. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 32.

45. Defendant agrees with this statement. *See* Affidavit of Mark K. Macris, dated October 31, 2018 ¶ 33; *see also* **Exhibit A** to the Affidavit of Amanda Tagliarino, p. 103.

46. Defendant agrees with this statement. *See* Affirmation of Seth J. Andrews, Exhibit E, p. 73, L1 – L10; *see also* the Declaration of Brian S. McGrath, **Exhibit 18** p. 74, L15 - L24 provided with Defendant's October 31, 2018 Motion for Summary Judgment.; *see also See* Affirmation of Seth J. Andrews, **Exhibits G**.

Case 1:17-cv-00361-WMS-LGF   Document 45-1   Filed 12/05/18   Page 11 of 12

47. Defendant agrees with this statement. However, to the extent that Defendant violated the Fair Credit Report Act, none being admitted, any acts done or omitted were in good faith and in conformity with applicable rules, regulations and/or interpretations thereof. *See* Affirmation of Seth J. Andrews, **Exhibit E**, p. 94, L14 – p. 95 L18.

48. Defendant denies this statement. Plaintiff is unable to sustain his claim for damages for any alleged violations. *See* McGrath Declaration **Exhibit 18**, pp. 132-133.

Dated: December 5, 2018
New York, New York

                                      **McGLINCHEY STAFFORD**

By: /s/ *Brian S. McGrath*
     Brian S. McGrath
     Roshene A. Kemp
     112 West 34th Street, Suite 1515
     New York, New York 10120
     Tel: (646) 362-4000
     Email: bmcgrath@mcglinchey.com
     Email: rkemp@mcglinchey.com

     *Attorneys for Defendant*
     *Specialized Loan Servicing, LLC*

11

## **CERTIFICATE OF SERVICE**

      I, Brian S. McGrath, certify under penalty of perjury that I am over 18 years of age, am not a party to the above-captioned action, and that on December 5, 2018, I served a true and correct copy of the Counterstatement of Undisputed Material Facts on counsel of record in this action by electronic service through the Court's CM/ECF system and electronic mail.

Dated: December 5, 2018

                                      **MCGLINCHEY STAFFORD**

                                      By: /s/ Brian S. McGrath
                                                Brian S. McGrath