UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

**MARK K. MACRIS,**

                  **Plaintiff,**

      v.                                                           Civil Action No.  17-CV-361

**EXPERIAN INFORMATION SOLUTIONS, INC**
**And SPECIALIZED LOAN SERVICING LLC,**

                  **Defendants.**
───────────────────────────────────────

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE

In reviewing a summary judgment motion, the Court is not permitted to consider any evidence that is not admissible under the rules of evidence. Quoka v. City of West Haven, 64 Fed.Appx. 830, 832, 2003 WL 21223422*2 (2d Cir. 2003).  As will be demonstrated below, the affidavit of Cynthia Wallace as well as the documents attached to her affidavit are inadmissible under the Federal Rules of Evidence.  Defendant Specialized Loan Servicing LLC ("SLS") did not disclose Cynthia Wallace in their Rule 26(a)(1) disclosures. The failure to disclose her as a witness prohibits SLS in using her to testify as a witness in these proceedings or at trial. Fed.R.Civ.P. 26(a)(1)B), 26(e), 37(c)(1); *Stover v. Northland Group, Inc.*, 2007 WL 1969724 (W.D.N.Y., 2007).

In SLS's Rule 26(a)(1) disclosures, annexed as Exhibit A to the affirmation of Seth J. Andrews submitted herewith, makes no mention of Cynthia Wallace as being a witness in this action.

Further, in response to Plaintiff's 30(b)(6) deposition notice, SLS produced Loretta Poch to act as the 30(b)(6) witness. At no time during Ms. Poch's examination did she ever mention the name "Cynthia Wallace" or disclose that she was a potential witness for SLS. In fact, the first time the Plaintiff was made aware of Ms. Wallace was in connection with SLS's summary judgment motion.

Plaintiff is greatly prejudiced by SLS's failure to disclose Ms. Wallace as a witness as Plaintiff did not have an opportunity to depose her prior to SLS submitting its summary judgment motion by way of her affidavit. "Except for motions brought under Fed.R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(6) (failure to state a claim), 12(c) (judgment on the pleadings), and 12(f) (to strike), motions and opposition to motions shall be supported by at least one (1) affidavit and by such other evidence (*i.e.*, deposition testimony, interrogatory answers, admissions, and documents) as appropriate to resolve the particular motion." W.D.N.Y. Local Rule 7(a)(3). As SLS is using Ms. Wallace's affidavit to comply with the above requirement, their entire motion is predicated on her affidavit's admission by this Court.

"Rule 37(c) (1) of the Federal Rules of Civil Procedure provides that '[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless.' Fed.R.Civ.P. 37(c)(1). The rule mandates preclusion unless the violation was substantially justified or harmless." Peters v. Molloy Coll. of Rockville Ctr., 2010 WL 3170528, at *5 (E.D.N.Y. 2010).

"Substantial justification means justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." Coene v. 3M Co., 303 F.R.D. 32, 44 (W.D.N.Y. 2014) (citation omitted). " 'Harmlessness' in the context of Rule 37(c)(1) 'means an absence of prejudice to the defendant." Ferrari Club of Am., Inc. v. Bourdage, 2017 WL 1498080, at *5 (W.D.N.Y. Apr. 25, 2017). In this case, SLS is clearly hard pressed to claim thatt there is substantial justification for the lack of disclosure of Ms. Wallace as a witness. She is being utilized as a witness in connection with SLS's summary judgment motion. Only an unreasonable person would deem her disclosure of non-importance given her intended use.

As far as the omission being, "harmless", here, Ms. Wallace is averring on issues that are extremely relevant to Plaintiff's causes of action under the FCRA as well as the FDCPA.  Ms. Wallace, in her affidavit, states that "the Plaintiff was removed as a defendant from the caption because he was no longer in title to the subject property. Nevertheless, Plaintiff remained an obligor under the Mortgage Loan, specifically the Note and Mortgage." Affidavit of Cynthia Wallace Para 11. Ms. Wallace also states her affidavit that SLS preformed "diligent investigations" in response to Plaintiff's April 28, 2016 letter.  Affidavit of Cynthia Wallace Para 15.  Lastly, Ms. Wallace states that SLS performed a "through and detailed investigation of Plaintiff's dispute and that it responded to Experian stating that the account information was accurate as of the date it was reported.  Affidavit of Cynthia Wallace Para 16.

These statements are in complete contradiction as to how Ms. Poch testified during her deposition relative to the same issues.  Ms. Poch testified that it was SLS's

position that Mr. Macris was not a judgment debtor relative to the foreclosure proceeding commenced in New York Supreme Court, Erie County, bearing index number 803437/2105. Attached as Exhibit A is the relevant excerpt from Ms. Poch's deposition testimony- See Pg. 93, Lines 1-5.

So one on hand we have the 30(b)(6) witness stating that Mr. Macris does not owe the debt relative to the legal proceeding commenced to foreclose on the property and conversely, SLS is now attempting to submit inconsistent testimony through Ms. Wallace's affidavit for the proposition that SLS considered Mr. Macris to owe the debt.

Ms. Poch also testified that she did not know what documents SLS reviewed prior to responding to Experian's Automated Credit Dispute Verification ('ACDV"). See Exhibit A, pg. 89, Lines 3-7, Defendant's Exhibit N to the affidavit of Cynthia Wallace. Further, Ms. Poch could not identify the person who allegedly performed the "thorough and detailed" investigation as stated by Ms. Wallace. See Exhibit A, pg. 90, Lines 6-21; Defendant's Exhibit N to the affidavit of Cynthia Wallace. Lastly, Ms. Poch could not answer as to how long the SLS investigation took. See Exhibit A, pg. 91, Lines 2-7; Defendant's Exhibit N to the affidavit of Cynthia Wallace.

Thus, once again SLS is attempting to utilize Ms. Wallace's affidavit to submit evidence that is contrary to what its own 30(b)(6) witness had previously testified.

SLS is attempting to introduce evidence for a summary judgment motion from a witness that was never identified to the Plaintiff. This is clearly not a case of harmless error. The purpose of Rule 37(c)(1) "is to prevent the practice of 'sandbagging' an opposing party with new evidence." Ebewo v. Martinez, 309 F.Supp.2d 600, 606

(S.D.N.Y.2004) (citing Ventra v. United States, 121 F.Supp.2d 326, 332 (S.D.N.Y.2000)). Plaintiff has been denied the opportunity to depose Ms. Wallace regarding these and other issues and is clearly prejudiced by her affidavit. As such, Ms. Wallace's affidavit should be stricken.

**WHEREFORE,** it is respectfully requested that this Court grant Plaintiff's Motion to Strike in its' entirety.

Dated:  December 5, 2018  /s/Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, New York 14226
(716) 564-3288
sandrews@kennethhiller.com