UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

MARK K. MACRIS,

                **Plaintiff,**

     v.                                             Civil Action No.  17-CV-361

EXPERIAN INFORMATION SOLUTIONS, INC
And SPECIALIZED LOAN SERVICING LLC,

                **Defendants.**
───────────────────────────────────────────

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

    Defendant Specialized Loan Servicing, LLC ("SLS") has filed a motion for summary judgment, claiming that the undisputed facts show that it is entitled to judgment as a matter of law.  Specifically, SLS argues that (1) the undisputed facts demonstrate that its collection activities regarding that debt did not violate the FDCPA with respect to sections 15 U.S.C. §§ 1692d, 1692e, 1692f, and 1692g and (2) that it did not violate the FCRA as it reported accurate information to the credit reporting agencies.  Plaintiff responds to SLS's specific arguments in greater detail below.

**I. SLS's argument that it accurately reported information on Plaintiff's credit report is based on the falsehood that Plaintiff was liable for the debt that SLS was attempting to collect from the Plaintiff.**

    Defendant's argument is that it accurately reported the information on Plaintiff's credit report because Plaintiff remained liable for the debt. This is simply incorrect. In an effort to aid in judicial efficiency, Plaintiff respectfully directs the Court to the arguments made in his memorandum of law in support of his motion for summary judgment to demonstrate the rationale

1

for why SLS's reasoning is flawed. See Dkt #41-31, Pgs 4-6.  Plaintiff hereby incorporates those arguments in this opposition memorandum.

Thus, based on the above, it clear that Defendant inaccurately reported information on Plaintiff's credit report relative to Plaintiff being involved in foreclosure action as well owing $143,631.00 in past due monies.

## II. Plaintiff has demonstrated he has suffered damage and SLS is liable for actual, statutory and punitive damages.

SLS's memorandum states that Plaintiff cannot substantiate a claim for actual damages and therefore, his FCRA claim must be denied.

First, this statement is false as Plaintiff has demonstrated he has suffered actual damages. Plaintiff was denied credit, in part, as a result of the inaccurate reporting of SLS. See Affidavit of Mark K. Macris, Dkt #41-1, Paras 31-32.  Courts have held that instances where plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, lowering of credit lines, or having to pay higher auto insurance premiums is enough to satisfy a plaintiff's burden to allege actual damages. Braun v. Client Servs. Inc., 14 F. Supp. 3d 391, 400–01 (S.D.N.Y. 2014)[1]

In the present case, Plaintiff was denied for a Visa credit card with Bank of America as well as a Visa credit card through Chase Bank USA N.A. See Affidavit of Mark K. Macris, Paras

---

[1] See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1174 (9th Cir.2009) (holding that the plaintiff's "evidence that he was refused credit or offered higher than advertised interest rates" and his claim "that he had to borrow money at inflated interest rates" were "sufficient to establish ... damages" in an FCRA claim); Shaunfield v. Experian Info. Solutions, Inc., 991 F.Supp.2d 786, 796, 2014 WL 103703, at *5 (N.D.Tex. Jan. 9, 2014) (holding that allegations that the plaintiff "was denied credit (including a mortgage refinance), was forced to pay a much higher interest rate for the credit he could secure, and had difficulty obtaining insurance and employment," were sufficient to "raise a reasonable inference ... that [the p]laintiff suffered actual damages" (alteration and internal quotation marks omitted)); Edeh v. Equifax Info. Servs., LLC, 974 F.Supp.2d 1220, 1242, 2013 WL 5357755, at *16 (D.Minn.2013) ("A denial *401 of credit or higher interest rates resulting from [an] error on a credit report can constitute actual damages under the FCRA."); Carvalho v. Equifax Info. Servs., LLC, 588 F.Supp.2d 1089, 1095 (N.D.Cal.2008) (listing examples of "actual damages," including "damages caused by ... injury to reputation or creditworthiness"), aff'd, 629 F.3d 876 (9th Cir.2010).

32-33, Dkt- 41-1. Both denials cite to a review of Plaintiff's Experian credit report in making these determinations. The specific reasons provided for the Chase Bank denial was "foreclosure or repossession or early lease termination, charge offs or bad debt collection, delinquent past/present credit obligations, and delinquency, public record, or bankruptcy." With respect to the Bank of America denial, the reasons provided were for due to "past delinquency, derogatory public records, or collection accounts."

