### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARK K. MACRIS,<br><br>      Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br>And SPECIALIZED LOAN SERVICING, LLC.,<br><br>      Defendant. | Civ. Action No. 1:17-cv-00361 (WMS) |

### MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**McGLINCHEY STAFFORD**
Brian S. McGrath
Jason A. McCumber
112 West 34th Street, Suite 1515
New York, New York 10120
Tel: (646) 362-4000
E-mail: bmcgrath@mcglinchey.com

*Counsel for Defendant Specialized Loan Servicing, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ............................................................................................................ 2

I. PLAINTIFF'S ALLEGATIONS WITH RESPECT TO THE ALLEGED VIOLATIONS OF THE FCRA AND FDCPA ARE WITHOUT MERIT, BECAUSE PLAINTIFF REMAINS LIABLE FOR PAYMENT OF THE SUBJECT DEBT ..................................................................2

II. PLAINTIFF IS NOT ENTITLED TO DAMAGES....................................................5

III. PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THAT SLS VIOLATED 1692G..................................................................................................................6

IV. PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED ............................................8

CONCLUSION.......................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                  **Page(s)**

<u>Caltabiano v. BSB Bank & Trust Co.</u>,
    387 F. Supp. 2d. 135 (E.D.N.Y. 2005) ..................................................................5

<u>Carlin v. Davidson Fink LLP</u>,
    852 F.3d 207 (2d Cir. 2017)..........................................................................7

<u>U.S. v. Whitney</u>,
    602 F.Supp. 722,730 (W.D.N.Y. 1985) .......................................................2, 3

<u>Federal Nat. Mortg. Ass.n v. Connelly</u>,
    84 A.D.2d 805, 805 (2d Dept. 1981) ...........................................................3

**Statutes**

15 U.S.C. § 1692g(a)(1).............................................................................7

FDCPA§ 1692g....................................................................... *passim*

RPAPL § 1301 ..........................................................................................4

Fed.R.Civ.P. 56(a) ....................................................................................9

FRCP 30(b)(6) .......................................................................................2, 8

Defendant Specialized Loan Servicing, LLC (hereinafter, "SLS" or "Defendant"), by its attorneys McGlinchey Stafford, respectfully submits this memorandum of law in further support of its motion (the "Motion") for summary judgment pursuant to Fed.R.Civ.P. 56(a) and for the reasons set forth below, respectfully requests that this Court issue an order granting summary judgment in favor of SLS and dismissing the Complaint dated April 28, 2017 of plaintiff Mark K. Macris ("Plaintiff"), with prejudice.[1]

## PRELIMINARY STATEMENT

Plaintiff's action is frivolous.  Plaintiff incorrectly alleges that SLS violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), stemming from alleged inaccurate reporting to credit reporting agencies.  As should be clear to Plaintiff, the claims are patently baseless, because Plaintiff remains liable for repayment of the subject debt. Indeed, the debt stems from a note and residential mortgage, and Plaintiff's default under the subject debt was never cured by Plaintiff.   Nevertheless, Plaintiff continues to advance the frivolous argument that, because he was removed as a defendant from the foreclosure action that was commenced in connection with the debt, he was no longer liable for the debt, and therefore, any credit reporting by SLS stating otherwise was intentional, inaccurate, and entitles Plaintiff to damages.  That is not correct.

Simply put, neither the divorce from his ex-wife, nor Plaintiff being removed as a party to a foreclosure action, absolved Plaintiff of his personal obligations under the note.  Therefore, the Court should find that Plaintiff fails to state causes of action for violations under the FDCPA and FCRA and should grant SLS's Motion in its entirety.

Perhaps aware of the lack of merit of this action, Plaintiff submits an equally frivolous

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the papers submitted by SLS in connection with its moving brief.  SLS also submits this in opposition to Plaintiff's frivolous motion to strike the party affidavit submitted in connection with this motion.

motion to strike SLS's affidavit in support of its motion because the corporate affiant was not disclosed in fact discovery.  This motion misunderstands basic notions of discovery, FRCP 30(b)(6) witnesses and witnesses executing corporate affidavits placing settled discovery items before the Court.  The affidavit submitted in support of this motion is a proper corporate designee, is not an "undisclosed fact witness," nor does her affidavit conflict with the FRCP 30(b)(6) witness.  Plaintiff's baseless motion to strike should be dismissed.

