UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK K. MACRIS,

                       Plaintiff,

     v.                                                                **Civil Action No.  17-CV-361**

EXPERIAN INFORMATION SOLUTIONS, INC
And SPECIALIZED LOAN SERVICING LLC,

                      Defendants.

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This reply memorandum is in response to Defendant SLS's opposition to Plaintiff's

motion for summary under 15 U.S.C § 1681s(2)(b)(1) as well as under 15 U.S.C. §1692e(8).

**ARGUMENT**

I.     **Defendant's argument misstates the law concerning the election of remedies in
New York for a mortgagor and completely ignores N.Y. Real Prop. Acts. Law §
1371**

Defendant's opposition papers accuse Plaintiff of misconstruing the law concerning a

mortgagor's right to an election of remedies. Defendant insists that just because Plaintiff was

removed from the 2015 foreclosure action, that it does not mean that the Plaintiff has been

alleviated from liability for the mortgage debt.  However, this position is completely contrary to

the law. A foreclosure plaintiff "may proceed at law to recover on the note or proceed in equity

to foreclose on the mortgage, but must only elect one of these alternate remedies" Gizzi v. Hall,

309 A.D.2d 1140, 1141, 767 N.Y.S.2d 469 (3d Dept.2003 ).

The Real Property Actions and Proceedings Law contains an election-of-remedies rule in N.Y. Real Prop. Acts. Law § 1301:

> 1. Where final judgment for the plaintiff has been rendered in an action to recover any part of the mortgage debt, an action shall not be commenced or maintained to foreclose the mortgage, unless an execution against the property of the defendant has been issued upon the judgment to the sheriff of the county where he resides, if he resides within the state, or if he resides without the state, to the sheriff of the county where the judgment-roll is filed; and has been returned wholly or partly unsatisfied.
>
> 2. The complaint shall state whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part has been collected.
>
> 3. While the action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, without leave of the court in which the former action was brought.

Here, the mortgagor elected to pursue a foreclosure action in lieu of proceeding on an action based on the note.  A foreclosure plaintiff who has elected to pursue recovery of the real property via foreclosure can still bring an action to recovery any deficiency that may exist after the sale of the property but has only 90 days from the date of the sale to bring such an action See N.Y. Real Prop. Acts. Law § 1371(2)

N.Y. Real Prop.Acts. Law § 1371(3) provides: "If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

"On the face of the statutory provisions quoted above, there are clear requirements of a mortgage lender in a foreclosure case. If a mortgagee elects to proceed against a defaulting mortgagor by suing on the note, then no foreclosure action may be commenced unless the mortgagee is fully or partially unsuccessful in collecting the judgment on the note. If the mortgagee elects to proceed with a foreclosure, then no action may be commenced on the note without leave of the court in the foreclosure action. If the mortgagee does not bring a deficiency judgment application in the foreclosure action, then the proceeds of the foreclosure sale are deemed to be in full satisfaction of the mortgage debt." Trustco Bank v. Pearl Mont Commons, LLC, 55 Misc. 3d 371, 377, 47 N.Y.S.3d 644, 649–50 (N.Y. Sup. Ct. 2016)

The plain language of the above statute cannot be any clearer; if there is no application for a deficiency judgment, then the mortgage debt is satisfied. Plaintiff was removed from the foreclosure action and is not a judgment debtor relative to the judgment entered in July 5, 2016 with the Erie County Clerk's Office. See Dkt 41-24. Thus, he could not have been named as a defendant in the event there was an application for a deficiency judgment. At that point, as per §1371(3), he was not liable for the debt as it was satisfied.

Defendant's argument is completely illogical as it would result in a foreclosure plaintiff being able to enjoy a double recovery. They would be able to file a foreclosure action, allowing them to take back the real property and then also be able to recovery a monetary sum based on a

lawsuit on the note. This notion is clearly incorrect.  Hence, the rationale for why the above cited

laws are in place- to prevent such double recovery from happening.