It is undeniable that a $143,631.00 debt that is being reported on a person's credit, along with a foreclosure proceeding, would fall in the above categories listed as reasons for the denials and therefore be a factor in Plaintiff being denied for credit. Indeed, the very language "foreclosure" was even listed as a reason for the denial by Chase Bank and the only foreclosure listed on Plaintiff's report was by SLS. See Exhibit I and K to the Affidavit of Mark K. Macris, Dkt- 41-1.

Plaintiff also has stated that he has suffered emotional distress due to not only the effects of the inaccurate reporting on his credit and being denied credit opportunities but from the sheer frustration of having spent countless hours pleading with SLS to correct the inaccurate reporting on his credit.  See Affidavit of Mark K. Macris, Dkt #41-1, Para 34.

"'[A]ctual damages' may include humiliation and mental distress, even in the absence of out-of-pocket expenses." Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 474 (2d Cir. 1995). Thus, SLS's argument that Plaintiff's testimony about how he suffered emotional distress due to their improper conduct should be disregarded is clearly contrary to the standard set forth by the Second Circuit. In Patrolmen's Benevolent Ass'n of the City of New York v. City of New York, 310 F.3d 43, 55 (2d Cir.2002), the Second Circuit stated, "[a] plaintiff's testimony of emotional injury must be substantiated by other evidence that such an injury occurred, such as the

3

testimony of witnesses to the plaintiff's distress, see Miner v. City of Glens Falls, 999 F.2d 655, 663 (2d Cir.1993), or the objective circumstances of the violation itself. See id.; Walz v. Town of Smithtown, 46 F.3d 162, 170 (2d Cir.1995).Neclerio v. Trans Union, LLC, 983 F. Supp. 2d 199, 215 (D. Conn. 2013)

    Here, Plaintiff was faced with a tradeline on his credit report that stated he was involved in foreclosure proceeding and that he owed a past due amount of $143,631.00. See Affidavit of Mark K. Macris, Dkt #41-1, Para 28.  The Court should treat this as an instance where the objective circumstances of the violation is sufficient to substantiate the claim for damages. Plaintiff's worry was that he would never dig himself out of this suffocating debt.

    Much like Waltz, the Court should consider his testimony as proof in itself given the circumstances. The information being reported was not some minor amount that would result in a slight inconvenience. Plaintiff spent 16 months pleading with SLS to fix the inaccurate reporting; all the time while suffering with the notion that his credit was never going to be repaired as more and more time passed without SLS addressing the problem. See Affidavit of Mark K. Macris, Dkt #41-1, Para 28. In fact, SLS itself admitted how crippling and devastating the effect is a on someone's credit report when a foreclosure is being reported.  See Affidavit of Amanda Tagliarino, Exhibit A, Pgs. 77-79, 81.  Moreover, Plaintiff testified that he did speak with multiple family members about the effects that the reporting of the inaccurate debt had on him. See Dkt # 40-2, Exhibit 17, Pgs 131-133. Hence, it is clear that the Plaintiff suffered actual damages in the form of emotional distress.

    Additionally, contrary to SLS's contention, a plaintiff can sue under section 1681n without proving actual damages. Under the plain text of the statute and controlling Second

Circuit precedent statutory and punitive damages are not limited to situations where the Plaintiff suffers actual damages. The statute reads:

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1)(A) any actual damages sustained by the consumer as a result of the failure *or* damages of not less than $100 and not more than $1,000; ...

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. 1681n(a).

Based on this plain text the Second Circuit has concluded that "punitive damages may be available even where a plaintiff has sustained no actual damages." Casella v. Equifax Credit Info. Servs*.,* 56 F.3d 469, 476 (2d Cir.1995); see also Northrop v. Hoffman of Simsbury, Inc., 12 Fed.Appx. 44, 50 (2d Cir.2001). Therefore, "Even if Plaintiff is not entitled to 'actual damages,' [s]he may still be entitled to punitive damages based on sufficient proof that Experian willfully violated various provisions of the FCRA." Gorman*,* 2008 WL 4934047, at *5. Similarly, section 1681n(1)(A) states that Plaintiff may elect between actual or statutory damages, and in no way implies Plaintiff must be suffer actual damages in order to seek statutory damages. Jones v. Experian Info. Sols., Inc., 982 F. Supp. 2d 268, 276 (S.D.N.Y. 2013).