## ARGUMENT

### I.  PLAINTIFF'S ALLEGATIONS WITH RESPECT TO ALLEGED VIOLATIONS OF THE FCRA AND FDCPA ARE WITHOUT MERIT, BECAUSE PLAINTIFF REMAINS LIABLE FOR PAYMENT OF THE SUBJECT DEBT.

The majority of Plaintiff's Opposition stems from Plaintiff's claim that he was not liable for repayment of the debt at issue in this matter.  Indeed, in the Opposition, Plaintiff alleges violations of the FCRA and the FDCPA, particularly § 1692 (e), (f) and (d), based on this claim.  However, as set forth in SLS's moving papers, Plaintiff's allegations are wholly without merit and Plaintiff remains liable for the debt.

Plaintiff supports his argument by alleging that, because Plaintiff was removed as a defendant in the 2015 Foreclosure Action, Plaintiff is no longer financially obligated under the subject debt because the mortgagee can only proceed with a deficiency against the foreclosure action's judgment debtor.  (*See* Plaintiff's Brief in Support Plaintiff's Motion for Summary Judgment ("Plaintiff's Mem.") at 5).  Plaintiff misconstrues New York law concerning the election of remedies.

The correct reading of New York law concerning election of remedies is that "…the holder of a bond and mortgage has a choice of two remedies: He may proceed at law to bring an action on the debt as evidenced by the note (or bond) or he may proceed at equity by bringing an action to foreclose the mortgage." <u>U.S. v. Whitney</u>, 602 F.Supp. 722,730 (W.D.N.Y. 1985).

Further, "[t]he note represents the primary personal obligation of the mortgagor while the mortgage is merely the security for that obligation. *Id*. A mortgagee of real property may not seek to enforce rights upon default by pursuing a legal remedy and an equitable remedy *at the same time*. *Id*. (emphasis added). Furthermore, a mortgagor who has made an absolute conveyance of all his interest in the mortgaged premises is not a necessary party to foreclosure, unless a deficiency judgment is sought on his bond. <u>Federal Nat. Mortg. Ass.n v. Connelly</u>, 84 <u>A.D.2d 805, 805</u> (2d Dept. 1981).

Accordingly, if a mortgagor is removed as a defendant in a foreclosure action, which is a remedy in equity, the mortgagee is only estopped from seeking a deficiency judgment against the mortgagor in that foreclosure action. *See id*. However, in such instances, the mortgagor is not removed from his obligation under the note because he was removed as a defendant in the foreclosure action. *See id.* Indeed, unless a mortgagor is expressly released from the obligation by the mortgagee, he remains obligated under the subject debt and the note. *See* Bergman 12.04(2) ("[a]bsent an assumption by the grantee and a release by the mortgagee to the mortgagor, the mortgagor remains liable for the debt when the property is conveyed").

Here, Plaintiff, along with Catherine Macris executed and delivered a Note and Mortgage to Countrywide Bank, FSB, dated February 1, 2008, where it was covenanted and agreed that they would repay the sum of $193,472.00, with interest. (*See* Wallace Aff. ¶¶ 5-6, Ex. C-D). SLS's loan records reflect that the Plaintiff defaulted under his obligations pursuant to the subject Note and Mortgage on October 1, 2009. (*See* Wallace Aff. ¶ 10, Ex. H). The default was never cured by Plaintiff or Catherine Macris. (*See id*.). As a result of their continued default, the mortgagee, through counsel, commenced the 2015 Foreclosure Action. (*See* Wallace Aff. ¶ 11, Ex. I). Plaintiff conveyed his interest in the subject property to Catherine Macris by virtue of a

warranty deed that was filed with the Erie County Clerk's Office on August 4, 2012.  (*See* the Affidavit of Mark K. Macris (hereinafter, the "Macris Aff."), Ex. C).   Accordingly, the mortgagee removed Plaintiff from the caption as a defendant.  (*See* Wallace Aff. ¶ 11).  However, Plaintiff was never released from his personal obligation under the subject Note.  (*See id*.).

Moreover, the mortgagee in the 2015 Foreclosure Action obtained a judgment of foreclosure and sale in 2016 and the subject property was later sold.  (*See id*.).  Again, Plaintiff was never removed from his obligation under the subject Note, but simply removed from an equitable action to force the sale of a property wherein he no longer held a deed interest.  *See* Bergman 12.04(2).  Indeed, by letter dated May 23, 2016, SLS unequivocally stated that Plaintiff remains obligated under the Note and that SLS correctly reported his account status to the credit reporting agencies.  (Wallace Affidavit ¶ 15, Ex. M).  Therefore, Plaintiff was put on notice that he is, in fact, still obligated under the subject Note and the debt remains unpaid.