**II.      Defendant's argument that Plaintiff lacks documentary evidence to support the claim that they inaccurately reported information on Plaintiff's credit report fails as the debt was extinguished per operation of law.**

Defendant attempts to convince this Court that Plaintiff was still obligated on the

mortgage debt because there is no documentary evidence in existence showing that he was

relived from the Note. This argument fails to acknowledge the fact that Plaintiff does not need

some written reprieve from the mortgage holder in order for him to be alleviated from owing the

mortgage debt. This is because the debt is deemed satisfied after 90 days from the date of sale of

the property in the event that there is no application for a default judgment. Here, as there was no

application made for a deficiency judgment[1], the debt is deemed satisfied by operation of law per

N.Y. Real Prop.Acts. Law §1371(3),


**III.     Defendant had a duty to affirmatively report accurate information about Plaintiff's credit when it provided the July 27, 2016 ACDV to Experian.**

Defendant argues that it as it began reporting the trade line on Plaintiff's credit in 2014,

that it therefore does not have an obligation to update any information to Plaintiff's credit that it

receives after the initial reporting. See Rogers v. Overton, Russel, Doerr & Donovan LLP, WL

570811 (N.D.N.Y. 2017).  However, regardless of whether there is or is not an affirmative duty

for a debt collector to update status information relative to a dispute[2], what is clear is that in the

event that the debt collector does, on its own accord, provide information to a third party

---

[1] And even if there were such an application, it there could not have named the Plaintiff as a defendant as he was removed from the foreclosure proceeding and was not a judgment debtor subject to such a deficiency application. See Dkt 41-9;
[2] The Second Circuit has not ruled on this issue.

regarding Plaintiff's credit, then that information must be accurate and must include whether the

debtor has disputed the information. Wilhelm v. Credico, Inc., 519 F.3d 416, 418 (8th Cir. 2008)

("the failure to communicate that a disputed debt is disputed"—is rooted in the basic fraud law

principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it

must not omit a piece of information that is always material, namely, that the consumer has

disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal

Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices

Act."). See  also Jacques v. Solomon & Solomon P.C., 2012 U.S. Dist. LEXIS 118092, * 11 (D.

Del. 2012) ("The duty to report a debt under [Section 1692e(8) ] arises only if one elects to

report credit information"); Black v. Asset Acceptance, LLC, 2005 U.S. Dist. LEXIS 43264, *13

(N.D. Ga. 2005) ("only *if* a debt collector reports a consumer debt to a credit bureau under

Section 1692e(8) must he then also report that debt as disputed")

   Here, Defendant clearly provided inaccurate information in its July 27, 2016 ACDV

to Experian by stating that Plaintiff's account was delinquent, had an outstanding balance, and

that it was in foreclosure. See Dkt #41-29, SLS 371-372. Moreover, they failed to indicate that

Plaintiff disputed the account as it was previously being reported.  Id.

   In 2014, prior to Plaintiff being removed off the caption as a named defendant in the

2015 foreclosure action, Defendant's reporting on his credit relative to being liable for the debt

and/or being involved in foreclosure action may have been accurate. However, as Plaintiff

provided information directly to SLS establishing he was removed from the 2015 foreclosure

action and that he disputed the information that was being reported[3], Defendant had an

affirmative duty to report this information in the event that they issued any new reporting on

Plaintiff's credit.  Thus, in the July 27, 2016 ACDV to Experian, when Defendant failed to revise

---

[3] See Dkt # 41-1, Paras 15-27.

the information to reflect that Plaintiff did not owe the mortgage debt, was not delinquent, was

not in foreclosure, and that he did dispute the account, Defendant failed to meet its obligation to

report accurate information about Plaintiff's credit and therefore violated 15 U.S.C. § 1692e(8).

 

**IV.    Plaintiff's 15 U.S.C. § 1692e(8) claim is within the statute of limitations as Defendant reported inaccurate information on Plaintiff's credit report on July 27, 2016 and the complaint was filed on April 28, 2017.**

Defendant's argument that Plaintiff's 15 U.S.C. § 1692e(8) is not timely is simply

false. FDCPA plaintiffs must file suit "within one year from the date on which the

violation occurs." Benzemann v. Citibank N.A., 806 F.3d 98, 99 (2d Cir. 2015) citing 15

U.S.C. § 1692k(d).