As Plaintiff has pled in his complaint both negligent and willful violations of 15 U.S.C. §§ 1681s2(b), the Court should find that Plaintiff is entitled to damages for both claims.

5

**III. SLS violated 15 U.S.C. § 1692e, § 1692e(2), § 1692e(5), § 1692e(10) and § 1692f by contacting the Plaintiff, in an attempt to collect on a debt that, as a matter of law, Plaintiff did not owe, despite being on notice that Plaintiff was not liable for the debt**

SLS reliance on <u>Johnson v. Capital Mgmt. Servs.</u>, 2011 WL 6012509 (W.D.N.Y. 2011) to establish that its conduct did not violate 15 U.S.C. § 1692e, § 1692e(2), § 1692e(5), § 1692e(10) and § 1692f is misplaced. This case involved a pro se, debt collector who, filed a seemingly frivolous FDCPA lawsuit that this Court dispatched by granting defendant's summary judgment motion. The facts of that case are not even remotely similar to the present case before this Court. In <u>Johnson</u>, the plaintiff, who merely disputed owing the debt over the phone, never provided any documentary evidence to the defendant that supported his position that he did not owe the debt. In his decision, Judge Arcara cites to <u>Bleich v. Revenue Maximization Grp</u>., 233 F.Supp.2d 496, 500 (E.D.N.Y.2002), for the proposition that ("[T]he allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading practices' claim under the FDCPA.")

In <u>Bleich</u>, the plaintiff allegedly paid a medical bill and was being contacted by a debt collector for the debt which was not owed. <u>Bleich</u> at 497-8. The defendant sent the plaintiff a collection letter, apprising him of his verification rights. <u>Id</u>. The plaintiff never sent a dispute letter to the defendant or requested validation and merely filed a lawsuit alleging that the Defendant violated the FDCPA. <u>Id</u>. The court in granting the defendant's motion for summary judgment stated:

> "[W]here a debt collector has included appropriate language regarding the FDCPA debt validation procedure, the allegation that the debt is invalid, standing alone, cannot form the

6

basis of a lawsuit alleging fraudulent or deceptive practices in connection with the collection of a debt." Likewise, a consumer alleging that a debt referenced in a collection letter is not valid, is required to follow the clear and orderly procedure set forth in the FDCPA. Such a consumer may not institute an immediate lawsuit alleging that the letter violates the FDCPA. To allow such lawsuits would discourage use of the detailed statutory procedure. Instead, individuals would be encouraged to resort to litigation (and the prospect of an attorney's fee award) instead of being encouraged to communicate directly with the debt collector to expeditiously resolve their claim." Bleich at 501.

Here, Plaintiff disputed being liable for the debt to SLS for over 16 months. See Affidavit of Mark K. Macris, Dkt #41-1. During that time he sent a written dispute letter enclosing the Order of Reference from the foreclosure action in Erie County Supreme Court removing him from the action as a Defendant. Plaintiff's claim that Defendant violated 15 U.S.C. § 1692e, § 1692e(2), § 1692e(5), § 1692e(10) and § 1692f is not a "**stand alone**" claim but is buttressed with documentary evidence that he provided to SLS and then continued to follow up with them as to if they had this and other documents showing he was not liable for the debt[2]

Despite Plaintiff providing SLS with documentary evidence that demonstrated he was no longer liable for the debt, SLS actively ignored the court order in the foreclosure action removing Plaintiff as a defendant and thereby alleviating any financial obligation he may have had.

---

[2] Plaintiff inquired with SLS numerous times if they were in possession of documents from their attorneys, Davidson & Fink, LLP, showing he was removed from the foreclosure action as well as if they were in possession of the Erie County Supreme Court documents showing he was removed as a defendant in the foreclosure action. See affidavit Mark K. Macris Dkt #41-1, Paras 15-19, 21-23, 25, 27, 29-30, and 33

Instead, SLS who acknowledged receipt of the Order of Reference took an unwavering position that Plaintiff was still liable for the debt regardless of what a court says. See affidavit Mark K. Macris Dkt #41-1, Paras 18-19, 21, 23, 25, 27, 29-30.

The Second Circuit has held that that "communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." Gabriele v. Am. Home Mortg. Servicing, Inc., 2012 WL 5908601 *4 (2d Cir. 2012).  "And debt collection practices that are contradictory, vague, or threatening create FDCPA liability as well." Gabriele at 4; *see also* Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996); Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25-26 (2d Cir.1989).