Plaintiff's argument concerning the mortgagee's recovery of monies through a deficiency judgment against Plaintiff in the equitable action is equally unavailing.  (*See* Plaintiff's Mem. at 5).  Here, the mortgagee has not initiated an action for deficiency judgment in the equitable action against Plaintiff, because Plaintiff was removed from the 2015 Foreclosure Action as a defendant and is therefore not a judgment debtor in that equitable action.  *(See* Wallace Aff. ¶ 11).   Therefore, New York statute permits an action on the subject Note, which remains enforceable against Plaintiff and Catherine Macris.  (*See* N.Y. RPAPL § 1301; *see also* Wallace Aff. ¶ 11, 14, Ex. L).  Pursuant to New York statute, because neither SLS nor the mortgagee released the Plaintiff from obligation under the subject Note, an action may be commenced to enforce the Note.  *See* N.Y. RPAPL § 1301.

Accordingly, because Plaintiff remains liable for the subject debt, Plaintiff's claims with respect to SLS's alleged violations of the FCRA and the FDCPA are without merit and summary judgment should be granted in favor of SLS.

## II.    PLAINTIFF IS NOT ENTITLED TO DAMAGES

In connection with his FCRA claim, Plaintiff alleges that he suffered actual damages because he was denied credit, and because he suffered emotional damages.   Furthermore, Plaintiff alleges that he is entitled to statutory and punitive damages because SLS willfully violated the FCRA.  Each of these claims is without merit.

To maintain a FCRA claim, Plaintiff bears the burden of demonstrating "actual damages sustained" as a result of the Defendant's activities." _Caltabiano v. BSB Bank & Trust Co._, 387 F. Supp. 2d. 135, 141 (E.D.N.Y. 2005) (held the testimony of plaintiff's mortgage broker who stated that the interest rate was higher because of interest rate market fluctuation and not plaintiffs credit report was insufficient to support plaintiff's claim) (citations omitted). Furthermore, even if "the court finds that the Bank violated § 1681s-2(b), summary judgment is still appropriate if no reasonable factfinder could find that Plaintiff is entitled to damages under the FCRA." Id. (citations omitted).  Plaintiff has failed to meet this burden.

 As an initial matter, Plaintiff is not entitled to damages because Plaintiff remains liable for the subject debt and SLS did not violate the FCRA in connection with Plaintiff's account.  In any event, even assuming _arguendo_ that SLS did violate the FCRA, Plaintiff's allegations with respect to his purported damages still fall short.

First, with respect to Plaintiff's claim that he was denied credit because his credit report listed both the subject debt and the 2015 Foreclosure Action, Plaintiff merely states that he was denied two (2) Visa credit cards based on "foreclosure or repossession or early lease termination, charge off or bad debt collection, delinquent past/present credit obligations, and delinquency,

public record, or bankruptcy" and "past delinquency, derogatory public records, or collection accounts." (*See* Plaintiff's Opposition Brief, p. 3).  However, both denial explanations cover a wide variety of poor credit indicators and do not necessarily indicate that Plaintiff's failure to pay the subject debt specifically caused the denial of credit.  Indeed, Plaintiff has several negative indicators on his credit report that could cause a lender to deny credit to Plaintiff. (*See* McGrath Declaration, Ex. 17, p. 124, L-14-25 – p. 125, L-1-25).  Additionally, Plaintiff does not explain how he was damaged by any alleged denial of credit (i.e., whether he was approved for alternative credit cards, and for any card for which he was approved, how the rates and fees compare to the referenced Visa cards).

Moreover, Plaintiff fails to adequately allege emotional damages.  Indeed, in Plaintiff's deposition testimony, he claims to have suffered anxiety, loss of sleep, and lived in fear. (*See* McGrath Declaration, Ex. 17, p. 134, L-14 – p. 143, L-8).  Plaintiff also testified that he never received treatment for anxiety, was never diagnosed clinically with anxiety, was never prescribed any medication for anxiety, was never diagnosed with insomnia or received treatment or medication for insomnia.  (*See* McGrath Declaration, Ex. 17, p. 143, L-5 – L-25).  In addition Plaintiff testified that he was never diagnosed with high blood pressure or any mental health issues.  (*See id.*).  Unsurprisingly, Plaintiff has also not provided any documentary evidence to support a damage claim.  Thus, Plaintiff has not properly alleged that he suffered any emotional damages.