In this case, Plaintiff disputed the trade line reported by Defendant SLS with

Defendant Experian Information Solutions, Inc. ("Experian") on July 11, 2016. See Dkt

#41-1, Para 28.  On July 27, 2016, SLS sent back an ACDV form responding to

Experian's request that they investigate the disputed trade line. See Dkt # 41-29, SLS

371-372.  On July 27, 2016, Experian provided a report to Plaintiff including the

information obtained from SLS 371. See Dkt #41-1, Para 28; Dkt #41-13. Both SLS 371

and the July 27, 2016 Experian report contained inaccurate information relative to the

Plaintiff's credit. As such, July 27, 2016 is the operative date in which the violation

occurred. Since Plaintiff filed his complaint on April 28, 2017, which is less than one

year from the alleged occurrence giving rise to the violation, this cause of action was

timely commenced.

**V.      Defendant has admitted that it has policy to not report disputes and as such willfully violated the Fair Credit Reporting Act.**

Defendant in its opposition papers asks the Court to ignore the testimony of its corporate representative wherein he states that SLS has a policy to not report disputes[4] but fails to provide any reason other than it is a "single page from a deposition of an SLS witness in an unrelated matter." Defendant wants this Court to disregard the binding testimony of their corporate witness on the very same issue that is before this Court and their justification is because this evidence was not proffered from the cooperate witness that SLS produced in this case. The Defendant does not get to simply discount the testimony of its witness just because it clearly doesn't like what was said given the ramifications it has in this case. That testimony was taken in an FCRA case just like the one before this Court. It was taken under oath in an action in a sister federal court. It is undeniable relevant and admissible as a party admission. The notion that it is unrelated is nonsense. The testimony elicited in that matter involves the same issue raised as a cause of action in this case- whether SLS as a policy, knowingly and intentionally refuse to report that a consumer/debtor has disputed the account with them. It is undeniable that Plaintiff disputed the contents of the trade line numerous times prior to Defendant sending back the ACDV to Experian on July 27, 2016. See Dkt#41-1, Paras 15-27; Dkt#41-17; Dkt#41-19. It is clear that Defendant never reported to Experian on that July 27, 2016 ACDV that the Plaintiff had disputed the information with them.

The Third Circuit held that there exists a private cause of action arises under 15 U.S.C. § 1681s-2(b) when, having received notice of a consumer's potentially meritorious dispute, a furnisher subsequently fails to report that the claim is disputed.  The fact that Defendant testified that it is their **policy** to not report these disputes establishes that they willfully violated the

---

[4] See Dkt#41-30, Pg 197.

FCRA. Even if the Court were to disregard the October of 2016 testimony of the Defendant's corporate representative, the vast amount of times that Plaintiff disputed with SLS directly regarding the account and how the information was being reported on his credit undeniably established that SLS knew of the existence of the dispute and then actively ignored reporting his dispute when it was required on the July 27, 2016 ACDV to Experian.

**VI.     Plaintiff has demonstrated he has suffered damage and SLS is liable for actual, statutory and punitive damages.**

Defendant argues that Plaintiff has not demonstrated any damages to allow for the Court to grant summary judgment in favor of the Plaintiff with respect to Plaintiff's 1681S-2(b) claim. In an effort to minimize duplicative arguments and to assist with judicial economy, Plaintiff respectfully directs the Court to the Plaintiff's opposition memorandum and incorporates the arguments made therein to this memorandum. See Dkt#47-5, Pgs 2-5.

**CONCLUSION**

Accordingly, by reason of the foregoing, it is respectfully submitted that this Court should grant Plaintiff's Motion for Summary Judgment.

Dated: December 19, 2018                    s/Seth J. Andrews____
                                            Seth J. Andrews, Esq.
                                            Law Offices of Kenneth Hiller PLLC
                                            *Attorneys for Plaintiff*
                                            6000 North Bailey Avenue, Ste. 1A
                                            Amherst, New York 14226
                                            (716)564-3288
                                            Email: sandrews@kennethhiller.com