Thus, the present facts are clearly distinguishable from the Johnson case and the Court should find deny SLS's motion as it pertains to Plaintiff's 15 U.S.C. § 1692e, § 1692e(2), § 1692e(5), § 1692e(10)  and § 1692f claims.

**IV. SLS violated 15 U.S.C. § 1692d by continuously calling the Plaintiff to collect on the subject debt despite being provided with documentary evidence that the Plaintiff was not liable for the alleged subject debt.**

Defendant's argument is that any communication it had to with the Plaintiff was not harassing as it was in connection with a debt owed by Plaintiff.  Like its other arguments, this too fails as it is predicated on a false notion. As outlined above, Plaintiff was removed from liability on the account in which SLS was contacting to collect on.  From the time Plaintiff was removed as defendant in the Erie County Supreme Court foreclosure action, SLS had over a dozen conversations with the Plaintiff seeking to collect on the debt. See affidavit Mark K. Macris Dkt #41-1, Paras 15-19, 21-23, 25, 27, 29-30, and 33. Included in these conversations were three phone calls wherein SLS was attempting to collect on the alleged subject debt despite the fact

8

that on July 7, 2016, there was entry of Judgment of Foreclosure and Sale in the foreclosure action filed in Erie County. See Exhibit C to the Affirmation of Seth J. Andrews, Dkt# 41-23. These calls also came after Plaintiff disputed owing the alleged subject debt and provided SLS with documentary evidence that he was removed from the foreclosure action as a defendant. See affidavit Mark K. Macris Dkt #41-1, Para 20.

Courts have held that similar conduct where the debt collector has continued to call the Plaintiff for a debt not owed is a violation of 15 U.S.C. § 1692d.  Clark v. Capital Credit & Collections Servs, Inc., 460 F.3D 1162 (9th Cir 2006) ( repeated requests to pay mistaken medical bill may state claim for harassment and abuse; Brandt v. I.C. Sys., Inc. 2010 WL 582051 ( M.D. Fla. 2010)(court denied summary judgment for defendant where Plaintiff had already paid the alleged deb*t).*

Furthermore, courts in deciding if the conduct is actionable harassment or annoyance have not just viewed the volume of calls made, but also on the pattern of calls.  Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F.Supp.2d 492, 505 (D.Md.2004); Joseph v. J.J. MacIntyre Cos., 238 F.Supp.2d 1158, 1168 (N.D.Cal.2002).

Here SLS was aware that Plaintiff was removed from the foreclosure action and actively disregarded his pleas to remove him as the target of their collection efforts and to fix the inaccurate reporting on his credit.  At a minimum, it should be a question of fact for a jury as to if the pattern and number of calls constitute a violation of 15 U.S.C. § 1692d.

**V.  SLS failed to provide the Plaintiff with his verification rights per 15 U.S.C. § 1692g.**

SLS argues that the Plaintiff's claim under 15 U.S.C. § 1692g should be dismissed as the Plaintiff failed to allege an initial communication that triggers the obligation for a debt collector to send a consumer written notice of their right to request validation for the alleged debt

9

attempting to be collected. 15 U.S.C. § 1692g(a)(1). The complaint alleges multiple instances of contact between SLS and the Plaintiff. Plaintiff's claim is that he never received the required notice under 15 U.S.C. § 1692g(a)(1). Thus, regardless of whether or not Plaintiff failed to state the date of the initial contact, there was contact between the parties and Plaintiff's claim is that SLS never provided him with the required notice.

SLS has produced 857 pages of documents relative to this litigation and not one of these evidences that Plaintiff received the required notice under 15 U.S.C. § 1692g(a)(1). See affidavit Mark K. Macris sworn to December 5, 2018, and Affirmation of Seth J. Andrews, dated December 5, 2018.

Thus, at a minimum it is for a trier of fact to decide whether or not SLS did in fact send Plaintiff the required written notice per 15 U.S.C. § 1692g(a)(1).

## CONCLUSION

For the foregoing reasons, it is requested that this Court deny SLS's motion for summary judgment, and for such other and further relief this Court deems just and proper.

Dated:  December 5, 2018

/s/Seth Andrews_____
Seth Andrews, Esq.
Law Offices of Kenneth Hiller PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Avenue, Ste. 1A
Amherst, NY 14228
(716) 564-3288
Email: sandrews@kennethhiller.com