Finally, in a last ditch attempt to adequately allege damages, Plaintiff claims that he is entitled to statutory and punitive damages simply because such damages can be obtained without actual damages and because he alleged in his complaint that SLS willfully violated the FCRA. (*See* Plaintiff's Opposition Brief, p. 5).  However, Plaintiff has not offered any evidence to

6

support an a vague allegation that SLS willfully violated the FCRA, nor does Plaintiff even bother to argue in the Opposition that SLS's alleged violations were willful.  Thus, Plaintiff has not adequately pled a claim for statutory or punitive damages.  Consequently, even if there were actual violations that could have caused damage to Plaintiff, Plaintiff has not demonstrated that he is entitled to any damages, and therefore, the Court should grant SLS's Motion in its entirety.

## III.   PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE THAT SLS VIOLATED 1692G.

Lastly, Plaintiff alleges in his Opposition that SLS violated FDCPA subsection 1692g, because Plaintiff claims that he never received a notice mailed pursuant to the provision.  (*See* Plaintiff's Opposition Brief, p. 10).

FDCPA subsection 1692g(a)(1), provides: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—(1) the amount of the debt." 15 U.S.C. § 1692g(a)(1).  Plaintiff's complaint fails to state a claim under this provision, because he does not allege that there was an "initial communication" which would even trigger the five day clock in which SLS was required to send another communication.

To get around this requirement, Plaintiff simply argues that (i) communications generally occurred between Plaintiff and SLS, (ii) the discovery completed in this matter does not contain a notice mailed pursuant to 1692g, (iii) so consequently, SLS apparently violated this provision. (*See* Plaintiff's Opposition Brief, p. 10).  However, to state a claim under 1692g, Plaintiff must allege a specific communication that can be evaluated by the Court to determine whether the communication qualifies as an "initial communication" under 1692g. *See* <u>*Carlin v. Davidson*</u>

*Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017).   Plaintiff has failed to do so.  As such, this claim fails as a matter of law and should be dismissed.

## IV.    <u>PLAINTIFF'S MOTION TO STRIKE SHOULD BE DENIED</u>

Plaintiff submits an equally frivolous motion to strike SLS's affidavit in support of its Motion, based on the allegation that SLS's corporate affiant was not disclosed in fact discovery. The motion to strike misunderstands basic notions of discovery, FRCP 30(b)(6) witnesses and witnesses executing corporate affidavits placing settled discovery items before the Court.

Here, Cynthia Wallace is not a fact witness.  Rather, the affidavit submitted in support of this motion is based on the testimony of Ms. Wallace as a proper SLS corporate designee. Additionally, the affidavit was submitted to admit settled discovery documents into evidence in connection with the Motion.

Furthermore, despite Plaintiff's claims to the contrary, the testimony by the affiant does not conflict with the testimony provided by SLS's FRCP 30(b)(6) witness.  First, as explained in detail in Section I above, testimony that Plaintiff remained an obligor under the Mortgage Loan, and testimony that Plaintiff was not a judgment debtor with respect to the 2015 Foreclosure Action, are not in conflict.  Likewise, Ms. Wallace testifying in the affidavit that SLS performed "diligent investigations" and a "thorough and detailed investigation" does not conflict with Loretta Poch's testimony regarding the identity of the person who performed the investigation or the timeline of that investigation.  Indeed, Ms. Wallace's testimony is based on her personal review of SLS's business records produced in discovery and not on her personal involvement in the subject investigations.

Therefore, because the affidavit provides testimony as to documents produced in discovery and because the testimony in the affidavit does not conflict with the testimony provided by Ms. Poch as SLS's Rule 30(b)(6) witness, Plaintiff is not prejudiced by any of the

testimony set forth in the affidavit.  Accordingly, Plaintiff's baseless motion to strike should be dismissed.

## <u>CONCLUSION</u>

By reason of the foregoing, SLS respectfully requests that the Court issue an order (i) granting Defendant SLS's motion for summary judgment pursuant to L.Rule Civ. P. 56 and Fed.R.Civ.P 56; and (ii) dismissing Plaintiff's Complaint filed on April 28, 2017.

Dated: New York, New York
December 19, 2018

MCGLINCHEY STAFFORD

By: <u>*s/ Brian S. McGrath*</u>
Brian S. McGrath, Esq.
Jason A, McCumber, Esq.
112 West 34th Street, Suite 1515
New York, New York 10120
(646) 362-4000
E-mail: bmcgrath@mcglinchey.com

*Counsel for Defendant Specialized Loan Servicing, LLC*